UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
ESTHER OF ESTHER KLIEMAN, et al.,       )
                                        )
           Plaintiffs,                  )
                                        )
     v.                                 )     Civil Action No. 04-1173 (PLF)
                                        )
PALESTINIAN AUTHORITY, et al.,          )
                                        )
           Defendants.                  )
_____)


OPINION

The estate, survivors and heirs of Esther Klieman, a United States citizen, have brought this action under Section 2333 of the Antiterrorism Act of 1991 ("ATA"), 18 U.S.C. §§ 2331 et seq., and various tort theories, against the Palestinian Authority (the "PA"), also known as the Palestinian Interim Self-Government Authority and the Palestinian National Authority; the Palestine Liberation Organization (the "PLO"); Al Aqsa Martyrs Brigade ("Al Aqsa"); Fatah; Tanzim; Force 17; Yasser Arafat, now deceased; Marwan Barghouti; Tamer Rassam Salim Rimawi; Hussam Abdul-Kader Ahmad Halabi, also known as Abu Arav; Ahmed Hamad Rushdie Hadib, also known as Ahmed Barghouti; and Annan Aziz Salim Hashash.[1] On March 30, 2006, the Court issued an Opinion and an Order denying defendants' first motion to dismiss and granting plaintiff's partial motion for summary judgment ("Opinion"). See Klieman

---

[1] The ATA claim appears in Count One of the complaint. The common law tort theories, pled pursuant to 28 U.S.C. § 1367, are negligence, gross negligence, and intentional and negligent infliction of emotional distress (Counts Two through Five), as well as similar causes of action under Israeli law (Counts Six through Eight). Plaintiffs also assert a claim for punitive damages (Count Nine).

v. Palestinian Auth'y, 424 F. Supp. 2d 153 (D.D.C. 2006) ("Klieman I").

To summarize, in its previous Opinion the Court held that: (1) collateral estoppel precluded the relitigation of the issues surrounding defendants' assertion of sovereign immunity and that sovereign immunity does not divest this Court of jurisdiction to hear this case, see Klieman I at 159; (2) judicial resolution of this case was not precluded by the political question doctrine, see id. at 162; (3) the attack alleged in the Complaint did not occur "in the course of" an armed conflict and therefore was not an "act of war" outside of the jurisdiction of the ATA, see id. at 167; and (4) whether the attack at issue met the definition of "international terrorism" in the ATA was a disputed question of material fact which should not be decided by the Court in the context of a motion to dismiss. See id. That Opinion also granted defendants leave to "raise additional jurisdictional defenses by motion." Id. at 168.

This matter is now before the Court on defendants' second motion to dismiss.[2] Defendants move to dismiss for lack of personal jurisdiction due to insufficient service of process on both the individual and the organizational defendants, as well as on grounds of insufficient "minimum contacts" to satisfy due process. See Mot. at 2-3. Defendants also move to dismiss for lack of subject matter jurisdiction, essentially asking the Court to reconsider its

---

[2] Though the motion requests the Court to dismiss the action against all twelve defendants, defense counsel has informed the Court that they represent only the PA, the PLO and Mr. Arafat. See January 5, 2005 Status Report.

The briefs submitted with respect to this motion include: Defendants' Memorandum in Support of Their Further Rule 12(b) Motion ("Mot."); Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss ("Opp."); Defendants' Memorandum in Reply to Plaintiffs' Opposition and in Further Support of Defendants' Rule 12(b) Motion ("Reply"); and Plaintiffs' Sur-Reply in Further Opposition to Defendants' Motion to Dismiss ("Sur.").

holding denying sovereign immunity to the Palestinian Authority and the Palestinian Liberation Organization. See Mot. at 4-5 ("[D]efendants respectfully suggest further consideration of the Court's subject matter jurisdiction is appropriate. . .").

The Court declines to reconsider its previous decision on sovereign immunity and subject matter jurisdiction. Therefore, the instant motion will be considered solely as one to dismiss for insufficient service of process and for lack of personal jurisdiction under Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Court concludes that none of the defendants have been served properly, but that plaintiffs should be given a further opportunity to properly effect service.

## I. BACKGROUND

As alleged in the complaint, on March 24, 2002, a terrorist attack was carried out on a public transport bus traveling "on the Abud bypass road, near the village of Umm Safah, north of Ramallah, in the State of Israel or in territories administered or controlled by the State of Israel." Complaint ¶ 23; see also id. ¶¶ 1, 22, 24. The attack, in which one of the named individual defendants is alleged to have opened fire on the bus with a Kalachnikov automatic rifle, resulted in the death of Esther Klieman. Id. ¶¶ 24, 25. Plaintiffs contend that defendants are responsible for the attack and, accordingly, have brought this action under the ATA, which establishes a federal cause of action for damages resulting from terrorist attacks in foreign countries.

The ATA provides in relevant part:

> Any national of the United States injured in his or her person, property, or business by reason of an act of international terrorism, or

>his or her estate, survivors, or heirs, may sue therefor in any appropriate district court of the United States and shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees.

18 U.S.C. § 2333(a). The ATA, in turn, defines "international terrorism" as "activities" that:

>(A) involve violent acts or acts dangerous to human life that are a violation of the criminal laws of the United States or of any State, or that would be a criminal violation if committed within the jurisdiction of the United States or of any State;
>
>(B) appear to be intended – (i) to intimidate or coerce a civilian population; (ii) to influence the policy of a government by intimidation or coercion; or (iii) to affect the conduct of a government by mass destruction, assassination, or kidnapping; and
>
>(C) occur primarily outside the territorial jurisdiction of the United States, or transcend national boundaries in terms of the means by which they are accomplished, the persons they appear intended to intimidate or coerce, or the locale in which their perpetrators operate or seek asylum.

18 U.S.C. § 2331(1). Regarding venue and service of process, the ATA provides:

>Any civil action under section 2333 of this title against any person may be instituted in the district court of the United States for any district where any plaintiff resides or where any defendant resides or is served, or has an agent. Process in such a civil action may be served in any district where the defendant resides, is found, or has an agent.

18 U.S.C. § 2334(a).

Plaintiffs assert that they "effected service of process upon all of the Defendants by delivering copies of the summons and Complaint to a PLO agent who is designated by the PLO as a contact person, at the PLO's offices in Washington, DC." Opp. at 3. Seven Return of Service/Affidavits have been filed on the docket of this case, with respect to the PA, the PLO, the four other named entities, and Mr. Arafat, but not with respect to any of the five other individual

defendants. Each states that service was effected "[b]y serving Hakam Takash, Researcher, authorized to accept. Service was completed at 1320 18th Street, NW, Suite 200, Washington DC 20036." Docket Nos. 2, 3, 4, 5, 6, 7, 10. Plaintiffs assert that under 18 U.S.C. § 2334(a) all twelve of the defendants "collectively reside and have agents" at the PLO offices in Washington, D.C. and therefore were served properly with process. Opp. at 5.

The plaintiffs assert that "Mr. Takash verbally represented to the Plaintiffs' process server that he was authorized to accept service." Opp. at 14. Plaintiffs have not offered any affidavits, declarations or other evidence to support this assertion in their brief. The defendants flatly deny this. See Reply at 5. Plaintiffs have the burden of establishing personal jurisdiction. See GTE New Media Services, Inc. v. Ameritech Corp., 21 F. Supp. 2d 27, 36 (D.D.C. 1998), *remanded on other grounds sub nom* GTE New Media Services, Inc. v. BellSouth Corp., 199 F.3d 1343 (D.C. Cir. 2000). The Court therefore will not accept this disputed fact as true for the purposes of this motion.

## II. DISCUSSION

*A. Applicable Legal Standards*

Plaintiffs bears the burden of establishing personal jurisdiction over each defendant. See GTE New Media Services, Inc. v. Ameritech Corp., 21 F. Supp. 2d at 36. In order to meet its burden, plaintiffs must allege specific facts on which personal jurisdiction can be based; it cannot rely on conclusory allegations. Id. Nor can plaintiffs aggregate factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any single defendant. See Rush v. Savchuk, 444 U.S. 320, 331-32 (1980) (rejecting aggregation of

co-defendants' forum contacts in determining personal jurisdiction because "the requirements of International Shoe must be met as to each defendant over whom a . . . court exercises jurisdiction"). Furthermore, when considering personal jurisdiction, the Court need not treat all of the plaintiffs' allegations as true. Instead, the court "may [also] receive and weigh affidavits and other relevant matter to assist in determining the jurisdictional facts." Jung v. Assoc. of Amer. Medical Colleges, 300 F. Supp. 2d 119, 127 (D.D.C. 2004) (quoting United States v. Philip Morris Inc., 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000)); see also Brunson v. Kalil & Co., 404 F. Supp. 2d 221, 223 (D.D.C. 2005).

       Before a court may exercise personal jurisdiction over a defendant, the procedural requirement of proper service of summons must be satisfied to assure notice to the defendant. See Omni Capital Int'l v. Rudolph Wolff & Co., 484 U.S. 97, 104 (1987). There must also be a constitutionally sufficient relationship between the defendant and the forum, and a basis for the defendant's amenability to service of summons. See Mwani v. Bin Laden, 417 F.3d 1, 8 (D.C. Cir. 2005); Ungar v. Palestinian Authority, 304 F. Supp. 2d 232, 249 (D.R.I. 2004). These requirements stem from the Due Process Clause of the Constitution and are a restriction on judicial power as a matter of individual liberty. See Omni Capital Int'l v. Rudolph Wolff & Co., 484 U.S. at 104.

       Plaintiffs in this case assert that all the defendants were properly served pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure, "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Opp. at 5 (quoting Rule 4(h)(1)). Plaintiffs also cite Rule 4(k)(2) of the Federal Rules of Civil Procedure, which "permits a federal

court to exercise personal jurisdiction over a defendant (1) for a claim arising under federal law, (2) where a summons has been served, (3) if the defendant is not subject to the jurisdiction of any single state court, (4) provided that the exercise of federal jurisdiction is consistent with the Constitution (and laws) of the United States." Mwani v. Bin Laden, 417 F.3d at 10.  The ATA is one of the statutes for which Rule 4(k) was designed.  It provides for service of process "in any district where the defendant resides, is found, or has an agent."  18 U.S.C. § 2234.  Whether a defendant has sufficient contacts with the United States as a whole to justify the exercise of personal jurisdiction in a United States court under the Due Process Clause informs whether the exercise of jurisdiction is "consistent with the Constitution" for purposes of Rule 4(k)(2) of the Federal Rules of Civil Procedure.  See Mwani v. Bin Laden, 417 F.3d at 11 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945))).

*B. Analysis*

1. Individual Defendants

      The six individual defendants in this case have not been properly served with process.  Plaintiffs assert that the employee at the PLO's office in Washington, D.C. was an authorized agent to accept service for the individual defendants, as well as for the PLO, under Rule 4(h)(1) of the Federal Rules of Civil Procedure.  See Opp. at 5.  There is no evidence to support this assertion.  In addition, plaintiffs fail to recognize that Rule 4(h) applies only to service of process on corporations and associations, and thus may not be used to serve natural persons.  See FED. R. CIV. P. 4(h).  The six individual defendants therefore must be served either

in the United States under the procedures outlined in Rule 4(e) of the Federal Rules of Civil Procedure or in a foreign country under Rule 4(f) – unless, of course, they waive service of process under Rule 4(d). There is no indication that proper service has been made on any of the individual defendants under any of the pertinent provisions of Rule 4. Furthermore, as the defendants point out, and as is visible from the court docket, the plaintiffs also have failed to file returns of service with respect to five individual defendants in this lawsuit (all those named except Mr. Arafat). See Reply at 3.

The Court will grant the plaintiffs an additional 30 days from the date of this Opinion and its accompanying Order to properly serve process upon the individual defendants. If plaintiffs fail to do so, the individual defendants will be dismissed from the case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[3]

### 2. The PLO and the PA

Other federal courts in the United States have determined that both the PA and the PLO have sufficient minimum contacts with the United States to permit suit here consistent with the Due Process Clause of the Constitution. See Ungar v. Palestinian Authority, 153 F. Supp. 2d at 88 (there is "sufficient evidence to conclude that defendants PA and PLO have minimum

---

[3] The Court notes that "[i]n cases brought pursuant to 18 U.S.C. § 2333, a plaintiff must demonstrate that the defendant has sufficient minimum contacts to satisfy a traditional due process analysis." Ungar v. Palestinian Authority, 153 F. Supp. 2d 76, 95 (D.R.I. 2001); see Biton v. Palestinian Authority, 310 F.Supp.2d 172, 179 (D.D.C. 2004). As in Ungar and Biton, plaintiffs in this case have not yet offered any evidence that demonstrates that the individual defendants in this case have sufficient minimum contacts with the United States – or indeed, any contacts at all – to subject them to personal jurisdiction in a federal court anywhere in the United States. See also Gilmore v. The Palestinian Interim Self-Government Authority, 422 F. Supp. 2d 96, 103-04 (D.D.C. 2006) (dismissing all individual defendants from the lawsuit).

contacts with the United States."); Biton v. Palestinian Authority, 310 F.Supp.2d at 179 ("[T]he PA appears to have sufficient contacts with the United States to satisfy due process concerns.").[4] This Court agrees that the PA and the PLO have sufficient contacts with the United States as a whole to justify the exercise of personal jurisdiction under the Due Process Clause. See Mwani v. Bin Laden, 417 F.3d at 11.

It has also been determined by other federal courts that the PLO qualifies as an unincorporated association under Rule 4(h) of the Federal Rules of Civil Procedure for purposes of service of process, because it is "composed of individuals, without a legal identity apart from its membership, formed for specific objectives." Ungar v. Palestinian Authority, 153 F. Supp. 2d at 89; see also Klinghoffer v. S.N.C. Achille Lauro Ed, 739 F. Supp. 854, 858 (S.D.N.Y. 1990). The PA, which is "not presently recognized as a foreign state by the United States" therefore "also may be categorized as an organization composed of individuals seeking to achieve specific objectives, and which has no legal identity in the United States apart from its membership." Ungar v. Palestinian Authority, 153 F. Supp. 2d at 89.

As unincorporated associations, the PA and the PLO may be served with process under Rule 4(h)(1) of the Federal Rules of Civil Procedure, "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or law to receive service of process." FED. R. CIV. P. 4(h)(1); see Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 514 (D.C. Cir. 2002). "[S]ervice is sufficient when (a) an agent of the corporation who (b) represents to the process server that [s]he

---

[4] In Biton, the defendants did not challenge the court's exercise of personal jurisdiction over the PLO. See Biton v. Palestinian Authority, 310 F.Supp.2d at 179 n. 6.

is authorized to receive service is served and (c) provided that the defendant received actual notice." Flynn v. Pulaski Constr. Co., Civil Action No. 02-2336, 2006 WL 47304 (D.D.C. Jan. 6, 2006).[5]

Plaintiffs in this case assert that they have accomplished service of process on the PA and the PLO under Rule 4(h)(1) by serving an agent at their offices in Washington, D.C., namely Researcher Hakam Takash. See Opp. at 3, 5. Mr. Takash is an actual employee at the PLO offices. See Mot. at 2. Cf. Baade v. Price, 175 F.R.D. 403, 405 (D.D.C. 1997) (holding service insufficient when person who received service of process was not an employee of that party). In this case, however, plaintiffs have filed no affidavits, declarations or other evidence to establish that Mr. Takash was an authorized agent for service of process or that he represented that he was, and plaintiffs flatly deny that he was authorized or did so represent. Compare Mot. at 2 ("Mr. Hakam Takash was not authorized to accept service . . .") with Opp. at 14 ("Mr. Takash verbally represented to the Plaintiffs' process server that he was authorized to accept service.").

Plaintiffs have the burden of establishing personal jurisdiction. See GTE New Media Services, Inc. v. Ameritech Corp., 21 F. Supp. 2d at 36. On the record before it, the Court cannot conclude that plaintiffs have shown proper service of process, and it therefore does not have personal jurisdiction over the PA or the PLO. Cf. Biton v. Palestinian Authority, 310 F.Supp.2d at 179-80 (Mr. Hasan Abdel Rahman, chief representative of the PA and the PLO, served with process); Ungar v. Palestinian Authority, 153 F. Supp. 2d at 89 (same). The Court

---

[5] The Court notes that defendants PA, the PLO and Mr. Arafat's estate (at least) have received actual notice of this lawsuit, as counsel has entered an appearance on their behalf.

will grant the plaintiffs an additional 30 days from the date of this Opinion and its accompanying Order to properly serve process upon the PA and the PLO.  If plaintiffs fail to do so, those defendants will be dismissed from the case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

### 2. Fatah, Al Aqsa, Tanzim and Force 17

Plaintiffs assert that they have properly served all six of the named organizational defendants as a single unincorporated association under Rule 4(h)(1) of the Federal Rules of Civil Procedure through the delivery of the summons and complaints to the Washington, D.C. PLO offices.  See Opp. at 6.  The Court need not decide the validity of this argument – that all six organizations were served as a single unincorporated association – because, as discussed above, plaintiffs have not submitted any evidence that the employee at the PLO's office in Washington, D.C. who allegedly was served was an authorized agent to accept service of process on behalf of *any* of the defendants.  Plaintiffs also have not shown that Fatah, Al Aqsa, Tanzim or Force 17 have sufficient contacts with the United States to reasonably anticipate being haled into court here, or to comport with notions of fair play and substantial justice.  See, e.g., Burger King Corp. v. Rudzewicz, 471 U.S. at 476; Mwani v. Bin Laden, 417 F.3d at 12.  The Court will grant the plaintiffs an additional 30 days from the date of this Opinion and its accompanying Order to properly serve process upon Fatah, Al Aqsa, Tanzim and Force 17.  If plaintiffs fail to do so, those defendants will be dismissed from the case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

*C. Jurisdictional Discovery*

The scope of discovery "lies within the district court's discretion." Mwani v. Bin Laden, 417 F.3d at 17. "As a general matter, discovery under the Federal Rules of Civil Procedure should be freely permitted, and this is no less true when discovery is directed to personal jurisdiction." Edmond v. United States Postal Service General Counsel, 949 F.2d 415, 425 (D.C. Cir. 1991). When the Court "[does] not see what facts additional discovery could produce that would affect [its] jurisdictional analysis," the district court does not abuse its discretion in denying the request for such discovery and dismissing the action. Id.; see also Belhas v. Ya'alon, __ F. Supp. 2d __, 2006 WL 3628972 *5-6 (D.D.C. Dec. 14, 2006). Plaintiffs' request for jurisdictional discovery is denied, without prejudice to plaintiffs renewing their request after they have properly served the defendants.

III. CONCLUSION

For the foregoing reasons, the Court concludes that none of the defendants have been properly served. A separate Order consistent with this Opinion shall issue this same day.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: December 29, 2006