UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| ESTATE OF ESTHER KLIEMAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1173 (PLF) |
| | ) | |
| PALESTINIAN AUTHORITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendants Palestinian National Authority ("PA") and Palestinian Liberation Organization ("PLO")'s motion for reconsideration of the Court's December 29, 2006 Order with respect to the Court's finding of personal jurisdiction over each of those entities.

Motions for reconsideration are not specifically provided for under the Federal Rules of Civil Procedure.  While the most analogous rule is Rule 60, which provides for relief from a final judgment or order, motions to reconsider interlocutory orders are not governed by Rule 60(b), but rather, such determinations are committed to the sound discretion of the trial court.  See UMWA 1974 Pension Trust, 793 F. Supp. 339, 345 (D.D.C. 1992); see also Bean v. Soberano, Civil Action No. 04-1713, 2008 WL 239833, * 1 (D.D.C. Jan. 24, 2008); Bynum v. MVM, Inc., Civil Action No. 04-0259, 2007 U.S. Dist. LEXIS 19120, *1-2 (D.D.C. March 20, 2007); Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does

not end the action as to any of the claims or parties and may be revised at any time before the judgment adjudicating all the claims and all the parties' rights and liabilities.").

While this Court has discretion to reconsider interlocutory orders, "the Supreme Court has admonished that courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." In re Vitamins Antitrust Litigation, Misc. No. 99-0197, 2000 U.S. Dist. LEXIS 11350, at *17-18 (D.D.C. July 28, 2000) (citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800 (1988)) (additional internal citation and quotation omitted). In light of the need for finality in judicial decision-making, the Court therefore generally should grant a motion for reconsideration of an interlocutory order "only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order." In re Vitamins Antitrust Litigation, Misc. No. 99-0197, 2000 U.S. Dist. LEXIS 11350, at *18 (internal quotation omitted). A motion for reconsideration is "not simply an opportunity to reargue facts and theories upon which a court has already ruled." State of New York v. United States of America, 880 F. Supp. 37, 38 (D.D.C. 1995) (three judge panel) (""[A] motion to reconsider must establish more than simply the defendant's continued belief that the Court's decision was erroneous."). Instead, a motion for reconsideration should be granted only if the moving party "presents new facts or a clear error of law which compel[s] a change in the court's ruling." Id. at 39.

Defendants disagree with this Court's Opinion, as well as with the two of the decisions on which this Court relied. See Klieman v. Palestinian Authority, 467 F. Supp. 2d 107 (D.D.C. 2006) (citing Biton v. Palestinian Authority, 310 F.Supp.2d 172, 179 (D.D.C. 2004) and

Ungar v. Palestinian Authority, 153 F. Supp. 2d 76, 95 (D.R.I. 2001)).  The Court, however, declines to exercise its discretion to reconsider its previous ruling on this subject, largely for the reasons plaintiffs set out in their brief in opposition to the motion, and based on the reasoning of Biton and Unger coupled with the current facts before this Court.  More specifically, the Court remains comfortable with its earlier conclusion that the plaintiffs have demonstrated that agents of the PLO and of the PA have engaged in sufficient relevant activities, including activities in the United States such as speechmaking and participation in other public appearances, to show that these two defendants have the requisite minimum contacts with the United States, and that the exercise of personal jurisdiction over each of them comports with "traditional notions of fair play and substantial justice."  Accordingly, it is hereby

ORDERED that the motion for reconsideration [77] is DENIED; and it is

FURTHER ORDERED that there will be a status conference on May 15, 2008 at 9:15 a.m.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  April 24, 2008