IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Estate of Esther Klieman, *et al.*,<br><br>                   Plaintiffs,<br>v.<br><br>The Palestinian Authority, *et al.*,<br><br>                   Defendants. | Civil Action No. 04-1173 (PLF) (JMF) |

**[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY MATERIAL**

The parties have stipulated that certain discovery material will be treated as confidential (as defined herein) and that they will follow certain procedures for the return of legally privileged materials inadvertently disclosed during the discovery process. Therefore, it is hereby stipulated, agreed and ordered that:

    1.    <u>Introduction</u>:  This Order governs the handling of Discovery Material during the proceedings in the above-captioned litigation (including discovery, trial and any appeals therein) that are designated confidential pursuant to the terms and conditions set forth below. In addition, this Order governs the parties' agreement for the return on Discovery Material that is legally privileged but inadvertently disclosed by the parties in the course of discovery.

    2.    <u>Definitions:</u>

        a.    "Party" shall mean any party to this action, including all employees, consultants, retained experts, and outside counsel (and their support staff).

        b.    "Discovery Material" shall mean all documents, deposition transcripts, deposition exhibits, interrogatory answers, responses to requests for admission and other written,

969634.1

recorded or graphic matter produced by, or obtained from, any party or non-party during the proceedings in the above-captioned litigation (including discovery, trial and any appeals therein).

      c.    "Producing Party" shall mean a Party or non-party that produced Discovery Material in this action.

      d.    "Receiving Party" shall mean a Party that receives Discovery Material from a Producing Party.

      e.    "Designating Party" shall mean a Party or non-party that designates Discovery Material as Confidential pursuant to paragraph 6 of this Order.

      f.    "Confidential Information or Material" or "Protected Material" shall mean all Discovery Material, or portions thereof, as well as any copies, summaries or abstracts thereof, which have been designated in good faith by the Designating Party as Confidential pursuant to paragraph 6 of this Order.

      g.    "Counsel" shall mean attorneys who are not employees of a Party but who are retained to represent or advise a party.

      h.    "Expert/Consultant" shall mean a person with specialized knowledge or experience in a matter pertinent to the Litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this action.

      i.    "Professional Vendors" shall mean persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstratives; organizing; storing; retrieving data in any form or medium; etc.) and their employees and subcontractors.

j.    "Litigation" shall mean *Estate of Esther Klieman, et al. v The Palestinian Authority, et al,* Civil Action No. 04-1173 (PLF).

3.    Scope: The protections conferred by this Order cover not only Protected Material (as defined above) but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the parties or counsel to or in court or in other settings that might reveal protected material.

4.    Duration:    Even after the termination of this action, the obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    Use of Discovery Material:    All Discovery Material (or any copies, summaries or abstracts thereof) produced in the course of this action shall be used solely for the purpose of the prosecution or defense of this action, or preparation of the action for trial.  A person receiving Confidential Information and  Material, as defined in Section 6 below, shall not use or disclose the information except for the purposes set forth in this Order and consistent herewith or by such orders as may be issued by the Court during the course of this Litigation.

6.    Designating Protected Material:

a.    Each Producing Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all Receiving Parties that it is withdrawing the mistaken designation.

      b.    Each Producing Party wishing to designate in good faith material for protection under this Order must clearly so designate that material before it is disclosed or produced.

      c.    A Party may designate as "Confidential" any and all documents and information produced in conjunction with this Litigation that:

      i. contain or are derived from trade secrets or other proprietary or sensitive commercial or financial information; or

      ii. contain or are derived from personal private financial, medical, employment, educational information or disclose the current or past location of a Party. The Parties further agree that the release of the current or past street addresses, phone numbers, social security numbers or other identification numbers ("Identifying Information") is so highly confidential that it will be redacted from all Confidential materials (whether produced by the Parties or a Third Party) that are 1) offered into evidence; 2) provided to any Outside Consultant/Expert or any other third party; or 3) offered as an exhibit in any deposition in this Litigation. Furthermore, the Parties agree that Identifying Information will not be shared with the Parties but may only be disclosed to those persons identified in Paragraph 8(c)(i-iii, vii, and viii)

      d.    The Designating Party shall label or mark Discovery Material produced to any other Party that the Designating Party deems to contain Confidential Information or Material as follows -- "**CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER.**" The label or mark shall be placed or affixed in a manner that will not interfere with the material's legibility. For electronic documents, the media containing electronic files shall be affixed with the word "**Confidential**" or, alternatively, the electronic file name shall include the word "**Confidential.**" All documents already bearing the word "**Confidential**" shall be automatically

4

969634.1

designated as Confidential. For purposes of this Order, the labeling or marking of Discovery Material by a Designating Party in any manner set forth this Paragraph 6 (d) shall be deemed for definition purposes as being marked "Confidential."

   e. The designation of Discovery Material as "Confidential" shall constitute a representation that such document, material, or information has been reviewed by the Designating Party and that the Designating Party has a good faith basis for the designation.

   f. Stamping or writing the designated legend on the cover of the first page of any multi-page Discovery Material shall so designate all pages of such Discovery Material, unless otherwise indicated by counsel for the Designating Party. The designation of media containing electronic files as "**Confidential**" designates all files contained therein as confidential. Confidentiality designations shall be made for good cause.

   g. Should the Producing Party inadvertently fail to mark Discovery Material as Confidential at the time of production, counsel for the Producing Party shall promptly notify counsel for the receiving Parties upon discovery of the inadvertent production. Correction of an omission of the Confidential designation and notice thereof shall be made in writing by Counsel for the Producing Party, accompanied by substitute copies of each document or thing appropriately marked Confidential. Within ten (10) business days of receipt of these substitute copies, Counsel for the Receiving Parties shall return, or certify in writing the destruction of, the previously undesignated Discovery Materials; and all summaries and abstracts thereof shall be maintained as Confidential Information or Material by the Party or their Counsel which created such copies, summaries or abstracts.

   h. If a Producing Party produces material qualifying for protection under this Order without designating that material for such protection, any other Party may designate

969634.1

the material for protection under this Order. Counsel for the Designating Party shall promptly notify Counsel for all Parties upon discovery that the produced material may be so designated. Notice of the designated material shall be made in writing by Counsel and attach copies of each document or thing appropriately marked Confidential. Within ten (10) business days of receipt of these substitute copies, Counsel for the Receiving Parties shall return, or certify in writing the destruction of, the previously unmarked Discovery Materials; and all summaries and abstracts thereof shall be maintained as Confidential Information or Material by the Party or their Counsel which created such copies, summaries or abstracts.

7. <u>Deposition Testimony</u>:

a. In the case of depositions upon oral examination, if Counsel for a Party has a reasonable and good faith belief that any question or answer contains Confidential Information or Material, Counsel for that Party shall so state on the record and shall request that all pages that include reference to or testimony about such Confidential Information or Material be marked Confidential and may be included in a separate or addendum transcript clearly marked as containing Confidential Information or Material

b. When testimony designated as containing Confidential Information or Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the deposition.

c. In addition to designating during the deposition any question or answer as containing Confidential Information or Material, Counsel may designate any portion of the deposition transcript as containing Confidential Information or Material at any time within thirty (30) business days of receiving the deposition transcript from the court reporter. Notice of such designation shall be made in writing to the court reporter, with copies to all other Counsel,

specifying the portion(s) of the transcript and exhibits that constitute or contain Confidential Information or Material and are to be marked as Confidential.

   d. Transcripts containing testimony or exhibits designated as containing Confidential Information or Material shall be marked by the court reporter, prior to transcript distribution, with the legend "THIS TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION OR MATERIAL" and shall be treated in accordance with the provisions of this Order.

   e. Until expiration of the thirty (30) business day period, all deposition transcripts shall be considered and treated as though marked Confidential, unless otherwise agreed on the record at the deposition.

  8. <u>Access to, Use and Disclosure of, Confidential Information or Material</u>

   a. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this Litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

   b. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Order.

   c. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose information or items designated as Confidential only to:

    i. Counsel for the Parties who are actively engaged in the conduct of this action on behalf of the named Parties, including partners, associates, secretaries, legal

assistants of and consultants to such Counsel, and any other person in the employ of such Counsel to the extent reasonably necessary to render professional services;

    ii. The Court and those employed by the Court. However, the Party submitting the Confidential Information or Material to the Court has the responsibility for moving the Court for appropriate protections under LCvR 5.1(j). Any pleading or other paper required to filed under seal pursuant to this Paragraph, shall also bear the legend "FILED UNDER SEAL" in the upper-right hand corner of the cover page of the document. Only those portions of such documents or materials containing or reflecting Confidential information shall be considered Confidential and may disclosed only in accordance with this Order. Where feasible, only those portions of such filings that Confidential shall be filed under seal;

    iii. Any person designated by the Court in the interest of justice; upon such terms as the Court may deem proper;

    iv. Any witness at a deposition or at a hearing, or to the extent reasonably necessary in the preparation of such witness for deposition or hearing, and to counsel for the witness;

    v. Court reporters or persons operating video equipment who record depositions or other the testimony in the Litigation;

    vi. Outside Experts/Consultants retained for the purpose of assisting Counsel in the Litigation, but only to the extent the disclosure of Confidential Information or Material is directly related to and reasonably necessary to the prosecution or defense of the Litigation;

    vii. Professional Vendors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing or retrieving data;

        viii.    Any other person after written consent given by counsel for the Designating Party; and

        ix.    Any Party.

    d.    If any Receiving Party desires to provide Confidential Information or Material produced by a Producing Party to any person(s) not set forth in Paragraph 8(c) and if the Parties cannot resolve the matter consensually, the Party seeking to make such disclosure may make an appropriate application to the Court. If any Confidential Material or Information are attached thereto, they shall be filed in such a manner as to protect the Confidential Material or Information, consistent with the ECF filing rules of the Court.

    e.    It shall be the responsibility of Counsel giving access to Confidential Information or Material produced by the Producing Party to any non-party (including but not limited to, consultants, experts, or other outside advisors) to obtain from the non-party a signed copy of the Confidentiality Agreement attached hereto as Exhibit A. The Confidentiality Agreement, among other things, obligates the person to comply with the terms of this Order and subjects that person to the jurisdiction of this Court for purposes of securing compliance with the terms of this Order. The Agreement, once signed, must be maintained in the possession of counsel for the party securing the agreement until further order of the Court or until litigation of this matter has concluded, including any appeals.

9.    <u>Inadvertent Production of Protected or Privileged Material</u>

    a.    The inadvertent production of Discovery Material containing attorney-client privilege, work product information, or any other protected or privileged information will not constitute, and may not be argued to constitute, a waiver of any applicable privileges or protections.

969634.1

b.  Any Discovery Material inadvertently produced and subject to a subsequent claim of privilege and/or protection shall, upon written request to Counsel for all Receiving Parties made promptly upon learning of the inadvertent production, be returned immediately to Counsel for the Producing Party, and neither the Discovery Materials or copies thereof shall be retained and/or used by any Receiving Party without either the consent of the Producing Party or an order of the Court.

c.  If a Receiving Party is notified of an inadvertent production of protected or privileged material pursuant to this paragraph and does not believe the material to be protected or privileged, the Receiving Party shall, within five (5) business days of receiving the written request required by paragraph 9(b), deposit the material under seal with the Court for possession pending the filing of a motion to compel. The Receiving Party shall, within seven(7) business days of depositing the materials with the Court, file a Motion to Compel or other appropriate Motion (and move the to file the Motion under seal pursuant to LCvR 5.1(j) if necessary), setting forth the reasons the Receiving Party does not believe the material in question is protected or privileged. However, the Receiving Party shall not assert as a ground for production the fact or circumstances of the inadvertent production.

10. <u>Protected Material Subpoenaed or Ordered Produced to a Non-Party</u>

a.  If any Receiving Party receives a subpoena or other document production request from a non-Party to this Order seeking production or other disclosure of Confidential Information or Material produced by a Producing Party in this action, the Receiving Party shall notify Counsel for the Designating Party -- in writing (by facsimile and email if possible) immediately and in no event more than five (5) business days after receiving the subpoena or

969634.1

document production request -- identifying the Confidential Information or Material sought and enclosing a copy of the subpoena or request.

  b. Counsel for the Receiving Party, at the Designating Party's sole cost and expense, shall make timely objections to the production of Confidential Information or Material including, by reference, the existence of this Order. Unless and until such objections are overruled by the court, or the court otherwise orders production of the Confidential Information or Material, no Receiving Party may produce or divulge the contents of the Confidential Information or Material, except with the express written consent of the Designating Party. Should a Receiving Party be ordered to produce or divulge Confidential Information or Material pursuant to an order of a court over the objection of the Designating Party, such disclosure shall not be deemed a violation or breach of this Order; and within three (3) business days of receipt of such Order shall notify in writing the Designating Party of same. Unless otherwise ordered by a court, turnover of such Confidential Information or Material shall be provided not earlier than five (5) business days of the Receiving Party's receipt of an order requiring such disclosure.

11. <u>Final Disposition</u>

  a. Within 120 days after the entry of a final, non-appealable order disposing of this action, all Discovery Material, and all copies thereof including, but not limited to, any notes or other transcriptions made therefrom, shall be returned to Counsel for the Producing Party or, in lieu thereof, counsel for the Receiving Party shall certify in writing to Counsel for the Producing Party the destruction of such Discovery Material.

  b. Counsel for the Receiving Party shall make a reasonable effort to retrieve any Discovery Material, or portions thereof, subject to this Order from any Party or non-party witness or Expert or consultant to whom such information has been given, and shall notify in

writing Counsel for the Producing Party of any failure to retrieve any such information, the reasons therefore, the identity of the person from whom the Discovery Material, or portions thereof, could not be retrieved, and the identity of any Discovery Material, or portions thereof, not returned.

12. <u>Challenging Confidentiality Designations:</u> If any Party objects to the designation of any Confidential Information or Material, that Party shall state the objection and reasons therefore in a letter to Counsel for the Designating Party. Counsel shall then confer in an effort to resolve the dispute without court intervention. If the Designating Party does not change the designation within twenty (20) calendar days following the receipt of such written notice, then the Party objection to the designation may make motion (under seal) seeking an order that such Confidential Information or Material shall be treated as no longer Confidential under this Order. Until the Court rules on any such motion and any and all proceedings or interlocutory appeals (assuming such a right exists) challenging such decision have been concluded, the Confidential Information or Material shall continue to be deemed Confidential under the terms of this Order.

13. <u>Miscellaneous</u>

    a. No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order.

    b. The restrictions set forth herein shall not apply to documents or information designated Confidential that (a) were, are or become public knowledge, not in violation of this Order; or (b) were or are discovered independently by the Receiving Party from

a source that was not required to maintain the confidentiality of such information. Before such documents are publicly released, a party will follow the procedures described in Paragraph 12.

      b.    Except as specifically provided herein, any violation of this Order is punishable by money damages caused by the violation, including, but not limited to, all reasonably necessary incurred attorneys fees, court costs, exhibit costs, expert witness fees, travel expenses, all related litigation costs, and actual damages incurred by the other Party, equitable relief, injunctive relief, sanctions or any other remedy as the Court deems appropriate.

      c.    Unless otherwise ordered by the Court, the procedures set forth herein shall have no application to proceedings in open court. Any attempt to limit the use of Discovery Material containing Confidential Information or Material in open court must be done by motion (including oral motion made in open court) on a showing of good cause.

14.    <u>Non Waiver</u>:  Entering into or otherwise complying with the terms of this Order and/or producing or receiving Confidential Information or Material shall not:

      a.    Operate as an admission by the Receiving Party that said particular Discovery Material contains or reflects information entitled to protection under this Order or Fed R. Civ. P. 26(c);

      b.    Prejudice in any way the rights of the Parties to object to the production of documents based on the attorney-client privilege, or other privilege recognized by applicable law, the work product doctrine, or based on any other claim that such documents are not subject to discovery for reasons other than alleged confidentiality;

      c.    Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence that is subject to this Order;

      d.    Prejudice in any way the rights of a Party to seek determination by the Court whether any Discovery Material or Confidential Information or Material should by subject to the terms of this Stipulation;

      e.    Prevent the Parties to this Stipulation from agreeing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

      f.    Prejudice in any way the right of a Producing Party to petition the Court for further protection of specific Confidential Information or Material;

      g.    Operate as an admission that Defendants are subject to the jurisdiction of this Court or otherwise prejudice Defendants' objection to the exercise of personal jurisdiction over them by this Court; and

      h.    Otherwise prejudice the Parties in any way contrary to substantial justice.

STIPULATED AND AGREED:

By: *[signature: Tracy Reichman Kalik by cpn (with authorization)]*    Dated: June 12, 2009
Richard D. Heideman (#377462)
Noel J. Nudelman (# 449969)
Tracy Reichman Kalik (#462055)
HEIDEMAN NUDELMAN & KALIK P.C.
1146 19th St., 5th Floor
Washington, D.C. 20036
Tel: 202-463-1818
Fax: 202- 463-2999
*Counsel for Plaintiffs Estate of Esther Klieman, et al.*

Steven R. Perles (#326975)
Edward MacAllister (#494558)
THE PERLES LAW FIRM, P.C.
1146 19th St., 5th Floor
Washington, DC 20036
Tel: 202-745-1300
Fax: 202-365-4815
*Counsel for Plaintiffs Estate of Esther Klieman, et al.*

969634.1

By: *[signature]*                                    Dated: June 12, 2009
Richard A. Hibey (#74823)
Mark J. Rochon (#376042)
Charles F. B. McAleer, Jr. (#388681)
MILLER & CHEVALIER CHARTERED
655 15th St., N.W. Suite 900
Washington, DC 20005-6701
Tel: 202-626-5800
Fax: 202-626-5801
*Counsel for Defendants The Palestinian
Authority and The Palestine Liberation Organization*


SO ORDERED this ____ day of _____, 2009


_____
                                                    Judge

969634.1

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Estate of Esther Klieman, *et al.*,  )
                                     )
                    Plaintiffs,      )
                                     )
v.                                   )   Civil Action No. 04-1173 (PLF) (JMF)
                                     )
The Palestinian Authority, *et al.*, )
                                     )
                    Defendants.      )

**CONFIDENTIALITY AGREEMENT**

I, _____, do hereby acknowledge and agree as follows:

      1.    I have read the Stipulated Protective Order Regarding Confidentiality of Discovery Material ("Stipulated Protective Order") to which this Confidentiality Agreement is an exhibit.

      2.    I understand the terms of the Stipulated Protective Order and agree to be bound by, and to strictly adhere to, all terms and provisions of the Stipulated Protective Order.

      3.    I hereby submit to the jurisdiction of the United States District Court for the District of Columbia for the purpose of enforcement of the Stipulated Protective Order and this Agreement.

Dated: _____, _____.

 

_____
[Signature]

_____
_____
_____
[Name, Address, Telephone No]

969634.1