# **EXHIBIT 3**

**APOSTILLE**

(Convention de La Haye du 5 octobre 1961)

AO 393 (F

1. Country: United States of America
   This public document

2. has been
   signed by Magistrate Judge Facciola

3. acting in
   the capacity of District Court Judge

4. bears the seal/stamp of U.S. District Court for the District of Columbia

Aposti

docum    CERTIFIED

of the   5. at Washington , D.C...... 6. this 23rd day March 2011

conten   7. by Peggy Trainum, Deputy Clerk

States   8. No. 57

         9. Seal/Stamp        10. Signature:

                              *Peggy Trainum*

)STILLE

' the official who signed the

ere appropriate, the identify

tille does not imply that the

the approval of the United

Clerk, United States District Court

333 Constitution Avenue, N. W.
Washington, D.C. 20001
United States of America

To:

The Directorate of Courts
Legal Assistance to Foreign Countries
22 Kanfei Nesharim
POB 34142
Jerusalem 95464
Israel

In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request:

The United States District Court for the District of Columbia presents its compliments to the Directorate of Courts of the State of Israel and requests assistance in obtaining evidence to be used in proceedings before this Court in the above-captioned matter.

1127707.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Estate of Esther Klieman, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 04-1173(PLF) |
| ) | |
| The Palestinian Authority, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE
TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

From:

United States Magistrate Judge John M. Facciola
The United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001
United States of America

To:

The Directorate of Courts
Legal Assistance to Foreign Countries
22 Kanfei Nesharim
POB 34142
Jerusalem 95464
Israel

  In conformity with Article 3 of the Convention, the undersigned applicant has the honor

to submit the following request:

  The United States District Court for the District of Columbia presents its compliments to

the Directorate of Courts of the State of Israel and requests assistance in obtaining evidence to be

used in proceedings before this Court in the above-captioned matter.

1127707.1

Plaintiffs in the above-captioned matter are the Estate of Esther Klieman by and through its Administrator, Aaron Kesner of 4840 W. Foster, Skokie, IL 60077 USA, Nachman Klieman of Halamish 359, D.N. Modi'in 71945, Israel, Ruanne Klieman of Halamish 359, D.N. Modi'in 71945, Israel, Dov Klieman of Kiryat Netafim, D.N. Ephraim 44815, Israel, Yosef Klieman of Nahaliel 101A, D.N. Modi'in 71938 Israel, and the Estate of Gavriel Klieman by and through its Administrator, Nachman Klieman of Halamish 359, D.N. Modi'in 71945, Israel. Plaintiffs are represented by attorneys Richard D. Heideman, Noel J. Nudelman and Tracy Reichman Kalik of Heideman Nudelman & Kalik, P.C.,1146 19th Street, N.W., 5th Floor, Washington, D.C. 20036, USA and Steven R. Perles and Edward MacAllister of The Perles Law Firm, P.C, 1146 19th Street, N.W., 5th Floor, Washington, D.C. 20036, USA. Plaintiffs' Israeli counsel is Michael Deborin, Esq, of Bam, Deborin, Cohen & Co., Hillel Street 6, Jerusalem, Israel. Defendants are the Palestinian Authority and the Palestine Liberation Organization. Defendants are represented by Richard Hibey, Mark Rochon and Chas McAleer, Miller & Chevalier Chartered, 655 Fifteenth St., N.W., Suite 900, Washington, D.C. 20005, USA.

The above-captioned matter is a civil suit brought by plaintiffs pursuant to US Federal counterterrorism statutes, Antiterrorism Act of 1991, 18 U.S.C. §§2331 *et seq.*, and supplemental causes of action by the Estate, survivors and heirs of Esther Klieman who the plaintiffs allege was murdered by the terrorist acts of the defendants by machine-gun fire on March 24, 2002 near Neve Tzuf, Israel, for damages directly and proximately caused by the defendants to plaintiffs, and each of them, by reason of acts of unlawful international terrorism, as defined in 18 U.S.C. §2331, and by reason of related unlawful tortious behavior and conduct. Defendants deny that they are liable to Plaintiffs for the injuries they have alleged.

The assistance requested of the State of Israel consists of the following: To permit and cause the persons listed below to appear to be deposed by counsel for Plaintiffs and Defendants before a duly appointed commissioner for the purpose of administering oaths and recording testimony in this action:

1. Matityahu (Matthew) Kalman
   Israeli ID no. 15686975
   28 Yehuda Street, Jerusalem

2. K haled Abu Toameh
   The Jerusalem Post Building
   P.O. Box 81
   Jerusalem 91000

These depositions shall be *de bene esse*, As such, testimony will be elicited under oath and by oral examination by counsel for the Plaintiffs. Counsel for the Defendants will also have an opportunity to cross examine the respective witness. The subject-matter of the *de bene esse* depositions will be (a) the Palestinian Authority and Palestine Liberation Organization's support and funding of terrorism and/or terrorist organizations including, but not limited to, the "Al Aqsa Martyrs Brigades;" and (b) statements made by individuals including, but not limited to, employees, agents, representatives and officials of the Palestinian Authority and Palestine Liberation Organization concerning/relating to the Palestinian Authority and Palestine Liberation Organization's support and funding of terrorism and/or terrorist organizations including, but not limited to, the "Al Aqsa Martyrs Brigades." Each witness shall be deposed under oath and according to the United States Federal Rules of Civil Procedure.

It is requested that: (1) the parties' counsel or their designees, interpreters, and a stenographer be permitted to be present during the examination; (2) there be excluded from the examination, if permitted under Israeli law, all persons other than those described directly above, except those as required under applicable Israeli law; (3) a stenographer be permitted to record

verbatim the oral examination of the aforementioned witnesses; and (4) a videographer be permitted to record on video the oral examination of the aforementioned witnesses.

The assistance of the State of Israel is further requested to compel the deponents Matiyahu (Matthew) Kalman and Khaled Abu Toameh ("Journalist Deponents") to produce to counsel for Defendants, at least fourteen (14) days prior to the depositions, the following documents:

1. Copies of all articles, internet postings, blogs, publications, reports, speeches or analyses written, authored, edited, published or given by the Journalist Deponents during the period October 1, 2000 to December 31, 2004, relating to the Palestinian Authority or the Palestine Liberation Organization (including, without limitation, any officers or employees thereof), including, without limitation, the following articles produced by Plaintiffs in the above-captioned action:

    a. Matthew Kalman, "Terrorist says orders come from Arafat," *USA Today* (March 14, 2002) [Bates No. Klieman 01248-01250];

    b. Khaled Abu Toameh, "Fatah acknowledges Aksa Brigades link," *Jerusalem Post* (June 15, 2004) [Bates No. Klieman 01087-01088]; and

    c. Khaled Abu Toameh, "Arafat invites Aksa Brigade to join security services," *Jerusalem Post* (June 13, 2004) [Bates No. Klieman 01209-01210].

2. All documents relating to the articles, internet postings, blogs, publications, reports, speeches or analyses described in Request No. 1, including any drafts thereof.

3. All notes, memoranda and recordings (including, without limitation, audio, visual or audio-visual recordings) of any interviews or meetings conducted in connection with the articles, internet postings, blogs, publications, reports, speeches or analyses described in Request No. 1.

4. All documents relating to any persons who are named, referenced or quoted in the articles, internet postings, blogs, publications, reports, speeches or analyses described in Request No. 1.

5. All notes, memoranda and recordings (including, without limitation, audio, visual or audio-visual recordings) of any interviews of or meetings with any persons in connection with any articles, internet postings, blogs, publications, reports, speeches or analyses relating to the Palestinian Authority or the Palestine Liberation Organization, including, without limitation, any interviews or meetings conducted with any persons who are named, referenced or quoted in the articles, internet postings, blogs, publications, reports, speeches or analyses described in Request No. 1.

6. Documents sufficient to identify all persons who were sources of information for the articles, internet postings, blogs, publications, reports, speeches or analyses described in Request No. 1, whether those sources were disclosed, undisclosed, confidential or publicly available.

7. All communications between counsel for Plaintiffs in the above-captioned action and the Journalist Deponents relating to the subject matter of Request Nos. 1-6 above, to the above-captioned action or to any request for the deposition or testimony of the Journalist Deponents, including, without limitation, any such

communications relating to any services performed by the Journalist Deponents or compensation provided to the Journalist Deponents with respect to any testimony in the above-captioned action.

8. All communications with any persons regarding the articles, internet postings, blogs, publications, reports, speeches or analyses described in Request No. 1 (including the subject matter thereof), including, without limitation, communications with any sources (including sources identified in response to Request No. 6), editors, publishers, supervisors, copy editors, researchers, co-authors, fact checkers and attorneys (including, without limitation, attorneys in the above-captioned case or in any other lawsuits in which the Palestinian Authority or the Palestine Liberation Organization were named as defendants).

9. All documents relating to any attack that occurred in the Occupied Palestinian Territory on or about March 24, 2002, including, without limitation, the attack that resulted in the death of Esther Klieman on March 24, 2002 alleged in the above-captioned action.

10. All documents relating to the Palestinian Authority or the Palestine Liberation Organization.

Pursuant to Article 10 of the Convention, in executing this Letter of Request the Israeli authorities are respectfully requested to apply the appropriate measures of compulsion in the instances and to the same extent as are provided by Israeli law for the execution of orders issued by Israeli authorities or of requests made by parties in internal proceedings.

Accordingly, it is hereby requested that, in the interest of justice, you cause by your expedited and proper process such orders to be entered as Israeli law permits directing that one

of the aforementioned witnesses appear for *de bene esse* deposition at the David Citadel Hotel, 7 King David Street, Jerusalem, Israel on May 4, 2011, beginning at 9:30 a.m. to be deposed by counsel for Plaintiffs and Defendants and the other aforementioned witness appear *for de bene esse* deposition at the David Citadel Hotel, 7 King David Street, Jerusalem, Israel on May 5, 2011, beginning at 9:30 a.m. to be deposed by counsel for Plaintiffs and Defendants.

Plaintiffs and/or their counsel, upon whose application this Letter of Request has been issued, shall pay all costs incurred in executing these requests. Notice that this request has been executed and that the above-referenced individuals will be available for *de bene esse* deposition at the time and place indicated may be sent to Richard D. Heideman, Heideman Nudelman & Kalik, P.C., 1146 19th Street, N.W., Fifth Floor, Washington, DC 20036, USA Telephone (202) 463-1818, Telefax (202) 463-2999, Email rdheideman@hnklaw.com. The Court expresses its appreciation of the Directorate of Courts in the State of Israel for its courtesy and assistance in this matter and states that it shall be ready and willing to assist the courts of Israel in a similar manner when required.

DATED this ___ day of _____, 2011.

JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE