**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ESTATE OF ESTHER KLIEMAN,** *et al.*, <br><br>  **Plaintiffs,** <br><br> **v.** <br><br> **THE PALESTINIAN AUTHORITY,** *et al.*, <br><br> **Defendants.** | **Civil Action No. 04-1173 (PLF/JMF)** |

**MEMORANDUM OPINION**

By my Order of June 6, 2012,[1] I granted plaintiffs' request to take, *de bene esse*, the deposition of Yitzhak Ya'akoboff ("Ya'akoboff"), the Israeli police officer who interviewed Tamer Rimawi ("Rimawi") about Rimawi's involvement in the murder of Esther Klieman.  I explained the nature of this lawsuit in the Memorandum Opinion that accompanied that Order as follows:

> Plaintiffs are the survivors and heirs of Esther Klieman, an American citizen who was killed in Israel on March 24, 2002. Estate of Klieman v. Palestinian Authority, 272 F.R.D. 253, 255 (D.D.C. 2011).  Tamer Rimawi was convicted in Israel of her murder and plaintiffs' theory is that the Palestinian Authority ("PA") and the Palestinian Liberation Organization ("PLO") supported, financially and otherwise, the Al-Aqsa Martyrs Brigade ("Al-Aqsa"), the terrorist group to which plaintiffs claim Tamer Rimawi belonged.

Estate of Klieman v. Palestinian Authority, No. 04-CIV-1173, 2012 WL 2048253, at *1 (D.D.C. June 6, 2012).

By my minute order of June 11, 2012, I directed the parties to "meet and confer and

---

[1] See Order [#174].

submit to the court, on or by June 18, 2012, a proposed Letter of Request for the depositions[2] that the court has permitted." Unfortunately, the parties were unable to agree as to the requests for documents that would be made part of the Letter of Request.

Plaintiffs requested that Ya'akoboff produce documents only "to the extent they are presently in his personal possession, custody or control . . . ." <u>Joint Status Report to the Court Regarding Letters of Request</u> [#176-5] at 4. On the other hand, defendants' demand would require that agencies of the Israeli government produce 1) documents that Ya'akoboff had or reviewed before he interviewed Rimawi; 2) documents that Ya'akoboff had or reviewed when he drafted any reports regarding his interrogation of Rimawi; 3) field manuals and other documents on interrogation techniques and intelligence collection issued by the Israel Police Service or the Israel Security Agency ("ISA") concerning permitted and prohibited techniques that were in existence when Ya'akoboff interviewed Rimawi; 4) documents relating to permitted interrogation methods that were in existence when Ya'akoboff interviewed Rimawi; (5) documents relating to the use of torture during the interrogation by Ya'akoboff; 6) documents, maintained by the ISA, relating to the interrogation by Ya'akoboff; and 7) documents, maintained by the Attorney General, regarding any complaints filed by Rimawi concerning alleged mistreatment. [#176-4] at 5-6. Thus, defendants are also using the deposition as an effort to gather documents to make a case, if they can, that any statements Rimawi made to Ya'akoboff were the product of potentially objectionable interrogation techniques, including torture.

Although I will sign plaintiffs' request rather than defendants', I will add the requirement

---

[2] I permitted other depositions but the parties are agreed as to the terms of the Letters of Request pertaining to them.

that the Israeli agencies produce the following:

    1) documents that Ya'akoboff had or reviewed before he interviewed Rimawi;

    2) reports that Ya'akoboff prepared after the interview;

    3) records in the Israeli government's custody that pertain to Rimawi's interrogation, including by necessity any reference in them to the physical coercion or torture of Rimawi; and

    4) complaints by Rimawi that he was mistreated during the interrogation.

Limiting the documents to the ones the officer may have in his possession ignores the fact that law enforcement officers create records that become part of an official record; governments could not exist if their employees kept the only record of what they have done. Such a limitation would not, for example, yield anything that the officer created as soon as the interrogation was completed for the purpose of informing his superiors and adding to the official file if he did not keep a copy. It seems appropriate to me to have the Israeli government produce its records pertaining to the interrogation, particularly since it has been several years since the interrogation.[3]

On the other hand, no one knows at this point whether the officer will testify as to the interrogation techniques he used, let alone admit that he tortured his prisoner. If, as seems likely, the officer denies he did so, documents that describe the official policy as to interrogations are not going to impeach him. If, on the other hand, the officer admits that he browbeat or tortured his prisoner, having the official policy as to the legitimacy *vel non* of such techniques does not add anything to defendants' case. With that said, I am specifically asking the Israel government, when it produces all records pertaining to the interrogation, to make sure it includes records that

---

[3] Esther Klieman was killed on March 24, 2002. <u>Estate of Klieman</u>, 2012 WL 2048253, at *1.

contain any reference to physical coercion or torture.  I am also asking that the Attorney General of Israel produce any complaints by Rimawi of mistreatment during the interrogation.  During the oral argument, counsel for the defendants indicated that whether Rimawi was coerced into confessing may be a significant issue in this case.  Of course, if that is so, it would have a significant impact on the admissibility of his inculpatory statement.  Fairness requires that defendants be able to secure what information there is pertaining to any use of physical coercion during the interview.

      A letter of request is attached.

    _____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE