UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ESTATE OF ESTHER KLIEMAN,** *et al.*,

   **Plaintiffs,**

         v.                                             Civil No. 04-1173 (PLF/JMF)

**THE PALESTINIAN AUTHORITY,** *et al.*,

   **Defendants.**

## MEMORANDUM ORDER

In my Memorandum Order [#200] of May 15, 2013, I denied Plaintiffs' Motion for Sanctions [#195] insofar as it was premised upon the Palestinian Authority's ("PA's") not appearing for the April 10, 2013 deposition. [#200] at 3. I did not, however, rule on the motion insofar as it was premised upon the PA's allegedly hiding and then belatedly producing certain documents. Id. As to that issue, I ordered the PA to file a response to plaintiffs' claims. Id. I further directed plaintiffs to show cause why they should not pay the PA's expenses for having to move for a protective order with respect to the April 10, 2013 deposition. Id. Both parties have responded and the issues are now ripe for resolution.

I.   Plaintiffs' Motion for Sanctions

   A.   The Parties' Positions

Plaintiffs seek to have the PA[1] sanctioned for failing to produce certain documents in a timely fashion. Specifically, plaintiffs seek 1) a ruling by the Court that the documents at issue

---

[1] In their motion for sanctions, plaintiffs refer collectively to "defendants" in their motion, when in fact the production at issue was made solely by the PA.

are authentic and admissible; 2) a ruling by the Court that an adverse inference will be allowed "for the [PA's] hiding of the documents, late disclosure, and improper, dilatory and obstructionist conduct;" and 3) an award of attorney's fees and costs. Plaintiffs' Opposition with Points and Authorities to Defendants' Motion for a Protective Order and Motion for Sanctions [#195] at 24.

The PA argues that plaintiffs' request for sanctions regarding its January 30, 2013 production of documents should be denied both on procedural as well as substantive grounds. First, the PA contends that plaintiffs 1) failed to meet and confer with the PA prior to filing their motion for sanctions; 2) failed to include a certification in their motion, pursuant to Local Rule 7(m); and 3) failed to cite authority for their proposed sanctions. Defendant the Palestinian Authority's Memorandum in Opposition to Plaintiffs' Motion for Sanctions Regarding the January 30, 2013 Production of Documents [DE 198] [#202] at 2. Second, the PA contends that sanctions are inappropriate because the January 30, 2013 document production was not "late" and the PA did not willfully "hide" any responsive documents. Id. at 2.

B. Analysis

The following chart[2] provides a graphic illustration of the relevant events regarding discovery on the various topics at issue in this Memorandum Order.

| Date | Description of Event | Citation |
|---|---|---|
| 1/9/09 | Plaintiffs sought "any and all documents, including any personnel file, that relate or refer to" Hussam, Tamer Rimawi, Hadib, and Hashash. | [#195-2] at 16. |
| 3/31/09 | [Previous deadline for close of fact discovery.] | Scheduling Order [#91] at 1. |
| 9/30/09 | [Previous deadline for close of fact discovery.] | Minute Order dated 6/12/09. |

---

[2] Citations to events listed in the timeline are provided in the chart and therefore will not be given again in the text of the opinion.

| 3/25/10 | [Previous deadline for close of fact discovery.] | Order [#99] at 1. |
|---|---|---|
| 9/30/10 | [Previous deadline for close of fact discovery.] | Minute Order dated 3/15/10. |
| 2/4/11 | Plaintiffs sought issuance of a Hague Convention Letter of Request seeking documents relating to Zafer Rimawi. | Plaintiffs' Motion for Issuance of Letters of Request [#120]. |
| 3/16/11 | Court denies [#120] without prejudice. | Memorandum Order [#125]. |
| 3/31/11 | [Previous deadline for close of fact discovery.] | Minute Order dated 9/20/10. |
| 10/1//11 | [Previous deadline for close of fact discovery.] | Memorandum Opinion [#124] at 12. |
| 12/5/11 | Court grants Plaintiffs' Unopposed Motion to Extend the Deadline for the Completion of Fact Discovery [#133] to 3/31/12. | Minute Order dated 12/5/11. |
| 12/13/11 | Plaintiffs sought "[a] printout or screenshot of any official PA and/or PLO official website which references or at any time has ever referenced" Zafer Rimawi. | [#202-1] at 13-14. |
| 12/31/11 | [Previous deadline for close of fact discovery.] | Minute Order dated 9/30/11. |
| 1/17/12 | PA and PO filed objections to 12/13/11 requests. | [#202-1] at 14. |
| 2/29/12 | Plaintiffs sought documents reflecting payments by defendants to Zafer Rimawi and William Khatib, as well as any written requests by Rimawi and Khatib for payments from defendants. | [#202-2] at 11-12. |
| 3/7/12 | Plaintiffs sought issuance of a Hague Convention Letter of Request seeking a deposition of Zafer Rimawi. | Plaintiffs' Motion for Issuance of Letter of Request [#147]. |
| 3/31/12 | [Previous deadline for close of fact discovery.] | Minute Order dated 12/5/11. |
| 4/2/12 | PA and PO filed objections to 2/29/12 requests. | [#202-2] at 11-12. |
| 6/6/12 | Court grants plaintiffs' motion for a Letter of Request to take the deposition of Zafer Rimawi and extends deadline for close of fact discovery to 12/31/12, for the limited purpose of taking the deposition of, *inter alia*, Zafer Rimawi. | Memorandum Opinion [#173] at 3-4; Order [#174] at 1. |
| 10/12/12 | With respect to Zafer Rimawi and William Khatib, plaintiffs sought "any and all documents and records in the Defendants' possession, custody and control" including 1) "their personnel file(s);" 2) "all financial | [#195-3] at 7-8. |

3

| | | |
|---|---|---|
| | records relating to payments, made on their behalf or to any of their family members;" and 3) "the complete files from the Palestinian Authority's Ministry of Detainees and Ex-Detainees (or any predecessor or successor entity thereto)." | |
| 11/15/12 | PA and PO filed objections to 10/12/12 request | Consolidated Memorandum of Points and Authorities (1) in Opposition to Plaintiffs' Motion for Sanctions, and (2) in Reply in Support of Motion of Defendant the Palestinian Authority for Entry of a Protective Order [#198]. |
| 11/16/12 | With respect to Zafer Rimawi, Tamer Rimawi, Ahmed Hadib, Hussam Halabi, and Annan Salim Hashash, plaintiffs sought all hard copies and digital/electronic files from the PA's Preventive Security Services ("PPS") and the PA's General Intelligence Service ("GIS"). | Plaintiffs' Opposition with Points and Authorities to Defendants' Motion for a Protective Order and Motion for Sanctions [#194-1] at 1. |
| 11/27/12 | Plaintiffs noticed a Rule 30(b)(6) deposition to the PA regarding the GIS documents sought on 11/16/12. | [#195-6] at 8. |
| 12/7/12 | PA produced documents, including personnel records relating to Zafer Rimawi, to plaintiffs. | [#202] at 8. |
| 12/21/12 | Plaintiffs move to extend deadline for completion of fact discovery. | Plaintiffs' Motion to Extend the Deadline for the Completion of Pending Fact Discovery Matters [#186]. |
| 12/31/12 | [Previous deadline for close of fact discovery.] | Memorandum Opinion [#173] at 3-4; Order [#174] at 1. |
| 1/30/13 | PA again produced responsive GIS documents regarding Zafer Rimawi to plaintiffs. | [#202] at 8-9. |
| 2/11/13 | Court grants plaintiffs' motion to extend deadline for completion of fact discovery to 4/15/13. | Memorandum Order [#190] at 8. |
| 3/5/13 | Deposition of Zafer Rimawi. | [#202] at 9. |
| 4/15/13 | Deadline for close of fact discovery. | [#190] at 8. |

On February 4, 2011, plaintiffs first requested documents relating to Zafer Rimawi, when they sought a Hague Convention Letter of Request. That motion was denied by the Court on March 16, 2011, and never appealed by plaintiffs.

On December 13, 2011, plaintiffs again requested information about Zafer Rimawi, this time in the form of printouts or screenshots of any official PA or PLO website that referenced Zafer Rimawi. Defendants objected to the request and plaintiffs never moved to compel the information.

On February 29, 2012, plaintiffs once again requested information about Zafer Rimawi, this time requesting information about payments either made by defendants to him or requested by him of defendants. Once again, the defendants objected, and once again, plaintiffs never moved to compel the information.

Finally, on March 7, 2012, plaintiffs filed a motion for a Letter of Request to take Zafer Rimawi's deposition and extended the deadline for the close of fact discovery. On June 6, 2012, the Court granted plaintiffs' motion and extended the deadline for the close of fact discovery for the limited purpose of taking certain depositions, including that of Zafer Rimawi.

In the late fall of 2012, in another case in this Court, <u>Shatsky v. The Palestinian Authority</u>, Civil Action No. 02-2280 (RJL), the PA produced certain documents from the files of the PA's General Intelligence Service ("GIS"). <u>Memorandum of Points and Authorities in Support of Motion of Defendant the Palestinian Authority for a Protective Order Regarding Plaintiffs' "Amended Supplemental Notice of Deposition of Defendant, Palestinian Authority" Dated March 29, 2013</u> at 7 n.3. Learning of that production, plaintiffs in this case made their November 16, 2012 discovery demand, described in the above chart.

5

On December 7, 2012 and January 30, 2013, the PA, without waiving any objections to earlier discovery demands, nevertheless produced documents from the PA's General Personnel Council ("GPC") that responded to the November 16, 2012 discovery demand. Both productions were made prior to Zafer Rimawi's March 5, 2013 deposition. However, as noted above, plaintiffs claim that the defendants hid and then belatedly produced the documents.

As to plaintiffs' claim that defendants hid the documents, the only pertinent provision of the Federal Rules of Civil Procedure is Rule 26(g). Under that rule, when an attorney signs a disclosure, he is certifying, to the best of his "knowledge, information, and belief" that the disclosure is "complete and correct at the time it [was] made." Fed. R. Civ. P. 26(g). To prevail under this rule and secure sanctions, plaintiffs would have to establish 1) that there was an earlier disclosure to them of documents that were responsive to a certain request; 2) that defendants and their counsel purposefully made a disclosure that was knowingly incorrect or incomplete; and 3) that after the deposition in the case before Judge Leon, defendants and their counsel, caught in a lie regarding their earlier production, finally made the disclosure that they knew should have been made earlier.

Plaintiffs, however, do not invoke that rule nor do they establish that a disclosure made to them was not complete and correct. They do not point, for example, to a disclosure made before November 16, 2012 that was neither complete nor correct, and they certainly do not contend that the disclosures made on December 7, 2012 and January 30, 2013 were either incomplete or incorrect. Rule 26(g) is therefore inapplicable.

As to plaintiffs' claim that defendants belatedly produced the documents, the only source of authority for the imposition of a sanction would be Rule 37(b) of the Federal Rules of Civil Procedure, which permits the court where the action is pending to sanction a party for failing to

obey a court order. Fed. R. Civ. P. 37(b). But, in this case, the Court never ordered defendants to make the December 2012 and January 2013 productions. Rather, while preserving their objections to certain discovery, defendants voluntarily produced documents. While proving once again that no good deed ever goes unpunished, defendants' doing so cannot possibly be deemed sanctionable under Rule 37.

Finally, while I appreciate that plaintiffs used the term "belated" to mean that defendants and their counsel knew of the existence of the disclosed documents much earlier and only produced them when the deposition in the <u>Shatsky</u> case disclosed their existence, there is not a shred of evidence supporting that accusation.

II.  Reimbursement of the Expenses Incurred by the PA in Seeking a Protective Order

Rule 37 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> If the motion [for a protective order] is granted . . . the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5).

Plaintiffs argue that, as the parties opposing the PA's motion for a protective order, they should not be required to pay the PA's reasonable expenses in filing the motion for two reasons. First, plaintiffs claim that the PA did not act in good faith because it initially indicated that it would be amendable to a 30(b)(6) deposition regarding the newly produced documents and then later changed its position. <u>Plaintiffs' Response to this Court's Show Cause Order</u> [#201] at 6. Second, plaintiffs claim that they were substantially justified in noticing the second 30(b)(6)

7

deposition because 1) plaintiffs did not believe that this Court's requirement that they seek leave of the Court before taking any additional depositions applied to the newly produced discovery; and 2) plaintiffs believed, in good faith, that because the PA initially agreed to produce a 30(b)(6) deponent to testify as to the newly produced documents, that there was no discovery dispute to bring before the Court. Id. at 6-9.

The Court is not persuaded by plaintiffs' arguments. The issue is whether plaintiffs should be sanctioned for necessitating the PA's filing of a motion for a protective order in light of 1) this Court's previous order denying plaintiffs' motion to compel additional 30(b)(6) depositions,[3] and 2) the fact that the deadline for the completion of fact discovery had already been extended multiple times. That the PA initially agreed to a 30(b)(6) deposition and then changed its position has no bearing on whether plaintiffs were substantially justified in opposing the motion for a protective order. As I specifically stated in my June 6, 2012 Memorandum Opinion, plaintiffs had an obligation to seek leave of the Court prior to noticing any additional 30(b)(6) depositions. [#173] at 12. Thus, plaintiffs' argument that they didn't think it necessary to seek leave of the Court because the deposition topics had not previously been explored ignores my previous holding that they had to seek my permission before taking a second 30(b)(6) deposition of the defendants.

To put it simply, there were two stop signs in this case: 1) the order that permitted certain depositions but set a deadline for discovery, which meant that there could be no further discovery unless permitted by the Court; and 2) the unequivocal command of Federal Rule of Civil Procedure 30(a)(2)(A)(ii), applied in my June 6, 2012 Memorandum Opinion, that leave of

---

[3] See Estate of Esther Klieman v. Palestinian Auth., No. 04-CIV-1173, 2012 WL 2048253, at *6 (D.D.C. June 6, 2012); Fed. R. Civ. P. 30(a)(2)(A)(ii).

court is required to take a second deposition of the same deponent. Plaintiffs drove through both of them.

Indeed, as counsel in this case are well aware, the Court stood ready to resolve any discovery controversy brought to its attention. A phone call with counsel would have permitted the Court to either suggest a way to resolve their controversy or permit the Court to rule on it, if it could not otherwise be resolved. That plaintiffs' counsel never made that call before getting on a plane to take a deposition in Jerusalem is mystifying. The Court would have expected him to do that if the deposition was on K Street. Plaintiffs' precipitous action thus forced the defendants to seek a protective order, and I cannot find that plaintiffs' opposition to defendants' motions was substantially justified. Therefore, in accordance with Rule 37(a)(5), I order plaintiffs to pay the costs, including attorney's fees, that defendants incurred in making their motion for a protective order.

It is therefore, hereby,

**ORDERED** that Plaintiffs' Motion for Sanctions [#195] is **DENIED** insofar as it was premised upon the PA's allegedly hiding and then belatedly producing certain documents. It is further, hereby,

**ORDERED** that the Order to Show Cause is discharged. Finally, it is, hereby,

**ORDERED** that defendants file a petition seeking attorney's fees, in accordance with this Memorandum Order, by September 18, 2013. Plaintiffs may file any opposition thereto by September 25, 2013, and defendants may file a reply thereto by October 2, 2013.

**SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE