UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ESTATE OF ESTHER KLIEMAN**, *et al.*,

    Plaintiffs,

        v.                                                        Civil No. 04-1173 (PLF/JMF)

**THE PALESTINIAN AUTHORITY**, *et al.*,

    Defendants.

**ORDER**

This case was referred to me for discovery. Currently pending is <u>Plaintiffs' Motion to Compel Turnover of Responsive Documents and for Appropriate Sanctions</u> [#204]. The only issue still before the Court, as it relates to this motion, is the sufficiency of defendants' response to plaintiffs' document request number 16, which sought the following:

> Please produce any and all documents that describe or detail the relationship between the PA and/or the PLO and AL AQSA MARTYRS BRIGADE, including, but not limited to, the provision of funds, identity documentation, weapons, or munitions, military, intelligence or police training, direction, personnel, shelter of personnel who participated in or supported terrorist attacks.

[#204-1] at 1.

Plaintiffs contend that defendants failed to adequately respond to the request by neglecting to turn over the "Murar document," a paper file maintained by the PA for martyr Fawzi Murar. [#204-1] at 2. Specifically, plaintiffs argue that the document was responsive and should have been produced because there is a statement in the document that identifies the Al Aqsa Martyrs Brigades as the military arm of Fatah. <u>Id.</u>

On October 31, 2013, the Court directed defendants' counsel to respond, under oath, to the following three questions about the Murar document:

1. When did [defendants] become aware of the Murar document?

2. If [defendants] became aware of it prior to formulating their responses to document requests numbers 13 and 16, why did they conclude that the document was not responsive to request number 16, as narrowed in scope by them?

3. If [defendants] became aware of it after responding to request number 16, why did they conclude that they were not obliged to supplement their initial response?

Order [#221] at 5.[1]

According to Charles F.B. McAleer, Jr., counsel for defendants, the Murar document is utterly and complete irrelevant to plaintiffs' case. In support of his argument, McAleer offers the following: 1) the name "Fawzi Murar" does not appear in the Klieman complaint; 2) none of plaintiffs' document requests refer to Fawzi Murar or Palestinian martyrs; 3) if plaintiffs' document request number 16 is construed as requiring production of any documents that reference the Al Aqsa Martyrs Brigades, the request is overly broad; 4) the name "Fawzi Murar" does not appear in plaintiffs' answers to defendants' interrogatories; 5) plaintiffs have failed to establish, through any of their depositions, a relationship between defendants and the Al Aqsa Martyrs Brigades; 6) the name "Fawzi Murar" was never mentioned in any of the depositions; 7) none of the plaintiffs mentioned the name "Fawzi Murar" in their depositions; 8) as of May 2012, three of the four participants in the Klieman shooting had been deposed, and each of them denied that they were members of the Al Aqsa Martyrs Brigades; 9) designees from the PA and PO, who had already testified, denied that there was any relationship between the PA, PO, and

---

[1] The Court assumes the reader's familiarity with its October 31, 2013, Order [#221] and will not repeat the details herein.

the Al Aqsa Martyrs Brigades; 10) the Murar document itself fails to provide any proof of a relationship between the PA, PO, and the Al Aqsa Martyrs Brigades; 11) in March of 2013, the fourth participant in the Klieman shooting denied membership in the Al Aqsa Martyrs Brigades; and finally, 12) the perpetrators of the Klieman shooting are all alive, and therefore, any "martyrs" files would be irrelevant as to them. [#223-1] at 6-12.

The following chart illustrates the sequence of events leading up to the filing of plaintiffs' motion to compel.

| Date | Event | Citation |
|---|---|---|
| January 9, 2009 | Plaintiffs propounded Plaintiffs' First Set of Requests for Production of Documents to Defendants Palestinian Authority And Palestine Liberation Organization. This set of requests includes request number 16, reproduced above. | [#204-2] |
| May 18, 2009 | Defendants filed Defendants' Objections and Responses to Plaintiffs' First Set of Requests for Production of Documents (Nos. 1-56) to Defendants the Palestinian Authority and the Palestine Liberation Organization. Defendants objected to request number 16 on the grounds that 1) it was overly broad and unduly burdensome; 2) it was vague and ambiguous; 3) it assumes factual allegations; 4) it seeks disclosure of information not reasonably calculated to lead to the discovery of admissible evidence; 5) it seeks disclosure of information protected by the attorney-client, deliberative process, state secrets, or other applicable privilege. Defendants also objected to plaintiffs' use of the term "Al Aqsa Martyrs Brigade" without any limitations as to time or scope. | [#205-3] |
| May 29, 2009 | Plaintiffs served their Responses and Objections to Defendants' First Set of Interrogatories. Plaintiffs never mentioned the name "Fawzi Murar" in response to defendants' interrogatory number 2, which sought the identification of anyone who plaintiffs knew or believed had knowledge regarding the allegations, claims, or defenses in the case. | [#223-2] |
| September 30, 2009 | Plaintiffs served supplemental answers to defendants' interrogatories and didn't mention the name "Fawzi Murar." | [#223-1] at 7 |
| February 17, 2010 | Plaintiffs served supplemental answers to defendants' interrogatories and didn't mention the name "Fawzi Murar." | [#223-1] at 7 |
| March 3, 2010 | Plaintiffs served supplemental answers to defendants' interrogatories and didn't mention the name "Fawzi Murar." | [#223-1] at 7 |

| | | |
|---|---|---|
| June 2010 & August 2010 | Four Rule 30(b)(6) designees of the PA testified. There was no mention of "Fawzi Murar." | [#223-1] at 7 |
| July 8, 2010 | Plaintiffs served supplemental answers to defendants' interrogatories and didn't mention the name "Fawzi Murar." | [#223-1] at 7 |
| July 26, 2010 | Plaintiffs served supplemental answers to defendants' interrogatories and didn't mention the name "Fawzi Murar." | [#223-1] at 7 |
| September 29, 2010 | Plaintiffs served supplemental answers to defendants' interrogatories and didn't mention the name "Fawzi Murar." | [#223-1] at 7 |
| December 10, 2010 | Plaintiffs served supplemental answers to defendants' interrogatories and didn't mention the name "Fawzi Murar." | [#223-1] at 7 |
| February 2011 | A Rule 30(b)(6) designee of the PLO testified. There was no mention of "Fawzi Murar." | [#223-1] at 7 |
| February 2011 | Defendants conducted the Rule 30(b)(6) deposition of the Estate of Esther Klieman as well as the depositions of plaintiffs Nachman Klieman and Dov Klieman There was no mention of "Fawzi Murar." | [#223-1] at 8 |
| April 15, 2011 | Plaintiffs served supplemental answers to defendants' interrogatories and didn't mention the name "Fawzi Murar." | [#223-1] at 7 |
| November 8, 2011 | Plaintiffs served supplemental answers to defendants' interrogatories and didn't mention the name "Fawzi Murar." | [#223-1] at 7 |
| November 2011 & January 2012 | Three of the four shooters were deposed by plaintiffs. There was no mention of "Fawzi Murar." | [#223-1] at 7 |
| January 5, 2012 | Plaintiffs served supplemental answers to defendants' interrogatories and didn't mention the name "Fawzi Murar." | [#223-1] at 7 |
| January 20, 2012 | Plaintiffs served supplemental answers to defendants' interrogatories and didn't mention the name "Fawzi Murar." | [#223-1] at 7 |
| February 16, 2012 | Plaintiffs served supplemental answers to defendants' interrogatories and didn't mention the name "Fawzi Murar." | [#223-1] at 7 |
| May 8, 2012 | McAleer first became aware of the Murar document, during a meeting and confer meeting with Mordechai Haller, an attorney on the Klieman case and also on the Shatsky I[2] case, another case in which McAleer is counsel for defendants. Based on the existence of the Murar document, Haller sought the production of a martyr file for Sadek Abdel Hafez in the Shatsky I case. | [#223-1] at 9. |
| May 9, 2012 | McAleer learned that Haller believed that the Murar document was relevant to the Gilmore case. | [#223-1] at 10. |
| June 6, 2012 | Court extended close of fact discovery until December 31, 2012. | [#174] |
| February 11, 2013 | Court extended close of fact discovery until April 15, 2013. | [#190] |
| March 5, 2013 | Plaintiffs took the depositions of Anan Salim Hashash and Zafer Rimawi, the person plaintiffs claim recruited Tamer Rimawi into the Al Aqsa Martyrs Brigade. There was no mention of "Fawzi Murar." | [#223-1] at 11. |

---

[2] Shatsky v. Syrian Arab Republic, C.A. No. 02-2280 (RJL) (D.D.C.).

4

| May 23, 2013 | McAleer received a letter from Heideman indicating that Heideman had been made aware of the Murar document and that defendants should have supplemented their production in the Klieman case to include the Murar document and other similar documents. | [#223-1] at 12. |
| June 17, 2013 | McAleer responded to Heideman's letter and told him that defendants would not be producing the martyrs files. | [#223-1] at 13. |
| June 25, 2013 | Plaintiffs filed their motion to compel. | [#204] |

The essence of plaintiffs' complaint is that the individuals responsible for shooting Klieman were members of, *inter alia*, Fatah (an organization funded by the PA and PLO that plaintiffs allege is a terrorist organization) and the Al Aqsa Martyrs Brigades (the military arm of Fatah). Complaint [#1] ¶¶ 15-16.  Thus, it is imperative to plaintiffs' case that they prove the connection between these entities.  Document request number 16 accordingly speaks to the support defendants have provided the Al Aqsa Martyrs Brigade by demanding "all documents that describe or detail the relationship between the PA and/or the PLO and AL AQSA MARTYRS BRIGADE, including, but not limited to, the provision of funds, identity documentation, weapons, or munitions, military, intelligence or police training, direction, personnel, shelter of personnel who participated in or supported terrorist attacks." [#204-1] at 1.

While it could be said that the Murar document, by identifying the Al Aqsa Martyrs Brigades as the military arm of Fatah, details the relationship between Al Aqsa and the defendants, it is nevertheless understandable that defendants' counsel narrowed plaintiffs' request to include only documents that specifically related to "the provision of funds, identity documentation, weapons, or munitions, military, intelligence or police training, direction, personnel, shelter of personnel who participated in or supported terrorist attacks."  In other words, while the Murar document does provide information about the relationship between Al Aqsa and Fatah (and, by extension, the PA and PLO), it does not speak with any specificity to the support given by those organizations to individuals engaged in terrorist attacks.  Thus, even if

5

it could be said that counsel erred in not considering the Murar document to be responsive to document request number 16, his conclusion cannot be condemned as being without substantial justification and thereby worthy of sanctions under Rule 37(c)(1). Note as well that plaintiffs have secured the document from another source, thereby rendering any failure by defendants to supplement their initial response harmless under that Rule.

In an abundance of caution, however, and in an exercise of my discretion and desire to bring discovery in this matter to a close, I ask defendants to now deem document request number 16 to include a request for all documents in their possession, custody, or control, which discuss any payments to families of persons denominated as martyrs and include the words "Al Aqsa." Responsive documents shall be provided to plaintiffs within thirty days from the date of this order.

It is therefore, hereby,

**ORDERED** that Plaintiffs' Motion to Compel Turnover of Responsive Documents and for Appropriate Sanctions [#204] is **DENIED** in part and **GRANTED** in part.

**SO ORDERED.**

                                                                          JOHN M. FACCIOLA
                                                                          UNITED STATES MAGISTRATE JUDGE