UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| Estate of Esther Klieman, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 04-1173 (PLF) (JMF) |
| ) | |
| The Palestinian Authority, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**THIRD NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER SUPPORT OF PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF COURT'S DECEMBER 29, 2006 AND APRIL 24, 2008 INTERLOCUTORY ORDERS ON PERSONAL JURISDICTION**

COME NOW the Plaintiffs, by and through counsel, and hereby file this Third Notice of Supplemental Authority in further support of Plaintiffs' Opposition to Defendants' Motion for Reconsideration of the Court's December 29, 2006 and April 24, 2008 Interlocutory Orders on Personal Jurisdiction.

As set out in Plaintiffs' Opposition, Supplemental Briefs and at the oral argument held before the Court, contrary to the position asserted by the Defendants, the *Daimler* decision is not new authority, and the "essentially at home" standard was established over two and a half years earlier, by the Supreme Court in *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011). Recently, the Hon. Timothy D. Degiusti, federal district court judge in the Western District of Oklahoma issued a Memorandum Opinion on the identical issue which is now before this Court, i.e. whether the court could assert personal jurisdiction over defendants, post-Daimler, or whether that issue had been waived by defendants by their failing to raise it after the *Goodyear* decision was announced. *American Fidelity Assur. Co v. Bank of New York Mellon*, CIV-11-1284-D, 2014 WL 4471606 (W.D. Okla. Sept. 10, 2014).

1

In *American Fidelity*, Judge Degiusti held, "[m]ore importantly, the standard Defendant relies upon was not pronounced by the Supreme Court in Daimler, but was pronounced more than two years earlier in *Goodyear Dunlop Tires Operations, S .A. v. Brown*, ⸺ U.S. ⸺, 131 S.Ct. 2846 (2011).  ....*Daimler* did not announce a new constitutional rule or overrule prior precedent." , CIV-11-1284-D, 2014 WL 4471606 (W.D. Okla. Sept. 10, 2014).  *See Memorandum Opinion* attached hereto as Exhibit A.

For the reasons set forth by Judge Degiusti in *American Fidelity* and for the reasons forth in Plaintiffs' Opposition to Defendants' Motion for Reconsideration of the Court's December 29, 2006 and April 24, 2008 Interlocutory Orders on Personal Jurisdiction, Supplemental Memorandums and the oral argument held before this Court, this Court should find the Defendants have waived the "essentially at home" standard and deny Defendants' Motion for Reconsideration.

Dated:  September 19, 2014                Respectfully submitted,

*/s/Richard D. Heideman*
*/s/ Tracy Reichman Kalik*
Richard D. Heideman (No. 377462)
Noel J. Nudelman (No. 449969)
Tracy Reichman Kalik (No. 462055)
HEIDEMAN NUDELMAN & KALIK, P.C.
1146 19th Street, N.W., Fifth Floor
Washington, DC 20036
Telephone: 202-463-1818
Telefax: 202-463-2999

PERLES LAW FIRM, P.C
Steven R. Perles (No. 326975)
Edward MacAllister (No. 494558)
1146 19th Street, N.W., Fifth Floor
Washington, DC 20036
Telephone: 202-955-9055
Telefax: 202-955-3806

*Counsel to the Plaintiffs*