IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Estate of Esther Klieman, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.  ) | Civil Action No. 04-1173 (PLF) |
| ) | |
| The Palestinian Authority, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RESPONSE TO PLAINTIFFS' FIFTH NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants the Palestinian Authority and the Palestine Liberation Organization ("PLO") hereby respond to Plaintiffs' "Fifth Notice of Supplemental Authority" (DE 273) related to the *Daimler* personal jurisdiction issue raised in Defendants' pending motion for reconsideration (DE 233).

Plaintiffs' latest notice involves a decision from the federal district court in New York in *Sokolow v. PLO*, No. 04-cv-397 (S.D.N.Y.), in which the court ruled that the Palestinian Authority and PLO each is "essentially at home" in the United States under *Daimler AG v. Bauman*, 134 S. Ct. 746, 754, 760 (2014). Inexplicably, the district court held that the record is "insufficient" for it to conclude that either the Palestinian Authority or PLO "is 'at home' in a particular jurisdiction other than the United States." DE 273-1, Order at 4. This is akin to the district court saying the record is insufficient for it to find that Brazil is not "at home" in a jurisdiction other than the United States.

Notably, Plaintiffs here were not even willing to argue that the Palestinian Authority and PLO are "essentially at home" in the United States under *Daimler*. See DE 240 (Memo. in Opp.

to Defs.' Mot. for Reconsideration). Instead, Plaintiffs presented an array of other arguments, including waiver and specific jurisdiction.

The district court's alternate conclusion that *Daimler*'s "essentially at home" test applies only to corporations is wrong as a matter of law. *Daimler* states a defendant is "essentially at home" in a forum that is "an equivalent place" to an individual's domicile, which for a corporation would be its principal place of business. *Daimler*, 134 S. Ct. at 760. For a foreign government, as this Court recently held, the "equivalent place" is the forum where it governs. *Toumazou v. Turkish Republic of N. Cyprus*, No. 09-cv-1967, 2014 U.S. Dist. LEXIS 143535, at *11 (D.D.C. Oct. 9, 2014) (holding that the Turkish Republic of Northern Cyprus "is 'at home' in the northern Cyprus, as the name suggests, not in the District of Columbia"). *See also Krishanti v. Rajaratnam*, No. 2:09-cv-05395, 2014 U.S. Dist. LEXIS 58314, at *5, *15-21 (D.N.J. Apr. 28, 2014) (applying *Daimler* and dismissing for lack of personal jurisdiction a suit against a "Sri Lankan based non-governmental organization").

Other aspects of the district court's decision also are patently erroneous. On December 3, the PA and PLO filed a petition for writ of mandamus seeking immediate review of the district court's decision. *See* Exh. A (Petition for Writ of Mandamus, without exhibits).

Dated: December 5, 2014					Respectfully submitted,

*/s/* Laura G. Ferguson
Laura G. Ferguson (D.C. Bar No. 433648)
Richard A. Hibey (#74823)
Charles F. B. McAleer, Jr. (#388681)
Mark J. Rochon (#376042)
Timothy P. O'Toole (#469800)
MILLER & CHEVALIER CHARTERED
655 15th St., N.W. Suite 900
Washington D.C. 20005-6701
(202) 626-5800 (telephone)
(202)626-5801 (facsimile)
Email: lferguson@milchev.com

*Attorneys for Defendants The Palestinian Authority and The Palestine Liberation Organization*

1485220.1