UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Estate of Esther Klieman, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 04-1173 (PLF) (JMF) |
| | ) | |
| The Palestinian Authority, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

COME NOW the Plaintiffs, by and through counsel, and hereby file this Response to Defendants' Response to Plaintiffs' Fifth Notice of Supplemental Authority [D.E. 279].

On February 12, 2015 Defendants' filed Notice of Supplemental Authority, advising the Court of the February 11, 2015 decision by Judge Kollar-Kotelly in the *Livnat v. The Palestinian Authority*, C.A. No. 14-668-CKK (D.D.C., Feb. 11, 2015) (DE 29, 30) and *Safra v. The Palestinian Authority*, C.A. No. 14-669-CKK (D.D.C., Feb. 11, 2015) (DE 29, 30) cases. However, the decisions in the *Livnat* and *Safra* cases are procedurally and factually distinguishable from the case that is currently before this Court, and moreover for the reasons set forth in Plaintiffs' Opposition to Defendants' Motion for Reconsideration of the Court's December 29, 2006 and April 24, 2008 Interlocutory Orders on Personal Jurisdiction, Supplemental Memoranda and the oral argument held before this Court, Plaintiffs' take exception to the *Livnat* and *Safra* opinions as expressed by that court.

The procedural history of *Livnat* and *Safra* is quite different than this matter. *Livnat* and *Safra* were not filed until 2014, after the Supreme Court had announced its decision in 2011 in

1

*Goodyear*, and the Defendants raised a *Goodyear/Daimler* defense to personal jurisdiction in the Motion to Dismiss which was pending before Judge Kollar-Kotelly.  Conversely, this matter has been ongoing since 2004, and the Defendants have actively participated in litigation, including, but not limited to, appearing at multiple court hearings, depositions, discovery and ongoing trial preparation.  Moreover, and importantly, this active participation continued after 2011 when the United States Supreme Court announced its *Goodyear* decision, notwithstanding the Defendants' knowledge of same and citing of same in other proceedings.  Accordingly, as argued in Plaintiffs' Opposition to Defendants' Motion for Reconsideration of the Court's December 29, 2006 and April 24, 2008 Interlocutory Orders on Personal Jurisdiction, Supplemental Memorandums and the oral argument, the Defendants waived their argument to raise the *Goodyear* defense by failing to timely raise it when *Goodyear* was announced and by the Defendants' continued active engagement in the instant action before this Court.  Because the issue of waiver was not before the Court in the *Livnat* and *Safra* cases, Judge Kollar-Kotelly did not address whether the jurisdictional defense had in fact been waived.  Moreover, the *Livnat* and *Safra* decisions did not address whether the Defendants' arguments as to personal jurisdiction properly met the standards of a Motion for Reconsideration as the Plaintiffs here have argued in their Opposition to Defendants' Motion for Reconsideration.

Therefore, as *Livnat* and *Safra*  are procedurally and factually distinguishable from the procedure and facts that are currently before this Court, its precedential value is limited and for the reasons forth in Plaintiffs' Opposition to Defendants' Motion for Reconsideration of the Court's December 29, 2006 and April 24, 2008 Interlocutory Orders on Personal Jurisdiction, Supplemental Memoranda and the oral argument held before this Court, this Court should deny Defendants' Motion for Reconsideration.

| | |
|---|---|
| Dated:  February 18, 2015 | Respectfully submitted, |

*/s/Richard D. Heideman*
*/s/ Tracy Reichman Kalik*
Richard D. Heideman (No. 377462)
Noel J. Nudelman (No. 449969)
Tracy Reichman Kalik (No. 462055)
HEIDEMAN NUDELMAN & KALIK, P.C.
1146 19th Street, N.W., Fifth Floor
Washington, DC 20036
Telephone: 202-463-1818
Telefax: 202-463-2999

*Counsel to the Plaintiffs*