IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ESTATE OF ESTHER KLIEMAN, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE PALESTINIAN AUTHORITY, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 04-1173 (PLF) |

## JOINT STATUS REPORT

COME NOW the Parties, by and through counsel, and hereby respectfully file this Joint Status Report in the above referenced matter, hereinafter referred hereto as *Klieman I*. Because the Parties do not agree on the nature of further proceedings, Plaintiffs and Defendants separately state their respective positions below.

### PLAINTIFFS' POSITION STATEMENT

1. On August 18, 2020, *Klieman I* was remanded back to this Court for further proceeding following the decision in the appeal *the Estate of Esther Klieman, et al. v. Palestinian Authority*, et al., No. 15-7034 (D.C. Cir.). ("*Klieman Appeal*").

2. The United States Court of Appeals for the District of Columbia Circuit ordered that in light of the of the Promoting Security and Justice for Victims of Terrorism Act of 2019, H.R. 1865, 116th Cong., § 903 (December 20, 2019) ("PSJVTA"), this Court conduct further proceedings to examine the application of the new statute to this case ("Remand Order").

3. On August 19, 2020, this Court entered a Minute Order requesting that the parties file

a Joint Status Report addressing how the parties wished to proceed in light of the Remand Order.  Of note, the Court's Minute Order was entered in *the Estate of Esther Klieman, et al. v. Palestinian Authority*, et al., No. 18-3013-PLF ("*Klieman II*").  *Klieman II*, is a related case to this matter and has been stayed pursuant to this Court's April 20, 2019 Order (D.E. 20) pending the outcome of the *Klieman Appeal*.

4. The parties agree that *Klieman II* should continue to be stayed until this Court rules and takes further action on the Remand Order that has brought this case back before this Court.

5. With respect to *Klieman I,* the parties differ on how they each propose the Court should proceed in accordance with the Remand Order. The PA and PLO (Defendants) have indicated that they continue to challenge the personal jurisdiction of the Court.

6. In light of the PA and PLO's (Defendants) continued challenge to the personal jurisdiction of the Court, Plaintiffs contend and propose that the parties should immediately proceed with jurisdictional discovery, without further amendment of the Complaint as requested by the Defendants.

7. In the *Klieman Appeal*, the Plaintiffs argued that the Court had erred in ruling that it no longer had personal jurisdiction over the Defendants. During the pendency of the *Klieman Appeal*, Congress passed the PSJVTA, which further addressed the Court's personal jurisdictional over these Defendants.

8. The PSJVTA amends the statutory text in 18 U.S.C. § 2334(e).  In pertinent part, the PSJVTA mandates that the PA and PLO will have consented to personal jurisdiction in the United States courts in a civil action that is pending before the courts pursuant

> to 18 U.S.C. § 2333, such as this one,  if,
>
>> regardless of the date of the occurrence of the act of international terrorism upon which such civil action was filed the defendant—
>>
>> "(A) after the date that is 120 days[1] after the date of the enactment of the Promoting Security and Justice for Victims of Terrorism Act of 2019, makes any payment, directly or indirectly—
>>
>> "(i) to any payee designated by any individual who, after being fairly tried or pleading guilty, has been imprisoned for committing any act of terrorism that injured or killed a national of the United States, if such payment is made by reason of such imprisonment; or
>>
>> "(ii) to any family member of any individual, following such individual's death while committing an act of terrorism that injured or killed a national of the United States, if such payment is made by reason of the death of such individual; or
>>
>> "(B) after 15 days[2] after the date of enactment of the Promoting Security and Justice for Victims of Terrorism Act of 2019—
>>
>> "(i) continues to maintain any office, headquarters, premises, or other facilities or establishments in the United States;
>>
>> "(ii) establishes or procures any office, headquarters, premises, or other facilities or establishments in the United States; or
>>
>> "(iii) conducts any activity while physically present in the United States on behalf of the Palestine Liberation Organization or the Palestinian Authority."

Promoting Security and Justice for Victims of Terrorism Act of 2019 (PSJVTA), Pub. L. No. 116-94, div. J, tit. IX, § 903(c)(A)(B), 133 Stat. 3082-3085.[3]

9. Defendants have indicated they intend to continue their challenge to the personal jurisdiction of the Court; therefore it must determine whether the predicate requirements under the PSJVTA have been satisfied—such discovery would be

---

[1] April 20, 2020

[2] January 3, 2020

[3] Excepted from activities under paragraph B, are activities undertaken exclusively for the purposes of conducting official business of the United Nations, activities of officials of the United States that the Secretary of State deems to be in the national interest of the United States provided that the Secretary reports to the appropriate congressional committee on an annual basis that such activity is taken, and activity related to legal representation. Promoting Security and Justice for Victims of Terrorism Act of 2019 (PSJVTA), Pub. L. No. 116-94, div. J, tit. IX, § 903(c)(C), 133 Stat. 3082-3085.

constrained to the easily identifiable issues found in these predicate requirements which are listed above.

10. If a defendant raises the defense of lack of personal jurisdiction, the plaintiff will normally be afforded the opportunity to engage in discovery relating to jurisdictional facts. *See GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000) ("[I]f a party demonstrates that it can supplement its jurisdictional allegations through discovery, then jurisdictional discovery is justified."). Here, Plaintiffs would take discovery on the narrow issues encapsulated in the predicates established by the PSJVTA, as described above. In other words, Plaintiffs propose narrow discovery tailored to the foregoing, rather than "the non-specific and apparently wide-ranging jurisdictional discovery" as Defendants describe below. Satisfaction of the PSJVTA's requirements would complete a legally sufficient jurisdictional theory; an inquiry into these requirements is therefore a valid exercise. In Defendants' Statement below, Defendants aver to the Court that Plaintiffs have declined "to specify what jurisdictional discovery they would propound".  As there have been no discussions with the Defendants as to the scope of jurisdictional discovery, Plaintiffs take issue with the Defendants' representation to the Court. Plaintiffs are prepared to discuss the scope of jurisdictional discovery with Defendants, once the Court has determined how it wishes to proceed.

11. A "plaintiff is not required to plead the basis for personal jurisdiction over any defendant in the complaint." *W. Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 14 (D.D.C. 2011); *see also* 2 MOORE'S FEDERAL PRACTICE ¶ 8.03[1] (3d ed. 2007) (the plaintiff is not required to plead the basis for personal jurisdiction over any

defendant in the complaint); 4 Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1067.6 (3d ed. 2007) (collecting cases and noting that "under Federal Rule 8(a) plaintiffs are not required to plead the basis for personal jurisdiction over defendants").

12. When assessing whether there is personal jurisdiction over a defendant, "the Court is not limited to the four corners of the operative complaint, but rather may receive and weigh affidavits and other relevant matter to assist in determining jurisdictional facts." *Nat'l Women's Political Caucus, Inc. v. Metro. Louisville Women's Political Caucus, Inc.*, 359 F. Supp. 3d 13, 18 (D.D.C. 2019); *Xie v. Sklover & Co., LLC*, 260 F.Supp.3d 30, 37 (D.D.C. 2017). Plaintiffs may supplement their complaint in response to a motion to dismiss and fully satisfy the required showing for the proper assertion of personal jurisdiction. *See Reuber v. United States*, 750 F.2d 1039, 1052 (D.C. Cir. 1984). "In determining whether such a basis exists, factual discrepancies appearing in the record must be resolved in favor of the plaintiff." *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990) (citing *Reuber v. United States*, 750 F.2d at 1052).

13. Therefore, in accordance with the Remand Order, the parties must now engage in a jurisdictional inquiry to decide whether the Court may assert personal jurisdiction over the Defendants under the PSJVTA.

14. To make such a determination, jurisdictional discovery will be required. Such jurisdictional discovery will necessarily require not only information provided directly from the Defendants under oath, but also possibly third party discovery, including some issued to entities abroad pursuant to the Hague Convention of 18

March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention").

15. Plaintiffs anticipate a period of time at least until June 30, 2021 will be required for the conducting of the jurisdictional discovery, which accounts for delays due to the COVID-19 health crisis and the need to obtain information from third party and out of country sources. Plaintiffs propose that should the Court approve Plaintiffs' plan, the parties would update the Court on March 1, 2021 on the progress of this discovery.

## DEFENDANTS' POSITION STATEMENT

Following remand by the Supreme Court, our Court of Appeals first expressly reinstated its earlier affirmance of this Court's holdings rejecting general jurisdiction and specific jurisdiction over Defendants, and this Court's denial of Plaintiffs' requests for additional jurisdictional discovery, as follows:

> **ORDERED and ADJUDGED** that the portion of this court's judgment affirming the District Court's judgment relating to general jurisdiction, specific jurisdiction, and discovery, as discussed at *Estate of Esther Klieman v. Palestinian Authority*, 923 F.3d 1115, 1115-27 (D.C. Cir. 2019), be reinstated.

*Estate of Esther Klieman, et al. v. Palestinian Authority, et al.*, No. 15-7034 (D.C. Cir.). (Doc. #1857056). The Court of Appeals then remanded to this Court for determination of a single new issue potentially affecting personal jurisdiction, as follows:

> **FURTHER ORDERED AND ADJUDGED** that the case be remanded for further proceedings in light of the Promoting Security and Justice for Victims of Terrorism Act of 2019, H.R. 1865, 116th Cong., § 903 (December 20, 2019) [the "PSJVTA"].

*Id.*

That aspect of the Remand Order does not authorize the non-specific and apparently wide-

6

ranging jurisdictional discovery Plaintiffs propose. Notably, Plaintiffs (¶¶ 9-10) decline to specify what jurisdictional discovery they would propound, even though the law of this case, as expressly reinstated and reaffirmed by the Court of Appeals, remains that "[j]urisdictional discovery is not appropriate … 'in the absence of some specific indication regarding what facts additional discovery could produce.' The plaintiffs therefore must 'demonstrate with plausible factual support amounting to more than speculation or conclusory statements that discovery will uncover sufficient evidence' to establish personal jurisdiction." *Estate of Klieman v. Palestinian Auth.*, 82 F. Supp. 3d 237, 249 (D.D.C. 2015).

In affirming that aspect of this Court's decision, the Court of Appeals held that the determination whether jurisdictional discovery is warranted depends on "plaintiffs' allegations" concerning "plaintiff's personal jurisdiction theory." *Estate of Klieman*, 923 F.3d at 1127; *Livnat v. Palestinian Auth.*, 851 F.3d 45, 57-58 (D.C. Cir. 2017) (jurisdictional discovery properly denied when it would not support a legally sufficient "jurisdictional theory" as articulated in plaintiffs' complaint).

Plaintiffs are not entitled to jurisdictional discovery at this time because their Complaint does not allege any PSJVTA-based personal jurisdiction theory, nor have they provided "plausible factual support amounting to more than speculation or conclusory statements that discovery will uncover sufficient evidence to establish personal jurisdiction" under the PSJVTA. *See Estate of Klieman*, 82 F. Supp. 3d at 249 (internal quotations and citations omitted). Plaintiffs' refusal to identify their proposed discovery requests inevitably will lead to discovery disputes, whose resolution will require Plaintiffs to state their PSJVTA-based jurisdictional theory. Plaintiffs cannot avoid doing at this time what they would have to do at that time.

"The plaintiffs bear the burden of establishing a *prima facie* showing that the Court has

personal jurisdiction over the PA and the PLO." *Estate of Klieman*, 82 F. Supp. 3d at 243.  The Complaint in this action alleges personal jurisdiction over the PA and PLO (Dkt. #1, ¶ 2) on bases that this Court and the Court of Appeals have rejected.  Plaintiffs now must attempt to establish a new and alternative *prima facie* showing of jurisdiction under the PSJVTA.  Plaintiffs' burden to do so is not excused by *W. Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 14 (D.D.C. 2011), which addressed jurisdictional objections made by third parties who had not yet been named as defendants in a complaint.  By contrast, when as here "a defendant raises the defense of a lack of personal jurisdiction", a complaint cannot dispense with jurisdictional allegations aimed at making a *prima facie* showing of personal jurisdiction over named defendants.  *Id.*; *see also supra* at ¶ 9 (Plaintiffs acknowledge that "Defendants … intend to continue their challenge to the personal jurisdiction of the Court").

As a result, Defendants submit that Plaintiffs must amend their Complaint to allege their PSJVTA-based theory of personal jurisdiction.[4]  Once Plaintiffs have done so, Defendants can evaluate their appropriate next step, including a motion to dismiss the amended complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).  Defendants proposed this approach to Plaintiffs during the Parties' conference in advance of this submission, and Plaintiffs rejected Defendants' proposal.

Accordingly, Defendants respectfully submit, subject to approval of the Court, that Plaintiffs should be directed to file an amended complaint stating their jurisdictional allegations under the PSJVTA, not later than October 1, 2020; and, that Defendants should be directed to file their response to Plaintiffs' amended complaint, including any Rule 12(b)(2) motion to dismiss,

---

[4] For the avoidance of doubt, Defendants do not agree with Plaintiffs' analysis of the PSJVTA as set forth in paragraph 8 and footnote 3 of their position statement above.  Defendants will brief their position fully at the appropriate time.

8

thirty days thereafter.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| September 9, 2020 | HEIDEMAN NUDELMAN & KALIK P.C.<br>1146 19th Street, 5th Floor<br>Washington, DC  20036<br>Telephone:  202-463-1818<br>Telefax:  202-463-2999<br>Email:  rdheideman@hlnklaw.com<br><br>By:_____*/s/ Tracy Reichman Kalik*_____<br>        Richard D. Heideman (No. 377462)<br>        Noel J. Nudelman (No. 449969)<br>        Tracy Reichman Kalik (No. 462055)<br><br>PERLES LAW FIRM, P.C.<br>Steven R. Perles<br>Edward B. MacAllister<br>1050 Connecticut Ave., N.W.<br>Suite 500<br>Washington, D.C. 20036<br>(202) 955-9055<br><br>Counsel for Plaintiffs |

**SQUIRE PATTON BOGGS (US) LLP**

<u>/s/ *Gasson A. Baloul*</u>
Gassan A. Baloul
gassan.baloul@squirepb.com
Mitchell R. Berger
mitchell.berger@squirepb.com
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile:  (202) 457-6315

*Attorneys for Defendants*