IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| _____ ) | | |
| ESTATE OF ESTHER KLIEMAN, et al., ) | | |
| ) | | |
| Plaintiffs, ) | Civil Action No. 04-1173 (PLF) | |
| ) | | |
| v. ) | | |
| ) | | |
| THE PALESTINIAN AUTHORITY, et al., ) | | |
| ) | | |
| Defendants. ) | | |
| _____ ) | | |

## JOINT STATUS REPORT

COME NOW the Parties, by and through counsel, and in accordance with the Court's

December 2, 2020 Order (D.E. 298) permitting jurisdictional discovery pursuant to the Promoting

Security and Justice for Victims of Terrorism Act of 2019 (PSJVTA), Pub. L. No. 116-94, div. J, tit.

IX, § 903, 133 Stat. 3082-3085 hereby respectfully file this Joint Status Report.

1.      The parties have met and conferred as directed by the Court.  Plaintiffs have

advised the Defendants that in keeping with the statute they intend to issue written discovery,

take oral testimony in limited depositions, and engage in limited third-party discovery to inquire

into areas that the PSJVTA identifies for conferring jurisdiction over these Defendants.  Namely:

a.  Whether after April 18, 2020, the PA and/or PLO has made "any payment,

directly or indirectly—(i) to any payee designated by any individual who,

after being fairly tried or pleading guilty, has been imprisoned for committing

any act of terrorism that injured or killed a national of the United States, if

such payment is made by reason of such imprisonment; or (ii) to any family

member of any individual, following such individual's death while

committing an act of terrorism that injured or killed a national of the United

States, if such payment is made by reason of the death of such individual."

b.   Whether after January 4, 2020, the Defendants "(i) continue[d] to maintain

any office, headquarters, premises, or other facilities or establishments in the

United States; (ii) establishe[d] or procure[d] any office, headquarters,

premises, or other facilities or establishments in the United States; or (iii)

conduct[ed] any activity while physically present in the United States on

behalf of the Palestine Liberation Organization or the Palestinian Authority."

*See Promoting Security and Justice for Victims of Terrorism Act of 2019* (PSJVTA), Pub. L. No.

116-94, div. J, tit. IX, § 903(c)(A)(B), 133 Stat. 3082-3085.

2.      As Plaintiffs advised in the September 9, 2020 Joint Status Report (D.E. 296),

Plaintiffs intend to seek jurisdictional discovery directly from the Defendants.  Plaintiffs also

intend to seek jurisdictional discovery from third parties.    Plaintiffs anticipate that jurisdictional

discovery in this matter may potentially require issuing discovery to entities abroad pursuant to

the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or

Commercial Matters (the "Hague Convention").  Defendants submit that Plaintiffs should be

required to meet and confer with Defendants concerning the identity of the proposed third parties

from whom or which they intend to seek jurisdictional discovery, consistent with the Court's

order that such discovery must be "narrowly tailored to the areas proposed by the Klieman

estate" and that the parties should discuss the anticipated "scope of discovery consistent with

these principles."  Mem. Opn. & Order (12/2/20) (Dkt. #298), at 2.  To date, Plaintiffs have

declined Defendants' request to identify any such third parties.  Plaintiffs' position is that it is

unnecessary at this time to identify any such third parties, nor could they identify all such third

2

parties with certainty until Defendants' initial responses have been reviewed.

3.      Due to the potential need to obtain information from third parties and out of country sources and the continuing delays arising from the COVID-19 health crisis, it is not possible at this time to estimate how long the parties will need to conduct said jurisdictional discovery.  Plaintiffs believe that at the very least a period of 9 months from the date the Court issues its Order on jurisdictional discovery will be needed. The delays arising from the health crisis as it unrolls next year as well as delays resulting from third party and Hague Convention requests cannot be accurately forecast at this time.

4.      The parties have agreed that Plaintiffs will issue their initial written discovery to the Defendants within 21 days of the Court's entry of the Jurisdictional Discovery Schedule. Defendants will endeavor to provide written responses within 30 days thereafter, subject to the following:  (1) Defendants reserve all objections to specific written discovery requests, given that Plaintiffs have not made or particularized any such requests at this time; and (2) Defendants may require additional time beyond 30 days to respond to Plaintiffs' written discovery requests, particularly in light of the COVID-19 health crisis, and thus reserve the right to seek reasonable extensions of time to respond.

5.      In addition, the Plaintiffs state that they anticipate the taking of depositions in accordance with the Court's December 2, 2020 Order.  Defendants reserve all objections to any such depositions, including on the basis that Plaintiffs' proposed initial written discovery may be sufficient to provide the "narrowly tailored" jurisdictional discovery allowed by the Court's December 2, 2020 Order, and that depositions accordingly would not be "proportional to the needs of the case" as required by Fed. R. Civ. Pro. 26(b)(1).  *See*, *e.g.*, *Prasad v. George Washington Univ.*, 323 F.R.D. 88, 99 (D.D.C. 2017) (Harvey, U.S.M.J.).

6.      Plaintiffs contend that they have the right to propound additional written discovery after receipt and review of responses to Plaintiffs' written discovery and upon the taking of depositions of the Defendants and/or other third parties.  In addition to reserving their objections to any such depositions as noted above, Defendants reserve all objections to any such additional written discovery, including on the basis that Plaintiffs' proposed initial written discovery may be sufficient to provide the "narrowly tailored" jurisdictional discovery allowed by the Court's December 2, 2020 Order, and that additional written discovery accordingly would not be "'proportional to the needs of the case' under Fed. R. Civ. Pro. 26(b)(1)." *See*, *e.g.*, *Youssef v. Lynch*, Civil Action No. 11-1262 (CKK), 2016 U.S. Dist. LEXIS 4665, at *13 (D.D.C. 2016).

7.       Defendants reserve their right to seek reciprocal jurisdictional discovery, including, but not limited to, the issuance of contention interrogatories to Plaintiffs.  Plaintiffs object to any attempt by Defendants to propound reciprocal jurisdictional discovery, including, but not limited to, the issuance of contention interrogatories to Plaintiffs, as Plaintiffs contend that the Court's December 2, 2020 Order does not permit reciprocal jurisdictional discovery.

8.      The parties have agreed that once the Court enters its Jurisdictional Discovery Schedule they will update the Court 90 days after the entry of the Jurisdictional Discovery Schedule on the progress of the jurisdictional discovery, and every 90 days thereafter.

Respectfully Submitted,

December 18, 2020                        HEIDEMAN NUDELMAN & KALIK P.C.
                                        1146 19th Street, 5th Floor
                                        Washington, DC  20036
                                        Telephone:  202-463-1818
                                        Telefax:  202-463-2999
                                        Email:  rdheideman@hlnklaw.com

                                        By  /s/ *Tracy Reichman Kalik*

4

Richard D. Heideman (No. 377462)
Noel J. Nudelman (No. 449969)
Tracy Reichman Kalik (No. 462055)

PERLES LAW FIRM, P.C.
Steven R. Perles
Edward B. MacAllister
1050 Connecticut Ave., N.W.
Suite 500
Washington, D.C. 20036
(202) 955-9055

Counsel for Plaintiffs

**SQUIRE PATTON BOGGS (US) LLP**

/s/ *Gassan A. Baloul*
Gassan A. Baloul
gassan.baloul@squirepb.com
Mitchell R. Berger
mitchell.berger@squirepb.com
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile:  (202) 457-6315

*Attorneys for Defendants*

5