IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Estate of Esther Klieman, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 04-1173 (PLF) |
| ) | |
| The Palestinian Authority, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MOTION FOR AN ORDER TO COMPEL JURISDICTIONAL
DISCOVERY FROM THE DEFENDANTS**

COME NOW the Plaintiffs, by and through their undersigned counsel and pursuant to Fed. R. of Civ. P. 26(b) and 37(a) respectfully move this Court for an order to compel Defendants Palestinian Authority (PA) and Palestine Liberation Organization (PLO) to (a) comply with certain timely served and proper discovery requests to which Defendants have failed to adequately respond, and (b) overrule certain meritless objections that Defendants continue to assert in their refusal to comply, even after Plaintiffs' good faith efforts to meet and confer.

For the reasons set forth in Plaintiffs' Memorandum in Support Plaintiffs' Motion to Compel Jurisdictional Discovery from the Defendants, Plaintiffs' Motion should be granted *in toto*. Defendants accordingly should be compelled to comply with Plaintiffs' revised requests as set forth below.

Specifically, and as set forth in Plaintiffs counsel's email of September 14, 2021 (attached as Exhibit S to Plaintiff's Memorandum in support of this Motion), Plaintiffs seek responses to the following discovery which Plaintiffs contend remain deficient: Initial RQPD Nos. 19-24, 32-35,

1

39-42, and 45-49; Initial ROG Nos. 9-11; and Initial RFAs Nos. 21-25, and 46-50. Defendants have also yet to respond to any of Plaintiffs' supplemental discovery requests.[1] In an effort to reach a compromise in good faith, Plaintiffs' counsel sent an email to Defendants' counsel on September 14 (Exhibit S) identifying the set of discovery requests to which Defendants' response remained deficient and proposing to further narrow the scope and breadth of some of those requests in exchange for Defendants' compliance with the revised requests. Defendants' counsel responded on September 17, (attached as Exhibit T to Plaintiff's Memorandum in support of this Motion) continuing to assert similar objections, while neither providing any additional information nor committing to do so in the future.

Plaintiffs' email of September 14, identified the following modifications:

1) <u>Requests pertaining to Defendants' relevant financial records</u> (RQPDs Nos. 20-24, 39-40; ROGs Nos. 9-10; and RFAs Nos. 23, and 48), which seek to discover whether any of Defendants' expenditures for activities in the U.S would constitute Defendants' consent to jurisdiction under the Activities Prong of the PSJVTA. In an effort to avoid court action, Plaintiffs proposed to withdraw RQPD Nos. 21-24;

2) <u>Requests for calendars of Defendants' U.S.-based employees</u> (RQPDs Nos. 34, and 45-49), which seek to discover any activities in which such employees may have engaged that would constitute Defendants' consent to jurisdiction under the Activities Prong of the PSJVTA. In an effort to avoid court action, Plaintiffs proposed to only seek calendars for those employees for whom no calendars have been produced;

3) <u>Requests related to the U.S. activities and travel of Palestinian Authority President Mahmoud Abbas</u> (RQPDs Nos. 41-42; and ROG No. 11), which seek to discover President Abbas' activities during any disclosed or undisclosed trips to the United States that would constitute Defendants' consent to jurisdiction under the Activities Prong of the PSJVTA. In an effort to avoid court action, Plaintiffs proposed that Defendants either (a) admit that since January 4, 2020, Palestinian Authority President Mahmoud Abbas has not traveled to the U.S. or engaged in activities in U.S. other than to attend and participate in the February 11, 2020 press conference;

---

[1] As Plaintiffs issued Supplemental Discovery Requests on September 3, Defendants' responses to those are not due yet at the time of the filing of this Motion and therefore until Defendants respond to those it is unknown whether Defendants will raise the same objections which are the subject of this Motion.

2

    or (b) identify all dates on or after January 4, 2020 when President Abbas has been physically present in the U.S. and his calendar of activities for each of those dates;

4) <u>Request regarding any instructions given on or after May 17, 2018 to any natural or legal person to limit U.S. activities</u> (RQPD No. 19), which seeks to discovery whether Defendants undertook any efforts to avoid engaging in U.S. activities that would constitute Defendants' consent to jurisdiction under the Activities Prong of the PSJVTA;

5) <u>Request regarding Defendants' communications with media outlets</u> (RQPD No. 33), which seeks to discovery whether Defendants participated in any interviews with media outlets that would constitute Defendants' consent to jurisdiction under the Activities Prong of the PSJVTA.  In an effort to avoid court action, Plaintiffs proposed to narrow this request to seek only those media communications, including those made on background or off the record, that were made on or after January 4, 2020 and are not otherwise available in the public domain;

6) <u>Requests regarding activities and/or labor performed by Defendants' U.S.-based employees</u> (specifically RFAs Nos. 21-22, and 46), which seek to ascertain whether any of Defendants' U.S.-based employees engaged in labor or activities that would constitute Defendants' consent to jurisdiction under the Activities Prong of the PSJVTA.  As Defendants continue to assert blanket Immunities Objections in refusing to disclose any such information, in an effort to avoid court action, Plaintiffs proposed that Defendants provide a list of all specific activities performed by Defendants' U.S.-based employees that Defendants maintain are exempted from PSJVTA jurisdiction; and

7) <u>A more complete response to RFA No. 47</u>, which lists some U.S.-based activities that Defendants admitted to engaging in after January 4, 2020.  Deposition transcripts from the *Shatsky* matter reveal other similar activities that Defendants did not list in this response.  As such Plaintiffs request that Defendants list every instance in which an employee of the Defendants participated in an event either from a location in the U.S. or that was marketed to a U.S. audience after January 4, 2020, including any such event disclosed in the jurisdictional discovery depositions conducted in the *Shatsky* case.

*See* Exhibit S.

    WHERFORE, for the reasons set forth in Plaintiffs' Memorandum of Law in support of this Motion, Plaintiffs move for an order from this Court finding Defendants' objections are without merit, and compelling Defendants to answer and provide the jurisdictional discovery sought above.

## LCvR.7(m) CERTIFICATION

Pursuant to Local Rule 7(m), Plaintiffs' counsel state that they conferred with Defendants' counsel regarding this motion in a good-faith effort to narrow the scope of the dispute between them. The Defendants have indicated that they will oppose this Motion.

Dated: September 30, 2021                    Respectfully submitted,

/s/Tracy Reichman Kalik

Richard D. Heideman (No. 377462)
Noel J. Nudelman (No. 449969)
Tracy Reichman Kalik (No. 462055)
Joseph H. Tipograph (No. 997533)
HEIDEMAN NUDELMAN & KALIK, P.C.
5335 Wisconsin Ave., Suite 440
Washington, DC 20015
Phone: (202) 463-8018
Telefax: 202-463-2999

PERLES LAW FIRM, P.C
Steven R. Perles (No. 326975)
Edward MacAllister (No. 494558)
Telephone: 202-955-9055
Telefax: 202-955-3806

*Counsel to the Plaintiffs*