# EXHIBIT O

| | |
|---|---|
| **From:** | Berger, Mitchell |
| **To:** | Tracy R. Kalik; Noel J. Nudelman; Joseph H. Tipograph; emacallister@perleslaw.com; Richard D. Heideman |
| **Cc:** | Baloul, Gassan A.; Alonzo, Joseph; Brown Doolittle, Amy |
| **Subject:** | RE: Klieman, et al. v. Palestinian Authority et al. |
| **Date:** | Thursday, July 29, 2021 12:09:53 PM |

EXTERNAL EMAIL
Dear Tracy,

I am currently in Amman for depositions of the *Shatsky* 30(b)(6) witnesses, but wanted to respond to outstanding matters from our below communications.

First, we will produce to you the transcripts of the five *Shatsky* depositions relating to the U.S.-activity prong of the PSJVTA, including the two third-party witnesses, Fuad Ateyeh and Awni Abu Hbda. Given that the deposition transcripts of Ambassador Riyad Mansour, Ambassador Feda Abdelhady-Nasser, and Nadia Ghannam have been designated as Confidential in *Shatsky*, we will provide those transcripts to you upon written confirmation that the *Klieman* Plaintiffs will treat those depositions as Confidential under the *Klieman* Stipulated Protective Order. We will redact from Nadia Ghannam's deposition the testimony concerning her medical condition. We will also produce to you the exhibits from the depositions of Ambassador Mansour, Ambassador Abdelhady-Nasser, and Ms. Ghannam, and the non-confidential exhibits from the third-party depositions of Fuad Ateyeh and Awni Abu Hbda. Please note that certain of the exhibits are marked "Confidential," and therefore are governed by the provision of paragraph 6(d) of the Stipulated Protective Order concerning "documents already bearing the word 'Confidential'".

Counsel for the *Shatsky* Plaintiffs have agreed to withdraw their deposition notice as to Nadya Rasheed, which had previously been scheduled as a sixth deposition on the U.S. activity prong.

Second, as to your request that we identify the discovery requests to which our July 16 production of JD02005-02021 responds, please note that Klieman-JD02005-11 are responsive to RPDs 6 and 13 and ROGs 2, 4, and 6, and Klieman-JD02012-21 are responsive to RPDs 6, 8, and 10.

Third, and for several reasons, we take issue with your statement in your July 19 email that Defendants "have not produced any documents responsive to RPDs 1-2, 5, 7, 9, 11(c), 11(d), 12, 14-17, 19-33 and 35-51."

- We have produced documents responsive to a number of these requests. In particular, JD00002 is responsive to RPD 11(c); JD00005 is responsive to RPD 11(d); and JD00007 is responsive to RPDs 17, 27, and 30. Additionally, and without subscribing to the legal characterizations embedded in Plaintiffs' RPDs, the calendars we have produced for Ambassador Mansour and Ambassador Abdelhady-Nasser are responsive to RPDs 43 and 44, respectively, and the pages of Nadia Ghannam's personal planner that contain work-related entries, which

we will provide in connection with her deposition transcript, are responsive to RPD 50.

- We can confirm that there are no documents responsive to RPD 26 or RPD 45. Moreover, while RPDs 28-29 are objectionable in that they purport to seek documents prior to January 4, 2020, we can confirm that there are no documents responsive to those RPDs dated on or after January 4, 2020, which is the only time-period potentially relevant to PSJVTA jurisdictional discovery.
- RPDs 25, 31, and 36-38 seek "All documents concerning" Defendants' websites and social media accounts on or after January 4, 2020. During that period, Defendants have maintained public Facebook and Twitter accounts and a publicly-accessible website, palestineun.org. The posts and content on those sites are as easily accessible to Plaintiffs as they are to Defendants. Additionally, Nadia Ghannam, who is the Mission's social media manager, testified about these issues at length during her deposition, and Ambassadors Mansour and Abdelhady-Nasser also testified about them during their depositions.
- Finally, we will produce transcripts of the *Shatsky* 30(b)(6) depositions, relating to the "payment" prong of the PSJVTA as soon as those depositions are completed and we have received the transcripts, and upon written confirmation that the *Klieman* Plaintiffs will treat those depositions as Confidential under the Stipulated Protective Order, given that they will be designated as Confidential in *Shatsky*. The 30(b)(6) depositions will provide additional information concerning the previously-produced documents.
- The remaining RPDs continue to be objectionable for the reasons we have previously stated. Indeed, these RPDs are now even more needlessly cumulative and not proportional to the needs of the case given the thousands of pages of documents and multiple deposition transcripts that we have produced.

Once you have had the opportunity to review the attached deposition transcripts, and you have completed your review of our document production to date, we trust you will conclude that no additional jurisdictional discovery is necessary or appropriate. That is certainly the position that Defendants will take in the status report to the Court due next week.

Finally, going forward, please copy my partner Amy Brown Doolittle (added here) on our communications. Many thanks.

Regards,

Mitch

**Mitchell R. Berger**
Squire Patton Boggs (US) LLP
2550 M Street NW
Washington, DC 20037

T  +1 202 457 5601
F  +1 202 457 6315

mitchell.berger@squirepb.com | squirepattonboggs.com

**From:** Tracy R. Kalik <trkalik@hnklaw.com>
**Sent:** Friday, July 23, 2021 1:49 PM
**To:** Berger, Mitchell <mitchell.berger@squirepb.com>; Noel J. Nudelman <njnudelman@hnklaw.com>; Joseph H. Tipograph <jhtipograph@hnklaw.com>; emacallister@perleslaw.com; Richard D. Heideman <rdheideman@hnklaw.com>
**Cc:** Baloul, Gassan A. <gassan.baloul@squirepb.com>; Alonzo, Joseph <joseph.alonzo@squirepb.com>
**Subject:** [EXT] RE: Klieman, et al. v. Palestinian Authority et al.

Mitch,

We have received your July 21 email and will get back to you further regarding the points not addressed below.
At this time, we believe a meet and confer is premature, as we have not completed our review of your recent large document production. Nor have we received or had the opportunity to review the deposition transcripts from the *Shatsky* case to which you referred.

As we have not reviewed those depositions, we cannot agree that the production of the Shatsky depositions, or the documents produced to date with regards to Prong 2 would "far exceed the 'limited' and 'narrowly tailored jurisdictional discovery' allowed by the Court." Until we have reviewed the depositions, we reserve the right to conduct our own jurisdictional discovery, including the taking of testimony under oath, from any individual we notice on the relevant topics.

Secondly, please identify the specific Interrogatories and/or Requests for Production of Documents to which your July 16 production of JD02005-02021 responds.

Regards,
Tracy

Tracy Kalik

Tracy Reichman Kalik

HEIDEMAN
NUDELMAN
KALIK, PC

*** Please Note New Contact information****

Heideman Nudelman & Kalik, PC
5335 Wisconsin Ave., NW, Suite 440
Washington, DC  20015
trkalik@hnklaw.com
(Main) 202.463.1818
(Direct) 202.463.8020

(Fax)  202.463.2999

**From:** Berger, Mitchell <mitchell.berger@squirepb.com>
**Sent:** Wednesday, July 21, 2021 8:13 AM
**To:** Tracy R. Kalik <trkalik@hnklaw.com>; Noel J. Nudelman <njnudelman@hnklaw.com>; Joseph H. Tipograph <jhtipograph@hnklaw.com>; emacallister@perleslaw.com; Richard D. Heideman <rdheideman@hnklaw.com>
**Cc:** Baloul, Gassan A. <gassan.baloul@squirepb.com>; Alonzo, Joseph <joseph.alonzo@squirepb.com>
**Subject:** RE: Klieman, et al. v. Palestinian Authority et al.

EXTERNAL EMAIL

Dear Tracy,

Your July 19 email inexplicably misreads both my July 13 email and Defendants' verified interrogatory answers ## 3 and 4, which state that "Defendants do not contest for purposes of this case that they have made at least one payment that falls within 18 U.S.C. § 2334(e)(1)(A)." Those answers—particularly when coupled with the extensive written discovery already provided by Defendants concerning the "payment" prong of the PSJVTA, and Defendants' offer to let the *Klieman* Plaintiffs use the upcoming *Shatsky* 30(b)(6) depositions on the "payment" prong—obviate the need for any additional discovery on the "payment" prong, including depositions.  See also *Prasad v. George Washington University*, 323 F.R.D. 88, 99 (D.D.C. 2017) (Harvey, U.S.M.J.) (depositions that "merely replow the same field" as written discovery are impermissibly "duplicative or cumulative."). Defendants therefore will oppose the depositions your email describes as designed "to inquire into the factual predicates of prong 1" (the payment prong).  Accordingly, please let us know when Plaintiffs' counsel are available for a meet and confer call in advance of Defendants' motion for protective order concerning any such depositions.  In the meantime, and consistent with the D.C. Bar principles appended to the Court's Local Rules, please do not unilaterally schedule depositions.

As for the U.S.-activity prong of the PSJVTA, Defendants' position remains as stated in my email of July 13.  In particular, given the written discovery on this prong that Defendants have produced to date, and Defendants' offer to let the *Klieman* Plaintiffs use the *Shatsky* depositions concerning this prong (six of which will have been taken in *Shatsky* by July 30), any further jurisdictional discovery on the U.S.-activity prong would far exceed the "limited" and "narrowly tailored" jurisdictional discovery allowed by the Court.

Regards,

Mitch

## Mitchell R. Berger

Squire Patton Boggs (US) LLP
2550 M Street NW
Washington, DC 20037

T  +1 202 457 5601
F  +1 202 457 6315

mitchell.berger@squirepb.com  |  squirepattonboggs.com

---

**From:** Tracy R. Kalik <trkalik@hnklaw.com>
**Sent:** Monday, July 19, 2021 3:46 PM
**To:** Berger, Mitchell <mitchell.berger@squirepb.com>; Noel J. Nudelman <njnudelman@hnklaw.com>; Joseph H. Tipograph <jhtipograph@hnklaw.com>; emacallister@perleslaw.com; Richard D. Heideman <rdheideman@hnklaw.com>
**Cc:** Baloul, Gassan A. <gassan.baloul@squirepb.com>; Alonzo, Joseph <joseph.alonzo@squirepb.com>
**Subject:** [EXT] RE: Klieman, et al. v. Palestinian Authority et al.

Mitch,

Thank you for your July 13 email.  We note in your email below that Defendants cannot agree to any of the first three paragraphs that we proposed in the draft Stipulation, "because they are inconsistent with the Defendants' responses", leaving only the two paragraphs (4 & 5), which do not establish any points and therefore cannot narrow the scope of any of Plaintiffs' discovery requests.  We therefore construe your response as an outright rejection of our proposal with no counterproposal provided.

You later state: "Defendants' responses to Plaintiffs' Interrogatories (including particularly responses ## 3 and 4): "Defendants do not contest for purposes of this case that they have made at least one payment that falls within 18 U.S.C. § 2334(e)(1)(A)")."  But based upon your earlier rejection of the first three paragraphs of the draft stipulation without counter proposal, as well as your responses to Requests for Admissions ##30-33 (for example), we understand you will contest every other factual issue presented in the first prong of the PSJVTA.  In light of your rejection of the draft Stipulation, we will be scheduling depositions shortly to inquire into the factual predicates of prong 1, as well as prong 2, where required.

With respect to the pending outstanding document requests, we see that you state that the documents you provided are responsive to RPDs 3-4, 6, 8, 10, 11(a), 11(b), 13, 18, and 34.  We are in the process of reviewing these documents and will advise if we deem your productions fully satisfy any of these referenced requests.  We note that you have not produced any documents responsive to RPDs 1-2, 5, 7, 9, 11(c), 11(d), 12, 14-17, 19-33 and 35-51.  We are similarly continuing to review your amended responses to our Interrogatories and Requests for Admissions and will advise to the extent we deem any item to be satisfied by your response.

At this time, we are unable to agree that the Defendants have provided Plaintiffs sufficient jurisdictional discovery under either prong of the PSJVTA and we are therefore unable to agree to suspend any jurisdictional discovery requests.

Regards,
Tracy

Tracy Reichman Kalik

**HEIDEMAN NUDELMAN KALIK, PC**

*** Please Note New Contact information****

Heideman Nudelman & Kalik, PC
5335 Wisconsin Ave., NW, Suite 440
Washington, DC  20015
trkalik@hnklaw.com
(Main) 202.463.1818
(Direct) 202.463.8020
(Fax)  202.463.2999

---

**From:** Berger, Mitchell <mitchell.berger@squirepb.com>
**Sent:** Tuesday, July 13, 2021 11:04 AM
**To:** Tracy R. Kalik <trkalik@hnklaw.com>; Noel J. Nudelman <njnudelman@hnklaw.com>; Joseph H. Tipograph <jhtipograph@hnklaw.com>; emacallister@perleslaw.com; Richard D. Heideman <rdheideman@hnklaw.com>
**Cc:** Baloul, Gassan A. <gassan.baloul@squirepb.com>; Alonzo, Joseph <joseph.alonzo@squirepb.com>
**Subject:** RE: Klieman, et al. v. Palestinian Authority et al.

EXTERNAL EMAIL
Dear Tracy,

I believe the last remaining item from your July 7 email is Plaintiffs' proposed stipulation.  Defendants cannot agree to paragraphs 1-3 of that stipulation because they are inconsistent with the Defendants' responses (as amended) to Plaintiffs' Interrogatories and Requests for Admissions.  Further, it is Defendants' position that they have provided Plaintiffs sufficient jurisdictional discovery concerning the martyr and prisoner payments prong of the PSJVTA in light of:

- The more than 2000 pages of documents produced in response to the *Klieman* Plaintiffs' discovery requests as identified, and linked to Defendants' document requests and Interrogatories, in Joe's email below;

  Defendants' responses to Plaintiffs' Interrogatories (including particularly responses ## 3 and 4: "Defendants do not contest for purposes of this case that they have made at least one payment that falls within 18 U.S.C. § 2334(e)(1)(A)");
- Defendants' responses to Plaintiffs' Requests for Admission (including, particularly, responses ##1, 27, 30, 31, and 33); and,
- Defendants' standing offer to provide the *Klieman* Plaintiffs access to the ongoing PSJVTA jurisdictional discovery being taken by the *Shatsky* Plaintiffs.

Further, it is Defendants' position that their document production, answers to the *Klieman* Plaintiffs' Interrogatories, and responses to the *Klieman* Plaintiffs' Requests for Admissions to date, together with their standing offer to provide the *Klieman* Plaintiffs access to the ongoing PSJVTA jurisdictional discovery being taken by the *Shatsky* Plaintiffs, provide sufficient jurisdictional discovery in this action concerning the factual predicates of 18 U.S. C. §2334(e)(1)(B).  Defendants accordingly believe that this obviates paragraph 6 of Plaintiffs' proposed stipulation.

As always, we are available to meet and confer on these issues in advance of the due date of the next status report.

Regards,

Mitch

**Mitchell R. Berger**
Squire Patton Boggs (US) LLP
2550 M Street NW
Washington, DC 20037

T  +1 202 457 5601
F  +1 202 457 6315

[mitchell.berger@squirepb.com](mailto:mitchell.berger@squirepb.com) | squirepattonboggs.com

---

**From:** Alonzo, Joseph <joseph.alonzo@squirepb.com>
**Sent:** Monday, July 12, 2021 11:04 AM
**To:** trkalik@hnklaw.com; njnudelman@hnklaw.com; jhtipograph@hnklaw.com; emacallister@perleslaw.com; rdheideman@hnklaw.com
**Cc:** Baloul, Gassan A. <gassan.baloul@squirepb.com>; Berger, Mitchell <mitchell.berger@squirepb.com>
**Subject:** RE: Klieman, et al. v. Palestinian Authority et al.

Tracy,

The following is a link to download a password-protected file containing documents being produced on behalf of the PA and/or the PLO:  https://squirepb.sharefile.com/d-seddabc84b9954206a4d1618ebf7c385f.  I will send the password momentarily under separate cover.  These documents are being produced subject to all of the general objections and specific objections set forth in Defendants' written objections and responses to Plaintiffs' discovery requests.

Below is a chart identifying the specific interrogator(ies) and/or request(s) for production to which the documents correspond.

| Klieman-JD00008-00245 | RPDs 3, 13; ROGs 2, 3(a), 6 |
| --- | --- |
| Klieman-JD00246-00280 | RPDs 6, 13; ROGs 2, 4, 6 |
| Klieman-JD00281-00287 | RPDs 6, 11(a), 13; ROGs 2, 4, 5(a), 6 |
| Klieman-JD00288-00289 | RPDs 6, 11(b), 13; ROGs 2, 4, 5(b), 6 |
| Klieman-JD00290-00530 | RPDs 6, 13; ROGs 2, 4, 6 |
| Klieman-JD00531-00540 | RPD 18 |
| Klieman-JD00541-00554 | RPD 34 |
| Klieman-JD00555-01097 | RPDs 3, 4, 10; ROG 3(b) |
| Klieman-JD01098-01895 | RPDs 6, 8, 10 |
| Klieman-JD01896-01903 | RPDs 6, 13; ROGs 2, 4 |
| Klieman-JD01904-02004 | RPDs 6, 8, 10 |

Best regards,
Joe



**Joseph S. Alonzo**
Partner
Squire Patton Boggs (US) LLP
1211 Avenue of the Americas, 26th Floor
New York, New York 10036
T  +1 212 872 9831
O  +1 212 872 9800
F  +1 212 872 9815
joseph.alonzo@squirepb.com | squirepattonboggs.com

**From:** Tracy R. Kalik <trkalik@hnklaw.com>

**Sent:** Wednesday, July 7, 2021 5:26 PM
**To:** Berger, Mitchell <mitchell.berger@squirepb.com>; Baloul, Gassan A. <gassan.baloul@squirepb.com>; Knights, Aaron <aaron.knights@squirepb.com>
**Cc:** Noel J. Nudelman <njnudelman@hnklaw.com>; Joseph H. Tipograph <jhtipograph@hnklaw.com>; Ed Macallister <emacallister@perleslaw.com>; Richard D. Heideman <rdheideman@hnklaw.com>
**Subject:** [EXT] RE: Klieman, et al. v. Palestinian Authority et al.

Mitch,

We are in the process of reviewing the updated discovery which you have provided on behalf of your clients.  With regards to the additional documents you have produced (approximately 546 pages), please identify the specific Interrogatory and/or Request for Production of Documents to which they respond.

As to the proposed Stipulation, we remain of the position if the parties can agree on mutually acceptable terms, the Stipulation will forgo the need for additional discovery on the Prong 1 predicates. If there are edits which you would like for us to consider, please provide a redline with your proposed changes.

Regards,
Tracy

**\*\*\*Please Note New Contact Information\*\*\*\***
Tracy Reichman Kalik
Heideman Nudelman & Kalik, PC
5335 Wisconsin Ave., NW  Suite 440
Washington, DC  20015
trkalik@hnklaw.com

(Main) 202.463.1818
(Direct) 202.463.8020
(Fax)  202.463.2999

---

**From:** Berger, Mitchell <mitchell.berger@squirepb.com>
**Sent:** Monday, June 28, 2021 2:10 PM
**To:** Tracy R. Kalik <trkalik@hnklaw.com>; Baloul, Gassan A. <gassan.baloul@squirepb.com>; Knights, Aaron <aaron.knights@squirepb.com>
**Cc:** Noel J. Nudelman <njnudelman@hnklaw.com>; Joseph H. Tipograph <jhtipograph@hnklaw.com>; Ed Macallister <emacallister@perleslaw.com>; Richard D. Heideman <rdheideman@hnklaw.com>
**Subject:** RE: Klieman, et al. v. Palestinian Authority et al.

EXTERNAL EMAIL

Tracy,

Thanks for your note, and I hope that you are well.  I am on a flight back to the United States today, but anticipate that we will be able to serve Defendants' amended responses to the *Klieman* Plaintiffs' interrogatories and requests for admission by Wednesday, once we receive one remaining verification for the amended interrogatory answers.

We think it would make sense to discuss plaintiffs' proposed stipulation after you have reviewed the amended responses.

Regards,

Mitch

### Mitchell R. Berger

Squire Patton Boggs (US) LLP
2550 M Street NW
Washington, DC 20037

T  +1 202 457 5601
F  +1 202 457 6315

[mitchell.berger@squirepb.com](mailto:mitchell.berger@squirepb.com)  |  [squirepattonboggs.com](http://squirepattonboggs.com)

---

**From:** Tracy R. Kalik <trkalik@hnklaw.com>
**Sent:** Monday, June 28, 2021 1:21 PM
**To:** Berger, Mitchell <mitchell.berger@squirepb.com>; Baloul, Gassan A. <gassan.baloul@squirepb.com>; Knights, Aaron <aaron.knights@squirepb.com>
**Cc:** Noel J. Nudelman <njnudelman@hnklaw.com>; Joseph H. Tipograph <jhtipograph@hnklaw.com>; Ed Macallister <emacallister@perleslaw.com>; Richard D. Heideman <rdheideman@hnklaw.com>
**Subject:** [EXT] RE: Klieman, et al. v. Palestinian Authority et al.

Mitch,

I hope you are well.  I am writing to follow-up on your email of June 15, 2021 and inquire as to when you anticipate sending the revised responses to plaintiffs' interrogatories and requests for admissions you referenced.

Also, have you had an opportunity to complete your review of the joint stipulation?

Thanks.
Tracy

---

**From:** Berger, Mitchell <mitchell.berger@squirepb.com>
**Sent:** Tuesday, June 15, 2021 3:42 PM

**To:** Tracy R. Kalik <trkalik@hnklaw.com>; Baloul, Gassan A. <gassan.baloul@squirepb.com>; Knights, Aaron <aaron.knights@squirepb.com>
**Cc:** Noel J. Nudelman <njnudelman@hnklaw.com>; Joseph H. Tipograph <jhtipograph@hnklaw.com>; Ed Macallister <emacallister@perleslaw.com>; Richard D. Heideman <rdheideman@hnklaw.com>
**Subject:** RE: Klieman, et al. v. Palestinian Authority et al.

EXTERNAL EMAIL

Tracy,

Thanks for your note. We did produce documents to the *Shatsky* last week and, as promised, we will be producing them to you. To make them usable in the *Klieman* action, we had to re-label all of the documents, but that process has now been completed. We additionally have been revising our prior responses to the *Klieman* plaintiffs' interrogatories and requests for admission to incorporate information that we provided to the *Shatsky* plaintiffs, but that process will not be completed until tomorrow or Thursday. Rather than wait to send you everything as a package, I will have our team produce the documents to you today, with the amended interrogatory and admissions responses to follow.

We are still considering the draft stipulation that you sent, and we will revert once that process is complete.

In light of the above, I do not believe there is any need for a meet and confer at this time, but please let me know if you feel differently.

Regards,

Mitch

**Mitchell R. Berger**
Squire Patton Boggs (US) LLP
2550 M Street NW
Washington, DC 20037

T  +1 202 457 5601
F  +1 202 457 6315

mitchell.berger@squirepb.com | squirepattonboggs.com

---

**From:** Tracy R. Kalik <trkalik@hnklaw.com>
**Sent:** Tuesday, June 15, 2021 3:29 PM
**To:** Berger, Mitchell <mitchell.berger@squirepb.com>; Baloul, Gassan A. <gassan.baloul@squirepb.com>; Knights, Aaron <aaron.knights@squirepb.com>
**Cc:** Noel J. Nudelman <njnudelman@hnklaw.com>; Joseph H. Tipograph <jhtipograph@hnklaw.com>; Ed Macallister <emacallister@perleslaw.com>; Richard D. Heideman

<rdheideman@hnklaw.com>
**Subject:** [EXT] RE: Klieman, et al. v. Palestinian Authority et al.

Mitch,

It is our understanding that on June 10, 2021 you were going to be responding and providing additional documents and things to the Shatsky Plaintiffs' in response to the revised Shatsky discovery that was propounded on the Defendants in that matter.  You indicated that upon responding to these revised discovery requests, you would provide these responsive documents to Klieman Plaintiffs, so that, we could consider, what if any further revisions might be made to narrow the scope of the Klieman jurisdictional discovery.  Have you made any further responses in the Shatsky matter and will you agree to produce those responses to our clients?

In addition, have you given consideration to the draft Stipulation we proposed to you which would then obviate the need for further discovery on Prong 1?

Please advise as to your position on these matters.  We of course would be willing to engage in a further Meet and Confer call if you believe that would be helpful.

Regards,
Tracy

**\*\*\*Please Note New Contact Information\*\*\*\***
Tracy Reichman Kalik
Heideman Nudelman & Kalik, PC
5335 Wisconsin Ave., NW  Suite 440
Washington, DC  20015
trkalik@hnklaw.com

(Main) 202.463.1818
(Direct) 202.463.8020
(Fax)  202.463.2999


------------------------------------------------------------------
45 Offices in 20 Countries

This message is confidential and may be legally privileged or otherwise protected from disclosure. If you are not the intended recipient, please telephone or email the sender and delete this message and any attachment from your system; you must not copy or disclose the contents of this message or any attachment to any other person.

For information about how Squire Patton Boggs processes UK and EU personal data that is subject to the requirements of applicable data protection laws, please see our Privacy Notice regarding the processing of UK and EU personal data about clients and other business contacts at www.squirepattonboggs.com.

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities. Please visit www.squirepattonboggs.com for more information.

#US
---------------------------------------------------------------------