# EXHIBIT P

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF ESTHER KLIEMAN, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 04-1173 (PLF/JMF) |
| ) | |
| v. ) | |
| ) | |
| THE PALESTINIAN AUTHORITY et. al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
AND ELECTRONICALLY STORED INFORMATION REGARDING
JURISDICTIONAL DISCOVERY

**PLEASE TAKE NOTICE**, that, pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs hereby serve this Second Set of Requests for Production of Documents and Electronically Stored Information Regarding Jurisdictional Discovery on Defendants. Defendants are requested to respond to the following requests for production of documents within thirty (30) days of service of this Request, in accordance with Federal Rule of Civil Procedure 34(a)(2). Please produce the documents and information to Heideman Nudelman & Kalik, PC, 5335 Wisconsin Ave., N.W., Suite 440, Washington, DC 20015.

INSTRUCTIONS

A.      Please furnish all responsive documents, wherever located, in your possession, custody or control. These Requests are continuing in nature so as to require you to provide supplemental production in accordance with Fed. R. Civ. P. 26(e), should you acquire or become aware of different or additional responsive information or

documents before trial. Unless otherwise indicated, these Requests for Production of Documents refer to the time, place and circumstances of the occurrence mentioned or complained of in the Complaint until the date when these Requests are answered or required to be supplemented, whichever is later.

  B. No paragraph herein shall be construed with reference to any other paragraph for the purpose of limiting the scope of a request.

  C. If any Request cannot be responded to in full, it shall be responded to in the extent possible, and an explanation shall be given as to why full compliance is not possible.

  D. If in answering these Requests you claim any ambiguity in a Request or definition or instruction applicable thereto, identify in your response the language you consider ambiguous and state the interpretation you are using in responding.

  E. If objection is made to any particular request, state in your response whether documents are being withheld from inspection and production on the basis of such objection.

  F. If objection is made to a portion of any of the requests, furnish documents responsive to the remainder of that request.

  G. All documents and/business records are to produced in response to a Request as they are kept in the usual course of business and shall be organized to correspond with the numbered paragraphs of these Requests. If there are no documents responsive to a particular request, state so in your response to that request.

  H. If a document responsive to any of the requests is not in your possession, custody, or control, state what disposition was made of the document and the

date of such disposition, and identify all persons having knowledge of the document's contents.

   I.  Produce documents (including ESI) in tagged image format files that include document level text, an image (.opt) load file, and a metadata (.dat) load file.

   J.  Produce entire documents, without redaction, including all transmittal sheets, cover letters, exhibits, attachments, appendices, or enclosures. When a document is only in part responsive to any request herein, it shall nevertheless be produced in its entirety. If documents that are produced are normally kept in a file or other folder, that file or folder must also be produced.

   K.  If you withhold any document, or any portion of any document, under a claim of privilege, you shall produce, in accordance with R.26 of the Federal Rules of Civil Procedure, a written privilege log that sets forth (i) the nature of the privilege (including work product) or reason for withholding which you contend applies and any statute or rule under which such privilege is being invoked; (ii) the factual basis for your assertion of privilege or the reason for withholding; (iii) the type of document (e.g. letter, memorandum); (iv) all authors and their addresses; (v) all indicated and blind copies; (vi) where not apparent, the relationship of the author, addressees, and other recipients to each other (vii) all persons to whom the documents were distributed, shown or explained; (viii) the document's date; (ix) a summary description of the document's subject matter; (x) the number of pages and attachments or appendices comprising the documents; and (xi) the documents present custodian.  The statement regarding any grounds asserted for withholding any document from production shall include all facts necessary to assess the validity of the basis for withholding the document.  If a portion of any document

responsive to these requests is withheld under the claim of privilege, any non-privileged portion of the document must be produced, with the portion claimed to be privileged redacted.

L.      If it is not possible to produce any document called for by a particular request, state the reasons for the failure to produce the document. In the event that any document called for by any Request has been destroyed, lost, or discarded, such document shall be identified by stating all of the information requested in subparagraphs (iii) through (xi) of Instruction I and, in addition, (xii) its date of destruction of discard, manner of destruction or discard and reason for destruction or discard; and (xiii) the persons who authorized and carried out such destruction or discard.

M.      Where original documents are not available, authentic copies of such documents may be produced, but, if a document has been prepared in separate copies, or additional copies have been made and the copies are not identical (whether by reason of subsequent modification or notations or otherwise), each non-identical copy is a separate document and should be identified and produced.

N.      In the event that multiple copies of a document exist, produce every non-identical copy on which any notations or markings of any sort appear.

O.      The requests shall be deemed continuing so as to require that modified or supplemental responses be provided if you obtain additional documents pertinent to any request.

## DOCUMENT REQUESTS

52. All statements issued by any financial institution for any account (including copies of any checks) maintained in the United States (including at 115 E 65th St.) by you, reflecting all transactions after January 4, 2020.

53. All reports of all expenses paid or reimbursed by you in connection with any activities by any person within the physical territory of the United States (including at 115 E 65th St.) after January 4, 2020.

54. All billing statements of any US telecommunications service provider (mobile, terrestrial, cable, satellite, or internet) issued to the PLO or PA reflecting any usage and/or any service after January 4, 2020.

55. All calendars of any person identified in Defendants' June 30, 2021 Response to Plaintiffs Interrogatory No. 7 Regarding Jurisdictional Discovery.

56. A list of e-mail addresses to which e-mail messages were sent from the domain palestineun.org after January 4, 2020.

57. Any documents relating to the Twitter handle/account "@PalestineUN_II/State of Palestine" opened in May 2021.

58. Any communications or other documents concerning the Scientists4Palestine conference held at the Massachusetts Institute of Technology on January 10-12, 2020, including but not limited to invitations for representatives or employees of Defendants to participate and Defendants' responses thereto.

59. Any documents relating to the Defendants use of any office maintained in the United States (including at 115 E 65th St.), including floorplans, photographs, and purchase orders for furniture or other office supplies.

60. All documents constituting, reflecting, or describing any speeches, lectures, interviews, panel discussions, or symposia given or participated in by any agent or employee of either Defendant, including the individuals listed in Defendants' June 30, 2021 Response to Plaintiffs Interrogatory No. 7 Regarding Jurisdictional Discovery while located within the physical territory of the United States (including 115 E 65th St.) after January 4, 2020, other than speeches given during official United Nations proceedings. Documents responsive to this request include, but are not limited to, drafts of speeches, lectures, prepared remarks, or other presentations. *See Klinghoffer v. S.N.C. Achille Lauro*, 937 F.2d 44, 52 (2d Cir. 1991) (noting that Palestinian U.N. Ambassador periodically "speaks in public and to the media" and characterizing these activities as "non-UN activities").

61. All documents relating to any activity undertaken by any agent or employee of either Defendant, including the individuals listed in Defendants' June 30, 2021 Response to Plaintiffs Interrogatory No. 7 Regarding Jurisdictional Discovery, while located within the physical territory of the United States (including 115 E 65th St.) after January 4, 2020, for the purpose of raising money. *See Klinghoffer v. S.N.C. Achille Lauro*, 937 F.2d 44, 52 (2d Cir. 1991) (characterizing "fundraising activities" as "non-UN activities").

62. All documents, including calendars and visitor logs, concerning any use of the East 65th Street Facility after January 4, 2020 for either of the purposes described in Request No. 60 or Request No. 61 above.

63. All documents supporting your contention that "Palestinians convicted by Israeli military tribunals do not receive the protections required in the United States to satisfy the Due Process clause." *See* Defendants Amended response to Interrogatory 4(c).

64. All documents supporting your contention that Israeli military tribunals are not "fair to Palestinians in any sense" and "profoundly discriminatory and abusive, often using torture to obtain evidence and confessions." *See* Defendants Amended response to Interrogatory 4(c).

65. All documents related to Palestinian Authority President Mahmoud Abbas's February 2020 trip to the United States including but not limited to calendars, itineraries, flight records, hotel reservations, vehicle reservations and communications.

66. All documents related to the death of Sadeq Ahed Mahmoud Abdel Hafez. *See* Defendants Amended response to Request for Admission 1.

67. All documents related to funding agreements between the Palestinian Authority and the Palestine Liberation Organization.

68. All documents supporting your contention that Israeli military tribunals "lack the substantive and procedural rights found in United States courts." *See* Defendants Amended Responses to Requests for Admission 9-12.

69. All documents related to the events that Palestinian Authority Ambassador Mansour participated in after January 4, 2020 on behalf of the Palestinian UN Mission, including, but not limited to:

    a. the interview on Facebook Watch hosted by the American-Arab Anti-Discrimination Committee on or about October 22, 2020; and

7

      b.      the virtual event at Bridgewater State University, entitled "Palestinian Affairs and the Biden Administration: Status Quo v. Political Engagement," on or about April 6, 2021.

70. All documents related to efforts to promote the Boycott, Divestment and Sanction (BDS) of Israel including but not limited to internal deliberations and analyses regarding relevance to Palestinian UN Mission mandate, and external communications with student groups, media organizations and other relevant entities seeking to engage with Palestinian UN Mission.

71. All documents related to assertions of Israeli apartheid including but not limited to internal deliberations and analyses regarding relevance to Palestinian UN Mission mandate, and external communications with student groups, media organizations and other relevant entities seeking to engage with Palestinian UN Mission.

72. All documents reflecting public or private outreach to representatives of the United States Government made by or on behalf of the Defendants or the Palestinian UN Mission.

Date: September 3, 2021

Respectfully Submitted,

By /s/ *Tracy R. Kalik*
Richard D. Heideman
Noel J. Nudelman
Tracy Reichman Kalik
Joseph Tipograph
HEIDEMAN NUDELMAN
 & KALIK, P.C.
5335 Wisconsin Ave, Suite 440
Washington, DC 20015
Telephone: (202) 463-1818
Telefax: (202) 463-2999
Email: rdheideman@hnklaw.com

Steven R. Perles
Edward McAllister
PERLES LAW FIRM, P.C.
816 Connecticut Ave., NW
12th Floor
Washington, DC 20006
(202) 955-9055

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 3rd day of September 2021 a true and accurate copy of the foregoing, Plaintiffs' Second Set of Requests for Production of Documents and Electronically Stored Information Regarding Jurisdictional Discovery, was served via email to the following counsel of record for the Defendants:

Gassan A. Baloul
gassan.baloul@squirepb.com
Mitchell R. Berger
mitchell.berger@squirepb.com
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

                                              */s/ Tracy R. Kalik*
                                              Tracy R. Kalik