# EXHIBIT T

| | |
|---|---|
| **From:** | Berger, Mitchell |
| **To:** | Tracy R. Kalik; Brown Doolittle, Amy; Noel J. Nudelman; Joseph H. Tipograph; emacallister@perleslaw.com; Richard D. Heideman |
| **Cc:** | Baloul, Gassan A.; Alonzo, Joseph; Keyauna C. Fogle |
| **Subject:** | RE: Klieman, et al. v. Palestinian Authority et al. |
| **Date:** | Friday, September 17, 2021 7:58:50 AM |

EXTERNAL EMAIL
Dear Tracy,

Thanks for your email below, which omits two important items of context from our September 10 meet and confer.

First, as we discussed, Defendants have produced to the *Klieman* Plaintiffs all of the jurisdictional discovery, including transcripts of multiple depositions, that Defendants produced to the plaintiffs in the *Shatsky* case where the Court ordered (as here) limited jurisdictional discovery concerning the PSJVTA's two factual predicates. Defendants took the position during our meet and confer that jurisdictional discovery sufficient to litigate the PSJVTA factual predicates in *Shatsky* is equally sufficient for the same purpose in *Klieman*, unless the *Klieman* Plaintiffs can make a specific showing of what else they need, and why they need it. In our view, it is particularly incumbent on the *Klieman* Plaintiffs to make such a showing because (i) the *Shatsky* Plaintiffs did not move to compel further jurisdictional discovery, and (ii) Plaintiffs' counsel in *Klieman* and *Shatsky* (and, indeed, in two other cases: *Sokolow* and *Fuld*) are sharing the *Shatsky* jurisdictional materials and collaborating on PSJVTA strategy. The facts concerning the PSJVTA factual predicates are the same in all four of these cases.

By producing the *Shatsky* jurisdictional discovery to the *Klieman* Plaintiffs, Defendants have heeded the admonition that "[e]ach plaintiff should not have to undertake to discover[] anew the basic evidence that other plaintiffs have uncovered." *Ward v. Ford Motor Co.,* 93 F.R.D. 579, 580 (D. Colo.1982). Further, by providing the *Shatsky* jurisdictional discovery to the *Klieman* Plaintiffs, Defendants have established "an efficient and effective means of avoiding duplicative and costly discovery, as well as avoiding unnecessary delay." *See Charter Oak Fire Ins. v. Electrolux Home Prod.*, 287 F.R.D. 130, 134 (E.D.N.Y. 2012) (citing and quoting *Idar v. Cooper Tire & Rubber Co.,* No. C–10–217, 2011 WL 688871, at *3 (S.D. Tex. Feb. 17, 2011) ("[F]ederal courts have 'overwhelmingly embraced' this practice to streamline discovery and promote access to court proceeding."); *Williams v. Johnson & Johnson,* 50 F.R.D. 31, 32 (S.D.N.Y.1970) ("[T]here is no merit to the all-encompassing contention that the fruits of discovery in one case are to be used in that case only.")).

Second, as we noted, Circuit law requires jurisdictional discovery to be "precisely focused" and "aimed at addressing matters relating to personal jurisdiction." *GTE New Media Services Inc. v. Bell South Corp.*, 199 F.3d 1343, 1352 (D.C. Cir. 2000). Judge Friedman's Order here allowed only "narrowly tailored" jurisdictional discovery on "the narrow issues encapsulated in the predicates established by the PSJVTA" and "constrained" to the "easily identifiable issues"

in the PSJVTA's "predicate requirements." Dkt. 298, at 2 (in part quoting Plaintiffs' Position Statement in the 9/9/20 Joint Status Report (Dkt. 296)). Embedded in those limitations is the Circuit's requirement that Plaintiffs demonstrate "what facts additional discovery could produce that would affect the jurisdictional analysis." *Mwani v. Bin Laden*, 417 F.3d 1, 17 (D.C. Cir. 2005). *See also Erwin-Simpson v. Berhad,* 985 F.3d 883, 892 (D.C. Cir. 2021) ("Because 'we do not see what facts additional discovery could produce that would affect our jurisdictional analysis,' the district court did not abuse its discretion in dismissing the case without granting discovery.") (quoting *Goodman Holdings v. Rafidian Bank,* 26 F.3d 1143, 1147 (D.C. Cir. 1994)). "'[M]ere conjecture or speculation' is not enough." *Williams v. Romarm, SA*, 756 F.3d 777, 786 (D.C. Cir. 2014) (quoting *FC Inv. Grp. LC v. IFX Markets, Ltd.,* 529 F.3d 1087, 1094 (D.C. Cir. 2008)). *See also Toumazou v. Turkish of N. Cyprus,* 71 F. Supp. 3d 7, 19 (D.D.C. 2014) (Friedman, J.) (request for jurisdictional discovery requires plaintiffs to demonstrate with "plausible factual support amounting to more than speculation or conclusory statements" that discovery "could produce facts that would affect [the court's] jurisdictional analysis") (internal quotations and citations omitted), *aff'd,* 2016 U.S. App. LEXIS 787, * 3-4 (D.C. Cir. Jan. 15, 2016).

Neither during our September 10 meet-and-confer, nor in your September 14 email, do Plaintiffs explain why the jurisdictional discovery produced to date—which is sufficient to litigate the PSJVTA jurisdictional issues in *Shatsky*—is not equally sufficient to litigate the same jurisdictional issue in *Klieman*. Equally, neither then nor now do Plaintiffs provide a non-speculative reason why the additional discovery Plaintiffs propose would affect the jurisdictional analysis.

With those requirements in mind, we turn now to your proposed "revised" version of Plaintiffs' first document requests, interrogatories, and requests for admission concerning the U.S.-activity prong of the PSJVTA.

As to Item 1, Plaintiffs **have not** revised or narrowed any of the following discovery requests: RFP Nos. 20, 39-40; ROG Nos. 9-10; RFA Nos. 23 and 48. Notably, as you are aware, the *Shatsky* plaintiffs originally propounded discovery requests that largely mirrored each of these requests. *See, e.g., Shatsky* RFP No. 11, 26-27; ROG No. 6(c); and RFA No. 45. The *Shatsky* court characterized the original *Shatsky* requests as "grossly overbroad and abusive" and "direct[ed] the plaintiffs to go back and pare back your discovery and limit it to jurisdictional discovery." *Shatsky* 4/29/21 Tr. at 12:02; 13:13-15. Specifically, the *Shatsky* court found that a request seeking "every document generated by a mission or every document generated by activities in the United States is overly broad, grossly over broad." 4/29/21 Tr. at 28:10-12. And, when the *Shatsky* plaintiffs went back and revised their discovery consistent with the court's order, they abandoned all of these financial record requests except for one, which they narrowed to exclude expenses connected to United Nations official business (*Shatsky* Amended RFP No. 11).

The *Shatsky* plaintiffs' abandonment of the requests relating to the Palestinian UN Mission's financial records is not surprising because those requests in

*Shatsky,* like those in Item 1 here, are unquestionably privileged and go to the core of Defendants' assertion of functional immunity. *See Van Aggelen v. UN*, 311 F. App'x 407, 409 (2d Cir. 2009) (citing UN Charter and CPIUN and describing functional immunity as covering "all acts performed in [the person's] official capacity"); *Brzak v. UN*, 597 F.3d 107, 113 (2d Cir. 2010) ("functional immunity" under the CPIUN applies to "acts that the defendants performed in exercise of their official functions, namely, their management of the office in which the plaintiffs worked"); *see also In re Terrorist Attacks*, 2019 U.S. Dist. LEXIS 121935, at *241 (S.D.N.Y. July 22, 2019) ("[C]onsulates and diplomatic missions have a strong interest in maintaining the confidentiality of their records.").

In addition, the requests are overbroad and not proportional to the needs of the case, as they fail to take into account the exceptions set forth in 18 U.S.C. 2334(e)(3).

Finally, Plaintiffs have also ignored our request during last week's meet and confer to identify any non-speculative reason why this additional discovery would produce facts that would impact the Court's jurisdictional analysis based on the current discovery record in this case.

As to <u>Item 2</u>, it again does not appear that Plaintiffs are actually narrowing the request as they are asking for activity calendars for "those employees for whom no calendars have been produced to date." That being said, Defendants are not aware of any official activity calendars for the employees listed in Item 2.

As to <u>Item 3</u>, President Abbas' trip in February 2020, as an invitee of the United Nations, to speak to the UN Security Council and any non-public activities associated with that trip fall squarely within the protections of UN functional immunity. The *Shatsky* plaintiffs abandoned similar discovery requests (RPD No. 28(b) and RFA No. 65) when the *Shatsky* court ordered them to pare down their "grossly overbroad" discovery requests. Moreover, if *Klieman* Plaintiffs' position is that President Abbas' appearance before the UN Security Council and his related press conference are sufficient to implicate a PSJVTA factual predicate, then Plaintiffs already have sufficient information to make such an argument without the need for additional discovery. Plaintiffs have not identified any non-speculative reason why any further discovery would affect the Court's jurisdictional analysis.

As to <u>Item 4</u>, Plaintiffs' rewording of this request does not appear to substantively narrow the request, which remains overbroad and not proportional to the needs of the case. Among other reasons, the request continues to seek information going back to May 17, 2018—well before the jurisdictionally-relevant period under the PSJVTA. Nor have Plaintiffs identified any non-speculative reason why this additional discovery could impact the Court's jurisdictional analysis on the existing discovery record. Notably, the *Shatsky* plaintiffs originally propounded a similar request to the originally-worded request here, but then subsequently abandoned it when they were ordered to revise and narrow their "grossly overbroad" jurisdictional discovery.

As to <u>Item 5</u>, Defendants maintain their objection to the discovery requested in this "revised" request because any such media communications would have been undertaken for the purpose of conducting the official United Nations business of the Mission, as explained in the *Shatsky* depositions of Ambassador Mansour and Nadia Ghannam. Moreover, given that Plaintiffs already have—and that the *Shatsky* plaintiffs already conducted deposition examination concerning—the Mission's communications with media outlets and its publicly posted social media statements, Plaintiffs already have more than sufficient information to pursue an argument (with which we disagree) that such communications satisfy a PSJVTA factual predicate. Plaintiffs have failed to articulate a non-speculative reason why the additional information they are seeking is not entirely cumulative and affect the Court's jurisdictional analysis based on the existing discovery record.

As to <u>Item 6</u>, Plaintiffs have failed to demonstrate how a listing of activities that Defendants contend are exempted from PSJVTA jurisdiction would impact the Court's jurisdictional analysis in this case. If the activities are exempted from PSJVTA jurisdiction, they necessarily fall outside of the Court's Order limiting discovery to "the narrow issues encapsulated in the predicates established by the PSJVTA." Dkt. 298, at 2. If Plaintiffs contend that certain activities are not exempt, then it is their burden to provide a non-speculative basis for believing that such activities have occurred, are not exempt, and are qualitatively different than those that have been explored through the *Shatsky* jurisdictional discovery. Otherwise, this request is an "unwarranted fishing expedition." *Romarm*, 756 F.3d at 786.

As to <u>Item 7</u>, rather than narrowing any discovery dispute, Plaintiffs appear to be using this item to propound additional discovery to Defendants (in response to Defendants' response to RFA No. 47). For the same reasons noted above with respect to Item 6 , Plaintiffs have failed to identify any non-speculative reason why this additional discovery would impact the Court's jurisdictional analysis given the activities that already have been explored in *Shatsky*.

Given that Plaintiffs will have to satisfy the requirements outlined above in your threatened motion to compel, we invite you once again—as we did in our last meet and confer—to use the meet-and-confer process to make a specific and non-speculative showing of what else Plaintiffs need, and why they need it, given Plaintiffs' access to the full *Shatsky* jurisdictional discovery record. Toward that end, we are available as you proposed today, September 17, at 1:00 p.m.; if you prefer, propose another day and time next week. If Plaintiffs decline to use the meet-and-confer process to make such a showing, then we will certainly call that to the Court's attention in Defendants' opposition to any motion to compel.

Regards,

Mitch

**Mitchell R. Berger**

Squire Patton Boggs (US) LLP
2550 M Street NW
Washington, DC 20037

T  +1 202 457 5601
F  +1 202 457 6315

[mitchell.berger@squirepb.com](mitchell.berger@squirepb.com)  |  [squirepattonboggs.com](squirepattonboggs.com)

---

**From:** Tracy R. Kalik <trkalik@hnklaw.com>
**Sent:** Tuesday, September 14, 2021 5:46 PM
**To:** Berger, Mitchell <mitchell.berger@squirepb.com>; Brown Doolittle, Amy <amy.doolittle@squirepb.com>; Noel J. Nudelman <njnudelman@hnklaw.com>; Joseph H. Tipograph <jhtipograph@hnklaw.com>; emacallister@perleslaw.com; Richard D. Heideman <rdheideman@hnklaw.com>
**Cc:** Baloul, Gassan A. <gassan.baloul@squirepb.com>; Alonzo, Joseph <joseph.alonzo@squirepb.com>; Keyauna C. Fogle <kcfogle@hnklaw.com>
**Subject:** [EXT] RE: Klieman, et al. v. Palestinian Authority et al.

Dear Mitch,

During our meet and confer this past Friday September 10 regarding the Immunities Objections, you argued that we also needed to address the Defendants' other outstanding objections, such as the breadth and scope of our discovery requests.

Defendants' responses to Plaintiffs' First Set of Requests for the Production of Documents Regarding Jurisdictional Discovery, Plaintiffs' First Set of Interrogatories Regarding Jurisdictional Discovery, and Plaintiffs' First Set of Requests for Admission Regarding Jurisdictional Discovery (collectively, "Initial Discovery") pertaining to the United States activities prong (Prong 2) of the PSJVTA remain deficient as follows:

- Requests for the Production of Documents (RQPDs): No. 19-24, 32-35, 39-42, and 45-49;
- Interrogatories (ROGs): Nos. 9-11; and
- Requests for Admissions (RFAs): Nos. 21-25, and 46-50.

In light of our discussion and review and in an effort to bridge the gap between our positions and reach an understanding without the need for Court intervention, we are prepared to revise our Initial Discovery requests pertaining to Prong 2 as set forth below.  Please be advised that Plaintiffs' Second Set of Requests for the Production of Documents Regarding Jurisdictional Discovery, and Plaintiffs' Second Set of Interrogatories Regarding Jurisdictional Discovery, which were issued on September 3, 2021, as well as any discovery requests related to the payments prong (Prong 1) of the PSJVTA remain outstanding *in toto* and are not modified in any way by this letter proposal.

Additionally, Plaintiffs reserve the right to move to compel the Defendants' responses to any of the Initial Discovery requests related to Prong 2 in the event that Defendants fail to answer the proposed revised requests. Subject thereto, Plaintiffs propose that Defendants' respond to the

following Initial Discovery requests as modified as follows:

1) Regarding discovery requests pertaining to Defendants' relevant financial records (specifically RQPDs Nos. 20-24, 39-40; ROGs Nos. 9-10; and RFAs Nos. 23, and 48), Plaintiffs propose that Defendants provide full and complete answers to RQPD 20, 39-40; ROGs Nos. 9-10; and RFAs Nos. 23 and 48.

2) Regarding requests for calendars of Defendants' U.S.-based employees (specifically RQPDs Nos. 34, and 45-49), Plaintiffs propose to narrow the requests to the calendars of activities from January 4, 2020 to present of those employees for whom no calendars have been produced to date, which according to information received from Defendants currently includes Nadya Rasheed, Majed Bamya, Abdallah Abou Shawesh, Nada Tarbush, Saher Salam, Ghada Abdelwahab, Rasheeda Mejwat, Kipas Marcus, Ali Mohammad, and Almaz Joudeeta.

3) Regarding discovery requests related to the U.S. activities and travel of Palestinian Authority President Mahmoud Abbas (specifically RQPDs Nos. 41-42; and ROG No. 11), Plaintiffs request that Defendants' either (a) admit that since January 4, 2020, Palestinian Authority President Mahmoud Abbas has not traveled to the U.S. or engaged in activities in U.S. other than to attend and participate in the February 11, 2020 press conference; or (b) identify all dates on or after January 4, 2020 when President Abbas has been physically present in the U.S. and his calendar of activities for each of those dates.

4) Regarding any instructions given on or after May 17, 2018 to any natural or legal person to limit U.S. activities (specifically RQPD No. 19), Plaintiffs propose to narrow this request to seek only those instructions that were given by Defendants on or after May 17, 2018 to ensure Defendants' compliance with Prong 2 of the PSJVTA.

5) Regarding Defendants' communications with media outlets (specifically RQPD No. 33), Plaintiffs propose to narrow this request to seek only those media communications, including those made on background or off the record, that were made on or after January 4, 2020 and are not otherwise available in the public domain.

6) Regarding activities and/or labor performed by Defendants' U.S.-based employees (specifically RFAs Nos. 21-22, and 46), Plaintiffs propose that Defendants provide a list of all specific activities performed by Defendants' U.S.-based employees that Defendants maintain are exempted from PSJVTA jurisdiction.

7) Regarding the list of U.S.-based activities that Defendants admitted to engaging in after January 4, 2020 (specifically in response to RFA No. 47), Plaintiffs request that Defendants list every instance in which an employee of the Defendants participated in an event either from a location in the U.S. or that was marketed to a U.S. audience after January 4, 2020, including any such event disclosed in the jurisdictional discovery depositions conducted in the *Shatsky* case.

Please advise as to your position regarding the revised discovery requests proposed above. If Defendants believe that an additional meet and confer would be beneficial towards resolving these issues, we are available on Friday September 17 at 1:00pm EST. If you are not available at this proposed time, but would like to meet and confer, please provide us with alternate times that you are available on Friday. If we are unable to reach an agreement by the end of this week, we can be expected to seek intervention of the Court.

Respectfully,
Tracy

**\*\*\*Please Note New Contact Information\*\*\*\***
Tracy Reichman Kalik
Heideman Nudelman & Kalik, PC
5335 Wisconsin Ave., NW  Suite 440
Washington, DC  20015
trkalik@hnklaw.com

(Main) 202.463.1818
(Direct) 202.463.8020
(Fax)  202.463.2999

---

**From:** Berger, Mitchell <mitchell.berger@squirepb.com>
**Sent:** Thursday, September 9, 2021 3:02 PM
**To:** Tracy R. Kalik <trkalik@hnklaw.com>; Brown Doolittle, Amy <amy.doolittle@squirepb.com>; Noel J. Nudelman <njnudelman@hnklaw.com>; Joseph H. Tipograph <jhtipograph@hnklaw.com>; emacallister@perleslaw.com; Richard D. Heideman <rdheideman@hnklaw.com>
**Cc:** Baloul, Gassan A. <gassan.baloul@squirepb.com>; Alonzo, Joseph <joseph.alonzo@squirepb.com>; Keyauna C. Fogle <kcfogle@hnklaw.com>
**Subject:** RE: Klieman, et al. v. Palestinian Authority et al.

EXTERNAL EMAIL

Tracy,

Thanks for circulating the call-in number for tomorrow.

The Court is not going to rule on the functional immunity issue in the abstract. So, at some point, Plaintiffs will need to explain—whether to us or to the Court—what Plaintiffs believe is the practical impact of Defendants' functional immunity objection, and why that objection has prevented Plaintiffs from receiving the limited jurisdictional discovery that the Court allowed.  I am sure we will both have more to say tomorrow.

Mitch

### Mitchell R. Berger
Squire Patton Boggs (US) LLP
2550 M Street NW
Washington, DC 20037

T  +1 202 457 5601
F  +1 202 457 6315

**mitchell.berger@squirepb.com** | squirepattonboggs.com

---

**From:** Tracy R. Kalik <trkalik@hnklaw.com>

**Sent:** Thursday, September 9, 2021 2:23 PM
**To:** Berger, Mitchell <mitchell.berger@squirepb.com>; Brown Doolittle, Amy <amy.doolittle@squirepb.com>; Noel J. Nudelman <njnudelman@hnklaw.com>; Joseph H. Tipograph <jhtipograph@hnklaw.com>; emacallister@perleslaw.com; Richard D. Heideman <rdheideman@hnklaw.com>
**Cc:** Baloul, Gassan A. <gassan.baloul@squirepb.com>; Alonzo, Joseph <joseph.alonzo@squirepb.com>; Keyauna C. Fogle <kcfogle@hnklaw.com>
**Subject:** [EXT] RE: Klieman, et al. v. Palestinian Authority et al.

Mitch,

With regards to your inquiry about specific discovery requests to which Plaintiffs contend they have not received a "substantive response based on Defendants' assertion of functional immunity," your inquiry back to us is misplaced. It is the Defendants' obligations to provide full and complete answers to Plaintiffs' written discovery requests. Defendants have raised Immunities Objections. The fact that Defendants may have provided some information is not the issue. The issue is that Defendants have apparently not produced some information due to the Immunities Objections they interposed.

In reviewing Defendants' responses to Plaintiffs' discovery requests, we note that Defendants have raised in their General Objections, the Immunities Objections and have also raised the Immunities Objections to 10 Request for Admissions, 34 Request for Production of Documents and 4 Interrogatories.

Therefore, as to each of the responses in which Defendants have invoked the Immunities Objections and responded, "subject to and without waiving" said objections, each and every one of those responses would be within the intended scope of our meet and our confer. However, as I indicated in my initial email the purpose is "to discuss whether under any circumstance the Defendants would be willing to withdraw and respond to Plaintiffs' written requests to which the Defendants have invoked the Immunities Objections."

We look forward to speaking with you tomorrow.

Tracy

---

**From:** Berger, Mitchell <mitchell.berger@squirepb.com>
**Sent:** Friday, September 3, 2021 5:52 PM
**To:** Tracy R. Kalik <trkalik@hnklaw.com>; Brown Doolittle, Amy <amy.doolittle@squirepb.com>; Noel J. Nudelman <njnudelman@hnklaw.com>; Joseph H. Tipograph <jhtipograph@hnklaw.com>; emacallister@perleslaw.com; Richard D. Heideman <rdheideman@hnklaw.com>
**Cc:** Baloul, Gassan A. <gassan.baloul@squirepb.com>; Alonzo, Joseph <joseph.alonzo@squirepb.com>

**Subject:** RE: Klieman, et al. v. Palestinian Authority et al.

EXTERNAL EMAIL

Dear Tracy,

Without getting into a debate at this time over Plaintiffs' assertions in your email below, we are available to meet and confer with you on these issues. While September 9 does not work for us, September 10 does. Please let us know what times work for you and your side on September 10. Thanks.

Regards,

Mitch

**Mitchell R. Berger**
Squire Patton Boggs (US) LLP
2550 M Street NW
Washington, DC 20037

T  +1 202 457 5601
F  +1 202 457 6315

mitchell.berger@squirepb.com | squirepattonboggs.com

---

**From:** Tracy R. Kalik <trkalik@hnklaw.com>
**Sent:** Friday, September 3, 2021 2:39 PM
**To:** Brown Doolittle, Amy <amy.doolittle@squirepb.com>; Berger, Mitchell <mitchell.berger@squirepb.com>; Noel J. Nudelman <njnudelman@hnklaw.com>; Joseph H. Tipograph <jhtipograph@hnklaw.com>; emacallister@perleslaw.com; Richard D. Heideman <rdheideman@hnklaw.com>
**Cc:** Baloul, Gassan A. <gassan.baloul@squirepb.com>; Alonzo, Joseph <joseph.alonzo@squirepb.com>
**Subject:** [EXT] RE: Klieman, et al. v. Palestinian Authority et al.

Dear Mitch,

We are writing to you with regards to Defendants' responses to Plaintiffs' written discovery requests including Defendants' most recent responses of June 30, 2021.

We are specifically writing as to the Defendants' objections to discovery on the US activities prong of the PSJVTA 18 U.S.C. § 2334(e)(1)(B), where the Defendants have claimed that they do not have to respond to Plaintiffs' requests where they seek information protected by United Nations privileges under the UN Headquarters Agreement, UN Charter, Convention on the Privileges and Immunities of the United Nations and functional immunity ("Immunities Objections"). It is our position that the Defendants are not entitled to any such immunities and that Defendants' invocation of such Immunities Objections and refusal to respond to any request based on these Immunities Objections

is without merit.

Accordingly, we would like to meet and confer with you to discuss whether under any circumstance the Defendants would be willing to withdraw and respond to Plaintiffs' written requests to which the Defendants have invoked the Immunities Objections.

Please let us know if you are available on September 9 at 1:00 pm (or if you are not available, please propose to us a different time) to meet and confer.

If you advise us that under no circumstance will Defendants modify or withdraw the Immunities Objections absent a court order or if you do not reply before September 8, 2021, we will deem our obligations to meet and confer to have been satisfied and will take such measures as we deem appropriate including moving to compel without any further notice.

Regards,
Tracy

Tracy Reichman Kalik

**HEIDEMAN NUDELMAN KALIK, PC**

*** Please Note New Contact information****

Heideman Nudelman & Kalik, PC
5335 Wisconsin Ave., NW, Suite 440
Washington, DC  20015
trkalik@hnklaw.com
(Main) 202.463.1818
(Direct) 202.463.8020
(Fax)  202.463.2999


-----------




-------------------------------------------------------------------
45 Offices in 20 Countries

This message is confidential and may be legally privileged or otherwise protected from disclosure. If you are not the intended recipient, please telephone or email the sender and delete this message and any attachment from your system; you must not copy or disclose the contents of this message or any attachment to any other person.

For information about how Squire Patton Boggs processes UK and EU personal data that is subject to the requirements of applicable data protection laws, please see our Privacy Notice

regarding the processing of UK and EU personal data about clients and other business contacts at [www.squirepattonboggs.com](www.squirepattonboggs.com).

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities. Please visit [www.squirepattonboggs.com](www.squirepattonboggs.com) for more information.

#US
---------------------------------------------------------------------