IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Estate of Esther Klieman, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 04-1173 (PLF) |
| ) | |
| The Palestinian Authority, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF
SUPPLEMENTAL AUTHORITY IN SUPPORT OF
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

Plaintiffs, by and through their undersigned counsel, respectfully submit this response to the Defendants' Notice of Supplemental Authority in Support of Defendants' Opposition to Plaintiffs' Motion to Compel (D.E. 326) ("Notice"), which Defendants filed on November 23, 2021 attaching United States Magistrate Judge Sarah Netburn's Order, *In re: Terrorist Attacks on September 11, 2001,* 03-md-1570 (S.D.N.Y. November 22, 2021) regarding jurisdictional discovery ordered on remand from the United States Court of Appeals for the Second Circuit (the "*Terrorist Attacks* Discovery Order").

In providing the supplemental authority the Defendants suggest that the *Terrorist Attacks* Discovery Order provides additional authority for the Court to deny Plaintiffs' Motion to Compel in that, "Plaintiffs are not entitled to unreasonably cumulative or

1

duplicative discovery when they already have received sufficient jurisdictional discovery to litigate the PSJVTA[1] issues in this case."

However, the *Terrorist Attacks* Discovery Order in fact **supports** granting the Plaintiffs' Motion to Compel.  Judge Netburn held that "the proper scope of discovery is assessed based on what was authorized in the Remand Order," *Terrorist Attacks* Discovery Order at 4, and observed that the Second Circuit gave direction as to four specific areas where discovery was proper. Judge Netburn thus granted the motion to compel with respect to all jurisdiction discovery requests that were relevant to those areas. *Terrorist Attacks* Discovery Order at 5.  The *Terrorist Attacks* Discovery Order demonstrates that where there are areas that have been clearly defined for proper jurisdictional discover, as is the case here,[2] the jurisdictional discovery that the Plaintiffs still seek—on whether the Defendants' offices and activities are used and undertaken *exclusively* for official UN business[3]—is warranted.

As such, Plaintiffs' Motion for an Order to Compel Jurisdictional Discovery from the Defendants should be granted.

| | |
|---|---|
| Dated: November 29, 2021 | Respectfully submitted,<br>*/s/ Tracy Reichman Kalik*<br><br>Richard D. Heideman (No. 377462)<br>Noel J. Nudelman (No. 449969)<br>Tracy Reichman Kalik (No. 462055)<br>Joseph H. Tipograph (No. 997533)<br>HEIDEMAN NUDELMAN & KALIK, P.C.<br>5335 Wisconsin Ave., Suite 440<br>Washington, DC 20015<br>Phone: (202) 463-8018 |

---

[1] Promoting Security and Justice for Victims of Terrorism Act of 2019

[2] Memorandum Opinion and Order, *Est. of Klieman et al v. Palestinian Authority et al*, 1:04-cv-01173 (D.D.C. Dec. 2, 2020) (D.E. 298) (granting jurisdictional discovery to the predicates of the PSJVTA).

[3] *See*, 18 U.S.C. § 2334(e)(3)

Telefax: 202-463-2999

PERLES LAW FIRM, P.C
Steven R. Perles (No. 326975)
Edward MacAllister (No. 494558)
816 Connecticut Avenue
12th Floor
Washington, DC 20006
Telephone: 202-955-9055
Telefax: 202-955-3806
*Counsel to the Plaintiffs*