UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF ESTHER KLIEMAN, et al.,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>THE PALESTINIAN AUTHORITY, et al.,<br><br>　　　　　　　　　　　　Defendants. | Civil Action No. 04-1173 (PLF) |

**SECOND NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

Defendants Palestinian Authority ("PA") and Palestine Liberation Organization ("PLO") (together, "Defendants"), by and through their undersigned counsel, hereby submit the attached decision from *Fuld v. PLO,* No. 1:20-cv-03374, Dkt. 61 (S.D.N.Y. Jan. 6, 2022), as supplemental authority in support of their Opposition to Plaintiffs' Motion to Compel [Dkt. 320/321].

In *Fuld,* Judge Furman held that exercising personal jurisdiction over Defendants under the Promoting Security and Justice for Victims of Terrorism Act ("PSJVTA") would "go beyond the limits prescribed by the Due Process Clause." *Fuld,* Dkt. 61 at 29. The decision further explains:

> Congress cannot, consistent with the Constitution, simply decree that any conduct, without regard for its connections to the United States generally or to litigation in the United States specifically, signals a party's intent to submit to the jurisdiction of a United States court. To hold otherwise would effectively mean that there are no constitutional limitations on the exercise of personal jurisdiction as a legislature could simply create such jurisdiction out of whole cloth by deeming any conduct — even, for example, the conduct that gives rise to the cause of action itself — to be "consent." The Court cannot and will not acquiesce in what amounts to a legislative sleight of hand at the expense of a fundamental constitutional right and, thus, is compelled to grant the PLO's and PA's motion to dismiss for lack of personal jurisdiction.

*Id.* at 2.

Notably, in *Fuld,* the parties had not engaged in any jurisdictional discovery. Rather, consistent with Defendants' discovery responses in this case, for purposes of their motion to dismiss for lack of personal jurisdiction, Defendants did not contest Plaintiffs' allegation that they have made payments that trigger the PSJVTA's first "deemed consent" condition – the "Payments Predicate." *Fuld,* Dkt. 61 at 9. Defendants, however, did contest Plaintiffs' allegation that the PSJVTA's second "deemed consent" condition – the "U.S. Activity Predicate" – has been met. *Id.* at 9 n.3. The *Fuld* court found, however, that "[b]ecause the Court concludes that the PSJVTA's first prong has been met, it need not decide whether Defendants' conduct also implicates the second prong." *Id.* With one factual predicate of the PSJVTA triggered, the Court recognized that "whether the exercise of personal jurisdiction over Defendants in this case is proper turns on 'whether the third jurisdictional requirement is met – whether jurisdiction over [D]efendants may be exercised consistent with the Constitution.'" *Id.* at 9 (quoting *Waldman v. Palestine Liberation Org.,* 835 F.3d 317, 328 (2d Cir. 2016)). As the *Fuld* court correctly found, it cannot.

*Fuld* confirms that Plaintiffs' Motion to Compel [Dkt. 315] should be denied. First, further jurisdictional discovery is futile, because the PSJVTA cannot constitutionally supply a basis for jurisdiction over Defendants for the reasons the *Fuld* court explained. Second, Plaintiffs concede that they have sufficient discovery to litigate the due process issue under the Payments Predicate, and that the due process issue would be unchanged by the cumulative and burdensome additional discovery regarding the U.S. Activity Predicate on which their Motion is solely focused. Dkt. 321 at 3-4. As recognized in *Fuld,* if the PSJVTA is triggered by the first predicate, there is no need for this Court to decide the applicability of the second predicate. *Fuld,* Dkt. 61 at 9 n.3. Thus, there is no reason for further discovery on the second predicate, and as confirmed by *Fuld,*

Plaintiffs cannot demonstrate "what facts additional discovery could produce that would affect [the] jurisdictional analysis." *Mwani v. Bin Laden*, 417 F.3d 1, 17 (D.C. Cir. 2005) (citation omitted).

Defendants respectfully submit that the decision in *Fuld* provides supplemental authority for their arguments that Plaintiffs have obtained more than sufficient jurisdictional discovery to litigate the applicability and constitutionality of the PSJVTA, and that there is no reason to order more cumulative, burdensome and expensive discovery that will not impact the Court's jurisdictional analysis.

January 7, 2022                                    Respectfully submitted,

*/s/ Gassan A. Baloul*
Gassan A. Baloul (DC Bar 1034245)
gassan.baloul@squirepb.com
Mitchell R. Berger (DC Bar 385467)
mitchell.berger@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile:  (202) 457-6315

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on January 7, 2022, I caused a true and correct copy of the foregoing Second Notice of Supplemental Authority on behalf of The Palestinian Authority and Palestine Liberation Organization to be served through the Court's CM/ECF System on all counsel of record in this action.

                                                 /s/ *Gassan A. Baloul*
                                                 Gassan A. Baloul