IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Estate of Esther Klieman, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> The Palestinian Authority, *et al.*, <br><br> Defendants. | Civil Action No. 04-1173 (PLF) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

Plaintiffs by and through their undersigned counsel, hereby submit this Response to Defendants' Second Notice of Supplemental Authority in Support of Defendants' Opposition to Plaintiffs' Motion to Compel ("Second Notice").

The Defendants' Second Notice submits a nonbinding decision from *Fuld v PLO*, No. 1:20-cv-03374 (S.D.N.Y. Jan. 6, 2022) (D.E. 61) (the "SDNY Opinion") that is facially irrelevant to the pending issue, Plaintiffs' Motion to Compel. The SDNY Opinion determines constitutional issues pertaining to the Promoting Security and Justice for Victims of Terrorism Act ("PSJVTA") that have not been briefed before this Court in another case, in a different judicial district, with a different procedural record. The SDNY Opinion reaches this conclusion, without the benefit of jurisdictional discovery, as has been

1

ordered by this Court[1], and rejects the legal conclusions of the US Government in its Statement of Interest.[2]

Importantly, the SDNY Opinion acknowledges that a defendant's particularized conduct, which supports this Court asserting personal jurisdiction over these Defendants in this case pursuant to the PSJVTA and the evidence of which is being sought through the narrow targeted requests articulated in the memoranda supporting Plaintiffs' Motion to Compel in this case, *see* (D.E. 315-1), is not only relevant to assessing whether the PSJVTA statutory requirements are satisfied, but also to the constitutional analysis. *See* SDNY Opinion at 15.

The SDNY Opinion is focused on a constitutional issue which is not ripe in this case. The Defendants' filing presents a one-sided view of an issue which has not been briefed in an effort to sway the Court's decision on the Motion to Compel. Plaintiffs both disagree with the SDNY Opinion and do not believe it to be applicable to this case for many reasons.

Additionally, there are recent decisions which support the conclusion of the US government in its Statement of Interest regarding the constitutionality of the PSJVTA and leave in place the standard that jurisdictional decisions are necessarily made in a case-by-case basis after considering "facts and circumstances unique to each case." *See Cooper Tire & Rubber Co. v. McCall*, 863 S.E.2d 81, 89 (Ga. 2021) (confirming personal jurisdiction over foreign corporation based on enacted state registration statute which confers consent to personal jurisdiction when supported by the breadth of the statute's text

---

[1] Memorandum Opinion and Order, *Klieman v. Palestinian Authority*, 1:04-cv-01173 (D.D.C. filed Dec. 2, 2020) (D.E. 298) (granting jurisdictional discovery to the predicates of the PSJVTA).
[2] Memorandum of Law, *Fuld v. PLO* (S.D.N.Y. filed July 23, 2021) (D.E. 52)

or interpretation). In *Cooper Tire*, the Georgia Supreme Court rejected an argument by a defendant that *Goodyear* nullified the "consent by registration" theory of general jurisdiction formalized by the Supreme Court in *Pennsylvania Fire*[3]. *Id.* at 89-90 ("Unless and until the United States Supreme Court overrules *Pennsylvania Fire,* that federal due process precedent remains binding on this Court and lower federal courts."). There are many different decisions bearing on the issue of constitutionality, including very recent rulings such as *Cooper Tire*, all of which must be briefed against the backdrop of the facts and procedural background of this case before the Court may make conclusions based upon the issue.

To tie the SDNY Opinion to the pending Motion to Compel, Defendants argue that "[a]s recognized in *Fuld,* if the PSJVTA is triggered by the first predicate, there is no need for this Court to decide the applicability of the second predicate." (D.E. 328 at 2). However, the two prongs of the PSJVTA are co-joined by the word "or", 18 U.S.C. § 2334(e)(1)(A)(i), thus either prong may be utilized the satisfy the personal jurisdiction test before the Court.

Accordingly, this Court should compel the Defendants to produce the documents and information sought in the pending Motion to Compel relating to the second prong of the PSJVTA. The parties have been engaged in the jurisdictional discovery process ordered by this Court so that this Court can make a well-reasoned decision based upon the facts and circumstances of this case. When the issue of constitutionality of the PSJVTA comes before the Court the parties will then have an opportunity to fully brief their

---

[3] *Pennsylvania Fire Insurance Co. of Philadelphia v. Gold Issue Mining & Milling Co.*, 243 U. S. 93 (1917).

positions to the Court. The Defendants' assertion that partial briefing of the constitutional issue is helpful at this stage is wrong.

Dated: January 11, 2022                                      Respectfully submitted,

/s/ Tracy Reichman Kalik

Richard D. Heideman (No. 377462)
Noel J. Nudelman (No. 449969)
Tracy Reichman Kalik (No. 462055)
Joseph H. Tipograph (No. 997533)
HEIDEMAN NUDELMAN & KALIK, P.C.
5335 Wisconsin Ave., Suite 440
Washington, DC 20015
Phone: (202) 463-8018
Telefax: 202-463-2999

PERLES LAW FIRM, P.C
Steven R. Perles (No. 326975)
Edward MacAllister (No. 494558)
816 Connecticut Avenue
12th Floor
Washington, DC 20006
Telephone: 202-955-9055
Telefax: 202-955-3806
*Counsel to the Plaintiffs*