UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF ESTHER KLIEMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE PALESTINIAN AUTHORITY, et al., <br><br> Defendants. | Civil Action No. 04-1173 (PLF) |

**THIRD NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

Defendants Palestinian Authority ("PA") and Palestine Liberation Organization ("PLO") (together, "Defendants"), by and through their undersigned counsel, hereby submit the attached decision from *Sokolow v. PLO*, Case No. 04 Civ. 397 (GBD), Dkt. 1054 (S.D.N.Y. Mar. 10, 2022), as supplemental authority in support of their Opposition to Plaintiffs' Motion to Compel [Dkt. 320/321].

In *Sokolow,* Judge Daniels held that the Promoting Security and Justice for Victims of Terrorism Act ("PSJVTA") is unconstitutional and that a "finding that Defendants have impliedly consented to personal jurisdiction based solely on their conduct in violation of the PSJVTA would violate the due process clause of the constitution." *Sokolow,* Dkt. 1054 at 11. Specifically, Judge Daniels' March 10 Memorandum Decision and Order addressed: "(1) whether the factual predicates for application of the PSJVTA have been met; and (2) whether application of the statute is unconstitutional." *Id.* at 1.

As to the first issue, consistent with Defendants' discovery responses in this case, for purposes of briefing the applicability of the PSJVTA in *Sokolow*, Defendants "d[id] not contest

that they made payments triggering the application of the PSJVTA under 18 [U.S.C.] § 2334(e)(1)(A)" – the "Payments Predicate." *Sokolow,* Dkt. 1054 at 5. Defendants, however, did contest Plaintiffs' allegation that the PSJVTA also applied under 18 U.S.C. § 2334(e)(1)(B) – the "U.S. Activity Predicate." *Id.* at 5. The *Sokolow* court held that "[h]aving determined that the PSJVTA applies under 18 U.S.C. 2334(e)(1)(A)(ii), this Court does not reach the issue of whether the factual predicates in" the U.S. Activity Predicate have been satisfied. *Id.* at 8 n.3. With the Payments Predicate satisfied, the *Sokolow* court then addressed the constitutionality of the PSJVTA, concluding that the PSJVTA is unconstitutional. *Id.* at 12.

*Sokolow,* like the earlier decision in *Fuld v. PLO*, No. 20-CV-3374, 2022 U.S. Dist. LEXIS 3102 (S.D.N.Y. Jan. 6, 2022)[1], confirms that Plaintiffs' Motion to Compel [Dkt. 315] should be denied. Specifically, further jurisdictional discovery in this case is futile, because as explained in the *Sokolow* and *Fuld* opinions, the PSJVTA cannot constitutionally supply a basis for personal jurisdiction over Defendants. Moreover, like *Fuld,* the *Sokolow* court found that if the PSJVTA is triggered by the first predicate, there is no need for the court to decide the applicability of the second predicate. *Sokolow,* Dkt. 1054 at 8 n.3. Following the reasoning in *Sokolow* and *Fuld*, there is no reason for further discovery on the U.S. Activity Predicate (which is the subject to Plaintiffs' Motion to Compel), as Plaintiffs cannot demonstrate "what facts additional discovery could produce that would affect [the] jurisdictional analysis." *Mwani v. Bin Laden*, 417 F.3d 1, 17 (D.C. Cir. 2005) (citation omitted).

Plaintiffs have obtained more than sufficient jurisdictional discovery in this case to litigate the PSJVTA factual predicates. The Court should accordingly deny their Motion to Compel.

---

[1] Defendants filed a Second Notice of Supplemental Authority addressing the *Fuld* decision. Dkt. 328.

| | |
|---|---|
| March 11, 2022 | Respectfully submitted, |

                                        */s/ Gassan A. Baloul*
Gassan A. Baloul (DC Bar 1034245)
gassan.baloul@squirepb.com
Mitchell R. Berger (DC Bar 385467)
mitchell.berger@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile:  (202) 457-6315

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2022, I caused a true and correct copy of the foregoing Third Notice of Supplemental Authority on behalf of The Palestinian Authority and Palestine Liberation Organization to be served through the Court's CM/ECF System on all counsel of record in this action.

/s/ *Gassan A. Baloul*
Gassan A. Baloul