UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF ESTHER KLIEMAN, et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>THE PALESTINIAN AUTHORITY, et al.,<br><br>                              Defendants. | Civil Action No. 04-1173 (PLF) |

**FOURTH NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

Defendants Palestinian Authority ("PA") and Palestine Liberation Organization ("PLO") (together, "Defendants"), by and through their undersigned counsel, hereby submit the attached decision from *Shatsky v. PLO,* Case No. 18-cv-12355 (MKV), Dkt. 165 (S.D.N.Y. Mar. 18, 2022), as supplemental authority in support of their Opposition to Plaintiffs' Motion to Compel [Dkt. 320/321].

In *Shatsky,* Judge Vyskocil held that the Promoting Security and Justice for Victims of Terrorism Act ("PSJVTA") is unconstitutional as applied to the PA and PLO and granted Defendants' motion to dismiss for lack of personal jurisdiction. Dkt. 165 at 12. The *Shatsky* court reached this conclusion after permitting jurisdictional discovery concerning the PSJVTA's factual predicates [*Id.* at 6], and notably, the jurisdictional discovery record in *Shatsky* is the exact same jurisdictional discovery that Defendants have produced in this case.

In finding the PSJVTA unconstitutional, the *Shatsky* court followed the "thorough, well-reasoned opinion" of Judge Furman in *Fuld v. PLO*, No. 20-CV-3374, 2022 U.S. Dist. LEXIS

3102 (S.D.N.Y. Jan. 6, 2022)[1] and Judge Daniels' decision on remand in *Sokolow v. PLO,* Case No. 04 Civ. 397 (GBD), Dkt. 1054 (S.D.N.Y. Mar. 10, 2022).[2]  Dkt. 165 at 7.  Plaintiffs here tried to distinguish both decisions on the ground that neither case was based on jurisdictional discovery [Dkt. 329 at 1-2; 331 at 1-2], yet the *Shatsky* court found that "[f]or purposes of Defendants' motion to dismiss for lack of personal jurisdiction, [the *Shatsky*] case is essentially identical to *Fuld* and *Sokolow*."  Dkt. 165 at 8.

As to the factual predicates, the *Shatsky* court found that "the PLO and PA admit that they made payments to the family of the 2002 suicide bomber that the PSJVTA deems consent to personal jurisdiction" but the parties "argue about whether the PLO and PA also meet the PSJVTA's test for consent to jurisdiction based on non-exempt (that is, non-U.N-related) offices and activities in the United States."  Dkt. 165 at 8-9.  The *Shatsky* court agreed with Defendants that "in all events, the factual predicates under the PSJVTA are not sufficient to support the exercise of personal jurisdiction under the Due Process Clause of the Fifth Amendment."  *Id.* at 9.  Thus, the *Shatsky* court did not resolve the parties' dispute as to whether the U.S. Activity Predicate was satisfied, as it determined that the PSJVTA was unconstitutional as applied to the PA and PLO regardless.

Like the earlier decisions in *Fuld* and *Sokolow,* the *Shatsky* decision confirms that Plaintiffs' Motion to Compel [Dkt. 315] should be denied.  Specifically, further jurisdictional discovery in this case is futile, because as explained in all three opinions, the PSJVTA cannot constitutionally supply a basis for personal jurisdiction over Defendants.  Following the reasoning in *Fuld*, *Sokolow* and *Shatsky,* there is no reason for further discovery on the U.S. Activity

---

[1] Defendants filed a Second Notice of Supplemental Authority addressing the *Fuld* decision.  Dkt. 328.
[2] Defendants filed a Third Notice of Supplemental Authority addressing the *Sokolow* decision.  Dkt. 330.

Predicate (which is the subject of Plaintiffs' Motion to Compel).  The Court should accordingly deny Plaintiffs' Motion to Compel.

March 21, 2022

Respectfully submitted,

*/s/ Gassan A. Baloul*
Gassan A. Baloul (DC Bar 1034245)
gassan.baloul@squirepb.com
Mitchell R. Berger (DC Bar 385467)
mitchell.berger@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile:  (202) 457-6315

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2022, I caused a true and correct copy of the foregoing Fourth Notice of Supplemental Authority on behalf of The Palestinian Authority and Palestine Liberation Organization to be served through the Court's CM/ECF System on all counsel of record in this action.

/s/ *Gassan A. Baloul*
Gassan A. Baloul