IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Estate of Esther Klieman, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 04-1173 (PLF) |
| The Palestinian Authority, *et al.*, | ) |
| Defendants. | ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' FOURTH NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

Plaintiffs by and through their undersigned counsel, hereby submit this Response to Defendants' Fourth Notice of Supplemental Authority in Support of Defendants' Opposition to Plaintiffs' Motion to Compel ("Fourth Notice"), (D.E. 333). *Shatsky v. PLO*, Case No. 18 Civ. 12355 (MKV), (S.D.N.Y. Mar. 18, 2022) (D.E. 165) (the "SDNY Opinion") is irrelevant to Plaintiffs' pending Motion to Compel (or "Motion"). The SDNY Opinion completely rests on the *Fuld* and *Sokolow* decisions and does not add new weight to Defendants' arguments in this case. The *Shatsky* court declared that: "this case is essentially identical to *Fuld* and *Sokolow*, the decisions in those cases lay out all of the parties' arguments, and I will not belabor the discussion." *Shatsky v. PLO*, No. 18-cv-12355 (MKV), 2022 U.S. Dist. LEXIS 48721, at *14 (S.D.N.Y. Mar. 18, 2022).

The Defendants' Fourth Notice asserts that the "[t]he *Shatsky* court reached this conclusion after permitting jurisdictional discovery concerning the PSJVTA's factual predicates [*Id.* at 6], and notably, the jurisdictional discovery record in *Shatsky* is the exact

1

same jurisdictional discovery that Defendants have produced in this case." D.E. 333 at 1. But jurisdictional discovery is not over in this case and the jurisdictional discovery being sought by Plaintiffs extends beyond what was produced in *Shatsky*.[1] Thus the *Shatsky* opinion provides compelling support for Plaintiffs' decision to pursue additional discovery under the activities prong of the PSJVTA, which indeed requires a separate discovery process and analysis from the payments prong.

Rather than add anything new to Defendants' one-sided debate on the constitutionality of the PSJVTA, the most recent SDNY Opinion concentrates its analysis on the question of whether the PA and PLO have any due process rights to assert:

> The executive has, in the past, structured relations based on its explicit understanding that *the PLO and PA are not entitled to constitutional protections of any kind*. *See* Constitutionality of Closing the Palestine Information Office, an Affiliate of the Palestine Liberation Organization, 11 Op. O.L.C. 104, 106 (Aug. 14, 1987) ("As noted, the starting point of our analysis is that the PLO itself, as a foreign political entity, has no constitutional rights."). *I think that understanding was correct.*

*Shatsky v. PLO*, No. 18-cv-12355 (MKV), 2022 U.S. Dist. LEXIS 48721, at *20 (S.D.N.Y. Mar. 18, 2022) (emphasis added).

Therefore, this Court should compel the Defendants to produce the documents and information sought in the pending Motion to Compel relating to the activities prong of the PSJVTA. The SDNY Opinion, if it bears on those issues at all, would weigh in favor of further exploration of the activities prong as requested by Plaintiffs. The parties have been

---

[1] Plaintiffs' Motion seeks, for example, financial records/information regarding Defendants' U.S. activities, calendars/activities of Defendants' U.S. based employees, records/information regarding the PA President's activities during trips to the U.S., and records regarding modifications to PA's U.S. activities in response to the PSJVTA. D.E. 315-1, at 2-3. While Plaintiffs believe the constitutional analysis in *Shatsky* is incorrect, these discovery requests would produce additional information that the Shatsky court did not have before it

engaged in the jurisdictional discovery process ordered by this Court, so that this Court can make a well-reasoned decision based upon the facts and circumstances of this case.

Finally, at a later date the parties will have the opportunity for properly briefing the constitutionality of both prongs of the PSJVTA on an appropriately developed factual record. Plaintiffs respectfully suggest that such ordered briefing would assist the Court in making the best decision, as keeping with "the fundamental principle of judicial restraint that courts should neither anticipate a question of constitutional law in advance of the necessity of deciding it nor formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied." *Wash. State Grange v. Wash. State Rep. Party*, 552 US 442, 450 (2008) (citations omitted).

Dated: March 24, 2022                    Respectfully submitted,

                                                                           */s/ Tracy Reichman Kalik*

Richard D. Heideman (No. 377462)
Noel J. Nudelman (No. 449969)
Tracy Reichman Kalik (No. 462055)
Joseph H. Tipograph (No. 997533)
HEIDEMAN NUDELMAN & KALIK, P.C.
5335 Wisconsin Ave., Suite 440
Washington, DC 20015
Phone: (202) 463-1818
Telefax: 202-463-2999

PERLES LAW FIRM, P.C
Steven R. Perles (No. 326975)
Edward MacAllister (No. 494558)
816 Connecticut Avenue
12th Floor
Washington, DC 20006
Telephone: 202-955-9055
Telefax: 202-955-3806
*Counsel to the Plaintiffs*