IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Estate of Esther Klieman, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 04-1173 (PLF) |
| | ) |
| The Palestinian Authority, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' FIFTH NOTICE OF
SUPPLEMENTAL AUTHORITY IN SUPPORT OF
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

COME NOW Plaintiffs, by and through the undersigned counsel, who hereby submit this Response to Defendants' ("PA and PLO") Fifth Notice of Supplemental Authority in Support of Defendants' Opposition to Plaintiffs' Motion to Compel ("Fifth Notice"), (D.E. 335), with the attached brief (Exhibit A) filed by Intervenor-Appellant, United States of America in the matter *Fuld v. Palestine Liberation Organization*, Docket No. 22-76 (L) (filed June 21, 2022), pending in the United States Court of Appeals for the Second Circuit as supplemental authority in support of Plaintiffs' Motion to Compel ([D.E 315/316).

The PA and PLO argue that their Fifth Notice of Supplemental Authority lends further support to their argument that the PSJVTA is unconstitutional, thus "discovery sought in Plaintiffs' Motion to Compel regarding the U.S. Activity Predicate would be futile because even if the predicate were satisfied, . . . the PSJVTA cannot constitutionally supply a basis for personal jurisdiction over Defendants." (D.E. 335 at 2-3). As Plaintiffs have argued in response to each of the PA and PLO's notices of Supplemental Authority wherein the Defendants' have

1

tried to raise the issue of constitutionality to the Court, the constitutionality of the PSJVTA is not an issue before the Court in the Motion to Compel and this issue should be reserved for a later briefing schedule, where it may be more fully addressed.  (*See* D.E. 298).  At a later date the parties will have the opportunity for properly briefing the constitutionality of both prongs of the PSJVTA on an appropriately developed factual record.  Plaintiffs respectfully suggest that such ordered briefing would assist the Court in making the best decision, in keeping with "the fundamental principle of judicial restraint that courts should neither anticipate a question of constitutional law in advance of the necessity of deciding it nor formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied." *Wash. State Grange v. Wash. State Rep. Party*, 552 US 442, 450 (2008) (citations omitted).

  Given the PA and PLO's repeated attempts to sway the Court's adjudication of Plaintiffs' pending motion to compel jurisdictional discovery—wherein the parties did not brief any constitutional issue because it is not ripe at this time—with an irrelevant issue, Plaintiffs wish to alert the Court to the recent views of the United States on the constitutionality issue, which remains unripe in this case at this stage.

  In the brief filed by the Government in *Fuld*, the Government expresses the position of the United States:

> Congress's enactment was in accordance with its broad power to act in the field of foreign affairs, *a power it has repeatedly invoked in addressing the relationship of the United States with the PA and PLO*, and in addressing issues of international terrorism. Given the limits on the deemed consent provisions, the authority of Congress and the Executive Branch in conducting foreign affairs and the deference the courts owe the political branches in that area, and the strong national interest in vindicating the interests of U.S. victims of terrorism and providing them just compensation, *the PSJVTA's deemed consent provisions should be upheld as consistent with due process*.

Exhibit A at 3 (emphasis added).  Defendants have raised this constitutional question in the filing of their First, Second, Third, Fourth and now Fifth Notice of Supplemental Authority, but as stated above the issue remains unripe and unbriefed.  However, ultimately, Plaintiffs assert that the PSJVTA's deemed-consent provisions will be found to be consistent with the Fifth Amendment Due Process Clause's principles of fair play and substantial justice.

Dated: June 28, 2022                                  Respectfully submitted,

*/s/ Tracy Reichman Kalik*
Richard D. Heideman (No. 377462)
Noel J. Nudelman (No. 449969)
Tracy Reichman Kalik (No. 462055)
Joseph H. Tipograph (No. 997533)
HEIDEMAN NUDELMAN & KALIK, P.C.
5335 Wisconsin Ave., Suite 440
Washington, DC 20015
Phone: (202) 463-1818
Telefax: 202-463-2999

PERLES LAW FIRM, P.C
Steven R. Perles (No. 326975)
Edward MacAllister (No. 494558)
816 Connecticut Avenue
12th Floor
Washington, DC 20006
Telephone: 202-955-9055
Telefax: 202-955-3806
*Counsel to the Plaintiffs*