IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Estate of Esther Klieman, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 04-1173 (PLF) |
| ) | |
| The Palestinian Authority, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFFS' THIRD NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL

COME NOW Plaintiffs, by and through the undersigned counsel, who hereby submit this Notice of Supplemental Authority in Support of Plaintiffs' Motion to Compel, (D.E. 315/316), with the attached brief (Exhibit A) filed by Intervenor-Appellant, United States of America in the matter *Waldman v. Palestine Liberation Organization*, Docket No. 15-3135 (L) (filed October 28, 2022), pending in the United States Court of Appeals for the Second Circuit.

As Plaintiffs have argued in response to each of the PA and PLO's notices of Supplemental Authority wherein the Defendants' have tried to raise the issue of constitutionality to the Court, the constitutionality of the PSJVTA is not an issue before the Court in the Motion to Compel and the issue of constitutionality of both prongs should be reserved for a later briefing schedule on an appropriately developed factual and legal record, where it may be more fully addressed. (*See* D.E. 298). Plaintiffs respectfully suggest that such ordered briefing would assist the Court in making the best decision, in keeping with "the fundamental principle of judicial restraint that courts should neither anticipate a question of constitutional law in advance of the necessity of deciding it nor

1

formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied." *Wash. State Grange v. Wash. State Rep. Party*, 552 US 442, 450 (2008) (citations omitted).

However, given the PA and PLO's repeated attempts to sway the Court's adjudication of Plaintiffs' pending motion to compel jurisdictional discovery—wherein the parties did not brief any constitutional issue because it is not ripe at this time—with the issue of constitutionality of the PSJVTA, Plaintiffs wish to alert the Court to the recent views of the United States on the constitutionality issue, which remains unripe in this case at this stage.

The U.S. Government states in its brief filed in *Waldman*:

> Congress's enactment was in accordance with the broad power of the political branches to act in the field of foreign affairs, *a power Congress has repeatedly invoked in addressing issues of international terrorism, including in connection with the relationship between the United States and the PA and PLO*. Given the limits on the deemed-consent provisions, the authority of Congress and the Executive Branch in conducting foreign affairs and the deference the courts owe the political branches in that area, and the strong national interest in vindicating the interests of U.S. victims of terrorism and providing them just compensation, *the PSJVTA's deemed-consent provisions should be upheld as consistent with due process*.

Exhibit A at 13-14; or 2-3 of the brief (emphasis added). Constitutional challenges that threaten to short circuit the democratic process by preventing laws embodying the will of the people from being implemented are disfavored. *Ayotte v. Planned Parenthood of Northern New Eng.*, 546 U.S. 320, 329 (2006). "We must keep in mind that '[a] ruling of unconstitutionality frustrates the intent of the elected representatives of the people.'" *Wash. State Grange*, 552 U.S. 442, 451 (2008) (quoting *Regan v. Time, Inc.*, 468 U.S. 641, 652 (1984) (plurality opinion). Defendants have raised this constitutional question in the filing of their First, Second, Third, Fourth and Fifth Notice of Supplemental Authority, but as stated above the issue remains unripe and unbriefed. However, ultimately, Plaintiffs assert that the PSJVTA's deemed-consent provisions will be found to be

constitutional, consistent with the Fifth Amendment Due Process Clause's principles of fair play and substantial justice, as the United States government has repeatedly and consistently argued in its briefing on these issues.

Dated: November 9, 2022                    Respectfully submitted,

/s/ Tracy Reichman Kalik
Richard D. Heideman (No. 377462)
Noel J. Nudelman (No. 449969)
Tracy Reichman Kalik (No. 462055)
Joseph H. Tipograph (No. 997533)
HEIDEMAN NUDELMAN & KALIK, P.C.
5335 Wisconsin Ave., Suite 440
Washington, DC 20015
Phone: (202) 463-1818
Telefax: 202-463-2999

PERLES LAW FIRM, P.C
Steven R. Perles (No. 326975)
Edward MacAllister (No. 494558)
816 Connecticut Avenue, 12th Floor
Washington, DC 20006
Telephone: 202-955-9055
Telefax: 202-955-3806
*Counsel to the Plaintiffs*