IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Estate of Esther Klieman, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br>v.<br>The Palestinian Authority, *et al.*,<br><br>　　　　　　　　　Defendants. | Civil Action No. 04-1173 (PLF) |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' MEMORANDUM OF LAW WITH POINTS AND AUTHORITIES IN REGARDING THE CONSTITUTIONALITY OF THE PSJVTA**

August 4, 2023

Richard D. Heideman (No. 377462)
Noel J. Nudelman (No. 449969)
Tracy Reichman Kalik (No. 462055)
Joseph H. Tipograph (No. 997533)
HEIDEMAN NUDELMAN & KALIK, P.C.
5335 Wisconsin Ave., Suite 440
Washington, DC 20015
Phone: (202) 463-1818
Telefax: 202-463-2999

PERLES LAW FIRM, P.C
Steven R. Perles (No. 326975)
Edward MacAllister (No. 494558)
816 Connecticut Avenue, 12th Floor
Washington, DC 20006
Telephone: 202-955-9055
Telefax: 202-955-3806
*Counsel to the Plaintiffs*

1

In *Mallory v. Norfolk Southern Railway Co.*, 143 S. Ct. 2028 (2023), the Supreme Court held deemed-consent personal jurisdiction constitutional based upon conduct specified in a statute, *id.* at 2037, even if the defendant's contacts with the state did not otherwise create general or specific jurisdiction. *Id.* at 2033. *Mallory* rejects Defendants' theory that "implied consent or submission cannot be grounded in conduct that would not support a 'jurisdictional finding'", [D.E. 352 at 1, 5-9]. Under Defendants' theory, the consent-manifesting conduct—registration of a business in *Mallory*—"cannot serve as a reasonable proxy for their implied agreement to submit to jurisdiction . . ., because as a matter of due process such conduct has no jurisdictional consequences." *Id.* at 6 (citing *Fuld v. PLO*, 578 F. Supp. 3d 577, 587 (S.D.N.Y. 2022); *Sokolow v. PLO*, 607 F. Supp. 3d 323, 327 (S.D.N.Y. 2022); *Shatsky v. PLO*, 2022 WL 826409, at *4-5 (S.D.N.Y. 2022)). The *Mallory* Court thus knocks out Defendants' principal pillar of support, [D.E. 352 at 3-4, 19-20, 23, 25], by rejecting the basis of the decisions in *Fuld*, 578 F. Supp. 3d at 586 (engaging in conduct supports jurisdiction "only where the defendant's statements or conduct actually signal approval or acceptance"), *Sokolow*, 607 F. Supp. 3d at 327 (U.S.-activities prong relies "heavily on *pre-International Shoe* case law from the nineteenth century that is now obsolete"), and *Shatsky*, 2022 U.S. Dist. LEXIS 48721, *14 ("this case is essentially identical to *Fuld* and *Sokolow*").

The *Mallory* plurality also rejects Defendants' "government benefit" argument, writing that "immediate and serious" "jurisdictional consequences" may flow from conduct "some might dismiss as mere formalities", including "a decision to file a piece of paper there . . . even if all of its operations are located elsewhere and even if its certificate only sits collecting dust on an office

2

shelf for years thereafter" or "the tag rule" which applies "when an individual takes one step off a plane after flying from New Jersey to California . . . ." 143 S. Ct. at 2044 (citations omitted). If "tag jurisdiction" or jurisdiction based upon the filing of articles of incorporation may constitute deemed consent, then Congress may structure deemed consent based upon the behavior described in the PSJVTA, conduct far narrower than Defendants' description of Plaintiffs' and the United States Government's argument: Plaintiffs "assert that 'consent' can be anything that Congress says it is . . . ." [D.E. 352 at 2].

In any event, as Plaintiffs have argued, the PSJVTA conditions jurisdiction on Defendants' acceptance of the benefit of continued presence inside the United States. It is the *Sovereign* that confers the benefit, not the *statute*, as Defendants assume. For example, the Government allows Defendants to make "expenditures" notwithstanding a prior statutory bar.[1] Defendants' U.S.-based notary activities also reflect a benefit. *See Sokolow*, 607 F. Supp. 3d at 326. Even maintaining their UN mission is a gratuity from the United States Government—which has unilateral power to "expel" Defendants or to "determine the conditions under which they may operate" here.[2] UN invitees are "subject to reasonable regulation," 22 U.S.C. § 4309a(a)(1)(B).

If the Court were to give stock to Defendants' "benefit" theory, jurisdictional discovery should be resumed and the Defendants should be compelled to produce the discovery sought by Plaintiffs in their pending Motion to Compel Jurisdictional Discovery.[3] Contrary to Defendants'

---

[1] *Application of Anti-Terrorism Act of 1987 to Diplomatic Visit of Palestinian Delegation*, 46 Op. O.L.C. __, slip op. at 2 (2022).
[2] *See Statutory Restrictions on the PLO's Washington Office*, 42 Op. O.L.C. __, slip op. at 2, 9 (2018).
[3] *See* Motion to Compel, DE 315-1 (D.D.C. filed Sept.30, 2021).

3

misleading assertion that "[t]his Court should follow the unanimous decisions in *Fuld*, *Sokolow*, and *Shatsky* on an identical factual record," [D.E. 352 at 4], Defendants have not disclosed the extent of their use of the U.S. banking system, and the full scope of Defendants' activities in the United States since January 2020 remains a mystery as they have continued to conduct activities since the record closed in *Shatsky*. It would be premature to resolve the statutory jurisdictional issues now based on this novel "benefit" theory without requiring the Defendants to answer the jurisdictional discovery the Plaintiffs have sought, and which this Court previously agreed and ordered. Whether jurisdictional facts exist "is a matter for the District Court to decide after jurisdictional discovery is completed and motions are filed with the benefit of a more complete record." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 679 n.15 (2d Cir. 2013).

Defendants' theory regarding coercion[4] also failed in *Mallory*. The state of Pennsylvania forced the defendant corporation to follow the business registration statute as the price of admission to the state, but the defendant corporation could not argue that Pennsylvania "coerced" this conduct. The defendant knew the price of admission and paid it on a "knowing and voluntary" basis.

Dated: August 4, 2023

Respectfully submitted,

*/s/ Tracy Reichman Kalik*
Richard D. Heideman (No. 377462)
Noel J. Nudelman (No. 449969)
Tracy Reichman Kalik (No. 462055)

---

[4] Defendants argued that the jurisdiction under the PSJVTA is "legislatively-coerced or imposed jurisdiction", [D.E. 352 at 7-9].

Joseph H. Tipograph (No. 997533)
HEIDEMAN NUDELMAN & KALIK, P.C.
5335 Wisconsin Ave., Suite 440
Washington, DC 20015
Phone: (202) 463-1818
Telefax: 202-463-2999

PERLES LAW FIRM, P.C
Steven R. Perles (No. 326975)
Edward MacAllister (No. 494558)
816 Connecticut Avenue, 12th Floor
Washington, DC 20006
Telephone: 202-955-9055
Telefax: 202-955-3806
*Counsel to the Plaintiffs*