# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ESTATE OF ESTHER KLIEMAN**, et al., <br><br> Plaintiffs, <br><br>      v. <br><br> **THE PALESTINIAN AUTHORITY**, et al. <br><br> Defendants. | Case No. 1:04-cv-01173-PLF |

# UNITED STATES OF AMERICA'S SUPPLEMENTAL BRIEF

The United States intervened in this case to defend the constitutionality of the Promoting Security and Justice for Victims of Terrorism Act of 2019's ("PSJVTA") deemed consent provisions. *See generally*, U.S. Br., ECF No. 346. With the Court's leave, ECF No. 355, the United States submits this brief to explain why the Supreme Court's decision in *Mallory v. Norfolk Southern Railway Company*, 143 S. Ct. 2028 (2023), confirms that the PSJVTA's deemed consent provisions are facially constitutional.

In *Mallory*, the Court upheld as consistent with due process a Pennsylvania law providing that a company's registration as a foreign corporation allowed the state courts to exercise "general personal jurisdiction" over it. 143 S.Ct. at 2037 (citing 42 Pa. Cons. Stat. § 5301(a)(2)(i)). The Court found that *Pennsylvania Fire v. Gold Issue Mining & Milling*, 243 U.S. 93 (1917), controlled and that the statute was consistent with due process because (1) "Pennsylvania law is explicit" about what actions will be deemed consent to general personal jurisdiction, (2) defendant Norfolk Southern admitted that it registered as a foreign corporation, and (3) Norfolk Southern conceded that "it understood it would be amenable to suit on any claim" as a result of that registration. *Id.* The statute was constitutional because it gave fair warning that a particular activity would subject companies to jurisdiction, and registering corporations provided knowing and voluntary consent to personal jurisdiction—just like the PSJVTA.

Norfolk Southern claimed that Pennsylvania's law violated the Fourteenth Amendment's Due Process clause, and like Defendants in this case, it argued that a law specifying that certain conduct would be deemed consent to personal jurisdiction is unconstitutional if that same conduct—standing alone—would not suffice to establish specific or general personal jurisdiction. Resp. Br., *Mallory*, 2022 WL 3925010 at **13–15, **20–21; *see* Defs.' Reply re PSJVTA, ECF No. 352, at 5–9. The Supreme Court rejected this argument, distinguishing between personal jurisdiction on the basis of consent and the establishment of general or specific personal jurisdiction in the absence of consent. *Mallory*, 143 S. Ct. at 2039; *id.* at 2048–49 (Alito, J., concurring) (distinguishing between deemed consent and "cases

invol[ing] constitutional limits on jurisdiction over *non-consenting* corporations"); *id.* at 2045 (Jackson, J., concurring) (with deemed consent, "a State can exercise jurisdiction over the defendant consistent with the Due Process Clause, even if our personal-jurisdiction cases would normally preclude the State from subjecting a defendant to its authority under the circumstances presented.").

Like Defendants here, Norfolk Southern also relied on *College Savings Bank* to argue that a statute cannot define what conduct implies consent to personal jurisdiction. Resp. Br., *Mallory v. Norfolk S. Rlwy. Co.*, 2022 WL 3925010 at *12 (citing *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682 (1999)); Defs.' Reply re PSJVTA, ECF No. 352, at 5–9. The Supreme Court rejected that argument as well and squarely held that a statute *could* set out what conduct is deemed consent to personal jurisdiction, even if that same conduct would not otherwise be enough to establish specific or general personal jurisdiction. *Mallory*, 143 S.Ct. at 2043–44; *id.* at 2046 (Jackson, J., concurring); *id.* at 2048–49 (Alito, J., concurring).

A majority in *Mallory* also used a flexible approach to decide when a party knowingly and voluntarily consents. Contrary to Defendants' argument, Defs.' Reply at 7–8, "'[a] variety of legal arrangements have been taken to represent express or implied consent to'" personal jurisdiction consistent with due process," 143 S. Ct. at 2030 n.5; *id.* at 2039 ("consent may be manifested in various ways by word or deed."); *id.* at 2045–46 (Jackson, J., concurring) (consent is valid where consequence was clear and not compelled); *id.* at 2047 (Alito, J., concurring) (consent occurred where defendant "acted with knowledge"). Driving the point home, the Court held that "under our precedents a variety of 'actions of the defendant' that may seem like technicalities nonetheless can 'amount to a legal submission to the jurisdiction of a court.'" *Mallory*, 143 S. Ct. at 2044; *id.* at 2028 (Jackson, J., concurring) (describing many ways to waive personal jurisdiction); *id.* at 2047–48 (Alito, J., concurring) (similar).

*Mallory* also underscores Defendants have failed "*[their] burden* of showing that original and historic understandings of due process foreclose consent statutes" like the PSJVTA. 143 S.Ct. at 2035,

2

n.5. Defendants identify no binding case that makes the distinction they ask the Court here to make—that the PSJVTA's consent provisions violate due process because Defendants get no benefit in exchange for their consent. Defs.' Reply re PSJVTA, at 7. While an acceptance of a benefit can *sometimes* be part of an exchange establishing deemed consent to personal jurisdiction, *Mallory* did not hold that the Due Process Clause requires such an exchange to satisfy due process.

Defendants downplay *Mallory*'s significance, describing the holding as "quite narrow" and largely a plurality opinion. Defs.' Reply re PSJVTA, at 10, n.2. But even Justice Alito, whose opinion is arguably the narrowest, held that exercising personal jurisdiction under the Pennsylvania law did not violate Due Process. *See* 143 S. Ct. at 2046 (Alito, J., concurring in the judgment); *id.* at 2044 n.11 (noting areas of agreement between the plurality opinion and Justice Alito's concurrence). While Justice Alito separately noted his view that "the dormant Commerce Clause" may limit "a State's authority to condition" the "right of an out-of-state corporation to do business in another State," that observation has no application to the federal PSJVTA. *Id.* at 2052 (Alito, J., concurring).

The PSJVTA involves exercising federal judicial authority over non-sovereign foreign entities, who, like Norfolk Southern, can be deemed to have consented to personal jurisdiction based upon a statute that gave fair warning of what activity might subject them to suit. Compared to the statute in *Mallory*, the consent provided under the PSJVTA is narrow, and enacted to further U.S. foreign policy of combatting international terrorism harming U.S. nationals. As relevant here, the Constitution vests the political branches—Congress and the Executive—with responsibilities over foreign relations and authorizes those branches to define the country's relationship with foreign entities, like Defendants in this case. *See* U.S. Br. re PSJVTA, ECF No. 346, at 11–13. The PSJVTA is a constitutional exercise of that power.

For these reasons and those in its original brief, the United States urges the Court to find that the deemed consent provisions of the PSJVTA are facially constitutional.

Dated: August 4, 2023                    Respectfully submitted,

                                                BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

DIANE KELLEHER
Assistant Director

*/s/ Zachary A. Avallone*
ZACHARY A. AVALLONE (Bar No. 1023361)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 514-2705
Fax: (202) 616-8470
Email: zachary.a.avallone@usdoj.gov

*Counsel for Intervenor*
*United States of America*

4

## CERTIFICATE OF SERVICE

      I hereby certify that on August 4, 2023, I electronically filed the foregoing paper with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

                                                            /s/ Zachary A. Avallone

                                                            ZACHARY A. AVALLONE