IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Estate of Esther Klieman, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 04-1173 (PLF) |
| ) | |
| The Palestinian Authority, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

COME NOW Plaintiffs, by and through the undersigned counsel, and hereby submit this Response to Defendants' Notice of Supplemental Authority [D.E. 359] filed August 24, 2023. Defendants' Notice provided this Court with a copy of the Slip Opinion rendered by the District Court of Colorado in the matter of *Levine v. PLO*, Case No. 21-cv-3043 (D. Colo. Aug. 23, 2023), which held that the PSJVTA "deemed consent" provision violates the Due Process Clause and rejected the applicability of the Supreme Court's holding in *Mallory v. Norfolk S. Ry. Co.*, 143 S. Ct. 2028 (2023). *See* D.E. 359, Exhibit A. The *Levine* court and Defendants both employ an incorrect analysis which this Court should find unpersuasive.[1]

First, the *Levine* court focused on an irrelevant fact when it incorrectly tried to distinguish the facts of *Mallory*. The *Levine* court found the *Mallory* defendant's maintenance of an office in Pennsylvania one of the most important facts that contributed to the Supreme Court's upholding of the deemed consent Pennsylvania statute. Slip. Op. at 11 ("In both *Pennsylvania Fire* and

---

[1] This Court is not mandated to follow the erroneous *Levine* decision. *E.g.*, *Nw. Forest Res. Council v. Dombeck*, 107 F.3d 897, 900 (D.C. Cir. 1997) ("Stare decisis does not mandate that a district court in this circuit follow the decision of a district court in another circuit.").

1

*Mallory*, the out-of-state corporation had registered with the respective department of state in order to conduct business and maintained an office within that jurisdiction.").

However, the *Mallory* court did not suggest that defendant's office in Pennsylvania contributed to its finding of "deemed consent", 143 S. Ct. at 2037, rather noting the office in the laundry list of requirements under Pennsylvania's consent statute, with which the defendant complied. Indeed the dissent describes the key components of the majority's holding, which include the steps taken by defendant which were necessary under the state's deemed consent statute:

> All a State must do is compel a corporation to register to conduct business there (as every State does) and enact a law making registration sufficient for suit on any cause (as every State could do). Then, every company doing business in the State is subject to general jurisdiction based on implied "consent"—not contacts.

*Id.* at 2055 (dissent).

In any event, the Defendants in the instant action maintain an office[2] in the United States. Defendants would insist that all conduct connected to the office is official UN business, but that is the subject of the pending jurisdictional discovery sought by Plaintiffs. Therefore, the Court should not rule in Defendants' favor if fact-finding regarding the scope of Defendants' activities or maintenance of an office remains at issue. Defendants have continually argued that "'*[t]he conduct relied upon by Plaintiffs in this case* does not satisfy' the standard for implied consent." D.E. 352 at 28 (quoting D.E. 342 at 36-37). But this argument depends on Defendants' refusal thus far to engage in any jurisdictional discovery, aside from the highly circumscribed document set they choose to produce to Plaintiffs.[3]

---

[2] It is undisputed that Defendants maintain "an office in New York." *Sokolow v. PLO*, 607 F. Supp. 3d 323, 325 (S.D.N.Y. 2022).
[3] Plaintiff filed their Motion to Compel Discovery because Defendants refused to produce any discovery beyond what they had agreed to produce in another case. "Plaintiffs failed to explain why the jurisdictional discovery already produced—which was sufficient to litigate the PSJVTA issues in *Shatsky*—was not equally sufficient to

Second, the *Levine* court quotes from *International Shoe* to suggest that the PSJVTA cannot be constitutional because "the quality and nature of the [Defendants'] activity" is "no contacts, ties, or relations" with the United States. Slip op. 11-12 (quoting *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 319 (1945)). However, *Mallory* concluded that even in light of *International Shoe*, deemed consent statutes remain valid on the basis of longstanding precedents such as *Pennsylvania Fire*, because "all *International Shoe* did was stake out an *additional* road to jurisdiction over out-of-state corporations." 143 S. Ct. at 2039 (plurality); *id.* at 2039 (Alito, J., concurring) ("the *International Shoe* line of cases" all "involve constitutional limits on jurisdiction over *non-consenting* [defendants]"). Thus, it cannot be said that the *Mallory* decision occurred without taking *Int'l Shoe Co.* into account.

The *Levine* court also seemed to express doubt as to whether the PSJVTA could constitutionally confer "the jurisdiction of every federal court in the United States." Slip Op. 12. However, consent under a federal statue *is* consent "to the jurisdiction of every federal court in the United States" if Congress so provides, and that is what Congress has done here.

Finally, the Defendants argue that "[t]he PA and PLO, by contrast, have not accepted any benefits or privileges from the forum and are not analogous to 'out-of-state corporations that have registered to do business.'" D.E. 359 at 2 (quoting Slip. Op. at 12). This is incorrect. The U.S. Government allows Defendants to make "expenditures" notwithstanding a prior statutory bar.[4] Defendants' U.S.-based notary activities also reflect a benefit. *See Sokolow*, 607 F. Supp. 3d 323, 326 (S.D.N.Y. 2022). Even maintaining their UN mission is a gratuity from the United States Government—which has unilateral power to "expel" Defendants or to "determine the conditions

---

litigate the identical issues in this case." Defendants' Opposition to Plaintiffs' Motion to Compel Jurisdictional Discovery, DE 321, at 2 (D.D.C. filed Oct. 14, 2021).
[4] *Application of Anti-Terrorism Act of 1987 to Diplomatic Visit of Palestinian Delegation*, 46 Op. O.L.C. __, slip op. at 2 (2022).

under which they may operate" here.[5] UN invitees are "subject to reasonable regulation," 22 U.S.C. § 4309a(a)(1)(B).

Accordingly, the PSJVTA is constitutional; the Defendants should be ordered to answer Plaintiffs' jurisdictional discovery.

Dated: August 30, 2023             Respectfully submitted,

/s/ Tracy Reichman Kalik
Richard D. Heideman (No. 377462)
Noel J. Nudelman (No. 449969)
Tracy Reichman Kalik (No. 462055)
Joseph H. Tipograph (No. 997533)
HEIDEMAN NUDELMAN & KALIK, P.C.
5335 Wisconsin Ave., Suite 440
Washington, DC 20015
Phone: (202) 463-1818
Telefax: 202-463-2999

PERLES LAW FIRM, P.C
Steven R. Perles (No. 326975)
Edward MacAllister (No. 494558)
816 Connecticut Avenue, 12th Floor
Washington, DC 20006
Telephone: 202-955-9055
Telefax: 202-955-3806
*Counsel to the Plaintiffs*

---

[5] *See Statutory Restrictions on the PLO's Washington Office*, 42 Op. O.L.C. __, slip op. at 2, 9 (2018).