IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Estate of Esther Klieman, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 04-1173 (PLF) |
| The Palestinian Authority, *et al.*, | ) |
| Defendants. | ) |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs hereby submit this Response to Defendants' Notice of Supplemental Authority, D.E. 362, filed September 8, 2023. Defendants' Notice provided this Court with a copy of the Slip Opinion rendered in the matter of *Fuld v. PLO*, Case No. 22-cv-76 (2d. Cir. Sep. 8, 2023), and *Waldman v. PLO*, Case No. 15-cv-3135 (2d. Cir. Sep. 8, 2023). However, *Fuld* and *Waldman* ruled on a record different from this case, where Plaintiffs have jurisdictional discovery pending regarding both the "martyrs" prong and the activities prong of the PSJVTA. And even if these new decisions were correctly decided, they do not account for the lawful ongoing activities of the PA and PLO in the United States.

Regarding the Martyrs Payment prong, *Fuld* ruled "[t]his specific non-litigation conduct cannot reasonably be understood as signaling the defendants' agreement to submit to the United States courts." Slip Op. 33. Plaintiffs in this case have acquired evidence through discovery that the PA and PLO are directly paying Esther Klieman's murderers, which qualifies as martyr payments under the PSJVTA. DE 350, at 33 (D.D.C. filed June 7, 2023). Thus, there is a direct connection between the PA and PLO's conduct, occurring before, during, and after the passage of the PSJVTA and this case. Furthermore, Plaintiffs have served Defendants with Requests for Production of Documents, *see* Plaintiffs' Reply re: Motion

1

to Compel, DE 325, at 3-4 (D.D.C. filed October 21, 2021), which would examine any financial transfers through the United States connected to PA programs, including the martyr payments to Esther's killers.

Regarding the Activities Prong, Plaintiffs have sought discovery on the scale of Defendants' activities in the United States, lawful or unlawful, but Defendants refused to cooperate, leading to Plaintiffs' pending Motion to Compel.[1] These pending requests pertain to: Defendants' relevant financial records, calendars of Defendants' U.S.-based employees, the U.S. activities and travel of Palestinian Authority President Mahmoud Abbas, any instructions given on or after May 17, 2018 to any natural or legal person to limit U.S. activities, Defendants' communications with media outlets, activities and/or labor performed by Defendants' U.S.-based employees, and a more complete response regarding some U.S.-based activities that Defendants admitted to engaging in after January 4, 2020. *See* DE 316-1, at 6-7 (D.D.C. filed Oct. 1, 2021). In this case, additional discovery is warranted because it would affect the Court's jurisdictional analysis. *See e.g.*, *Livnat v. Palestinian Auth.*, 851 F.3d 45, 57-58 (D.C. Cir. 2017).

Additionally, the *Fuld* decision is incorrect regarding its acceptance of a government benefit analysis. *Fuld* found "the statute does not provide the PLO or the PA with any" the benefit or permission of conducting "activity while physically present in the United States", Slip Op. 35, and "the defendants are statutorily barred from conducting activities in the United States." Slip Op. 36 n.10. Defendants' known activities in the United States include:

> defendants (1) used an office maintained in the United States, namely their UN Permanent Observer Mission in New York City, for purposes other than official UN business, and (2) engaged in various activities on their own behalf while in the

---

[1] "Defendants' responses remain deficient to Initial RQPD Nos. 19-24, 32-35, 39-42, and 45-49, Initial ROG Nos. 9-11, Initial RFAs Nos. 21-25, and 46-50. Defendants have also yet to respond to any of Plaintiffs' supplemental discovery requests." Plaintiffs' Motion to Compel, *Klieman v. PA*, 1:04-cv-01173, DE 315-1, at 6 (D.D.C. filed Sept. 30, 2021).

United States, including providing consular services, holding press conferences, and publishing various online and print materials designed to influence American foreign policy.

Slip Op. 16-17. 22 U.S.C. § 5202, which prohibits the PLO from operating an office in the United States without a waiver, permits the distribution of "informational material" and the Defendants engage in such conduct but the *Fuld* opinion ignores this activity and the PSJVTA is grounded upon the continued allowance of such activity by the United States

The failure to account for this activity also clouds the *Fuld* court's analysis of *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, which held: "[i]n any event, we think where the constitutionally guaranteed protection of the States' sovereign immunity is involved, the point of coercion is automatically passed -- and the voluntariness of waiver destroyed -- when what is attached to the refusal to waive is the exclusion of the State from otherwise lawful activity." 527 U.S. 666, 687 (1999). If the Defendants wished to escape the ambit of the PSJVTA, then they should have ceased engaging in martyr payments to Esther's killers or the activity described above. But conduct authorized under 22 U.S.C. § 5202 is not "otherwise lawful activity", any such activity which the United States allows foreign entities (such as defendants) is a result of the absolute sovereign's right to protect its citizens.

Accordingly, the PSJVTA is constitutional on its face. Should the Court disagree; the Defendants should be ordered to answer Plaintiffs' jurisdictional discovery which is precisely focused on jurisdictional questions.

Dated: September 19, 2023            Respectfully submitted,

                                     /s/ Tracy Reichman Kalik
                                     Richard D. Heideman (No. 377462)
                                     Noel J. Nudelman (No. 449969)
                                     Tracy Reichman Kalik (No. 462055)
                                     Joseph H. Tipograph (No. 997533)
                                     HEIDEMAN NUDELMAN & KALIK, P.C.

5335 Wisconsin Ave., Suite 440
Washington, DC 20015
Phone: (202) 463-1818
Telefax: 202-463-2999

PERLES LAW FIRM, P.C
Steven R. Perles (No. 326975)
Edward MacAllister (No. 494558)
816 Connecticut Avenue, 12th Floor
Washington, DC 20006
Telephone: 202-955-9055
Telefax: 202-955-3806
*Counsel to the Plaintiffs*