IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF ESTHER KLIEMAN, et al., | )<br>)<br>) |
| Plaintiffs, | )    Civil Action No. 04-1173 (PLF)<br>) |
| v. | )<br>) |
| THE PALESTINIAN AUTHORITY, et al., | )<br>) |
| Defendants. | )<br>) |

## JOINT STATUS REPORT

COME NOW the Parties, by and through counsel, and in accordance with the Court's May 16, 2025 Minute Order requesting that within 14 days of the Supreme Court's decision in *Fuld v. Palestine Liberation Organization*, Nos. 24-20 & 24-151, the Parties submit a joint status report to provide the Court with a proposed schedule as to any supplemental briefing required as a result of the Supreme Court's decision in *Fuld*.

**Procedural Background**

On March 3, 2015, this Court granted Defendants' motion for reconsideration of its prior interlocutory orders addressing personal jurisdiction and dismissed Defendants from the case for lack of personal jurisdiction. ECF No. 284. Thereafter, Plaintiffs appealed, and the U.S. Court of Appeals for the District of Columbia Circuit affirmed that dismissal, *Klieman v. Palestinian Auth.*, 923 F.3d 1115 (D.C. Cir. 2019). The Supreme Court then vacated and remanded for reconsideration in light of the Promoting Security and Justice for Victims of Terrorism Act of 2019 (PSJVTA), Pub. L. No. 116-94, 18 U.S.C. § 2334(e). The D.C. Circuit then remanded the case back to this Court

for consideration of the constitutionality of the PSJVTA and otherwise reinstated its original decision. *Klieman v. Palestinian Auth.,* Case No. 15-7034, Judgment, Doc No. 1857056 (D.C. Cir. Aug. 18, 2020).

After the Parties engaged in jurisdictional discovery, this Court ordered briefing on the constitutionality of the PSJVTA, which the Parties completed. Then, on December 6, 2024, the Supreme Court granted the petitions for writ of certiorari in *Fuld v. Palestine Liberation Organization*, No. 24-20 & 24-151, on the issue of the constitutionality of the PSJVTA. On June 20, 2025, the Supreme Court issued its Opinion in *Fuld*, a copy of which is attached. The Supreme Court held that the PSJVTA provides for personal jurisdiction over the PA and PLO consistent with the due process clause of the Fifth Amendment to the Constitution.

**Plaintiffs Position Statement**

When Defendants filed their motion for reconsideration in 2014, the Parties were nearing completion of factual discovery but expert discovery had not yet been scheduled. *See e.g.*, ECF 91 at 2 ("The parties agree that expert discovery should take place after the conclusion of fact discovery. As a result, it is premature to decide the details of expert discovery at this time. Magistrate Judge Facciola will do so at an appropriate time."). When Defendants filed their Motion for Reconsideration, there were pending fact discovery issues. *See e.g.*, ECF No. 226. Thus, engaging in dispositive motion practice at this time as the Defendants suggest would be premature and the caselaw cited by the PA and PLO does not say otherwise. *Shatsky v. Palestine Liberation Org.*, does not call for a different outcome as the parties there had already agreed to a schedule for briefing of a summary judgment motion. No. CV 02-2280 (RJL), 2013 WL 12438035, at *2 (D.D.C. Nov. 19, 2013) ("the parties filed a Joint Motion for Entry of an Order Setting a Briefing Schedule for Motions for Summary Judgment [Dkt. # 246], 'represent[ing] that just cause exists at this time' for setting such a schedule.")

Plaintiffs in this case obviously do not agree that such briefing is appropriate. And *Merit Motors, Inc. v. Chrysler Corp.*, affirmed a ruling for summary judgment despite a countervailing, but flawed, expert report. 569 F.2d 666, 673 (D.C. Cir. 1977) ("To hold that Rule 703 prevents a court from granting summary judgment against a party who relies solely on an expert's opinion that has no more basis in or out of the record than Staelin's theoretical speculations would seriously undermine the policies of Rule 56."). In this case, the parties have not even begun expert discovery.

Defendants cite to further cases regarding Rule 56(d) and the utility of expert opinions in the context of summary judgment briefing, which Plaintiffs will respond to should the Parties' proposed meet and confer fail to resolve their disagreement about how to proceed.

Plaintiffs believe that at this time, given the long delay—since 2014 to 2025—in completing the factual discovery ordered by the Court and given that expert discovery has yet to commence, the Parties should take the next 60 days to meet and confer regarding fact discovery and expert discovery. Plaintiffs therefore request 60 days to further meet and confer to see if they can agree on the procedural status of this matter and a corresponding schedule to propose to the Court. The parties will update the Court by further status report as soon as they agree upon a schedule or as soon as they reach an impasse.

### **Defendants' Position Statement**

Defendants have advised Plaintiffs that, in light of the decision in *Fuld* and the full merits discovery record developed in this case before it was dismissed for lack of jurisdiction, Defendants plan to move for summary judgment on the merits and, to facilitate such disposition, will not contest jurisdiction under the PSJVTA or venue in this matter.

When the Court granted Defendants' motion for reconsideration in 2015, the case was poised for summary judgment proceedings. The Parties had served and responded to written discovery, produced documents, and taken depositions. In fact, after numerous extensions, fact discovery had concluded on April 15, 2013. *See* ECF No. 190 (noting also that, as of 2013, this "case [was] in its "eighth year of active litigation" and the discovery completion deadline had been "extended numerous times"). The magistrate judge, solely "in an abundance of caution … and in an exercise of [his] discretion and desire to bring discovery in this matter to a close, … ask[ed] defendants to deem" a single document request as having a broader scope than written. ECF No. 226 at 6. At Defendants' request, this Court extended the deadline for Defendants' objections to the magistrate judge's order pending resolution of the motion for reconsideration that resulted in dismissal of this case for lack of jurisdiction. *See* Minute Order of Sept. 4, 2014.

Given this background, the most efficient path forward is for Defendants to move for summary judgment. The magistrate judge's January 6, 2014 Order (ECF 226) was expressly an exercise of "discretion" in "an abundance of caution", and Defendants in any event were prepared to object to it. Now, more than a decade later, that order (and objections to it) should not serve as a roadblock to a prompt motion for summary judgment. Instead, the appropriate procedure is for Defendants to move for summary judgment, in response to which Plaintiffs can attempt to satisfy this Circuit's three-part test for additional discovery under Fed. R. Civ. P. 56(d). *See United States ex rel. Folliard v. Gov't Acquisitions, Inc.*, 764 F.3d 19, 26-27 (D.C. Cir. 2014) (requiring an "affidavit" showing "(1) the particular facts [the non-movant] intends to discover and describe why those facts are necessary to the litigation, (2) … why [the non-movant] could not produce the facts in opposition to the motion for summary judgment… and (3) … the information is in fact discoverable") (cleaned up); *see also Shatsky v. Palestine Liberation Organization*, No. CV 02-

2280 (RJL), 2013 WL 12438035, at *4 (D.D.C. Nov. 19, 2013)(noting, in another protracted case involving lengthy discovery from these same Defendants, that the proper procedure was to allow a motion for summary judgment, after which plaintiffs could attempt to satisfy Rule 56(d) "to show … that it lacks facts essential to justify its opposition and to request additional time or discovery") (cleaned up).

Nor can Plaintiffs' apparent desire to pursue expert discovery derail Defendants' plan to move for summary judgment, given that expert opinion testimony generally cannot create a triable issue of fact.  *See Merit Motors, Inc. v. Chrysler Corp.,* 569 F.2d 666, 673 (D.C. Cir. 1977); *see also New York State Ophthalmological Soc. v. Bowen*, 854 F.2d 1379, 1391 (D.C. Cir. 1988) (finding appellants had not created genuine issue of material fact "since they offer only unsupported expert opinion"); *Mulrain v. Donovan*, 900 F. Supp. 2d 62, 69 (D.D.C. 2012) (finding "opinions of plaintiff's expert . . ., even if correct, do not create any triable issues of fact in this case."), *aff'd sub nom. Mulrain v. Castro*, 760 F.3d 77 (D.C. Cir. 2014); *Hargraves v. D.C.,* 134 F. Supp. 3d 68, 92 (D.D.C. 2015) ("the proffered expert's opinion fails to create any genuine dispute of material fact"); *Wannall v. Honeywell Int'l, Inc.*, 292 F.R.D. 26, 38-40, 43 (D.D.C. 2013) (finding expert opinions and testimony "insufficient to create a genuine issue of material fact"), *aff'd sub nom. Wannall v. Honeywell, Inc.,* 775 F.3d 425 (D.C. Cir. 2014).

This principle applies with even greater force to the type of ultimate issue "expert" testimony regularly proffered against these Defendants, which the law of this Circuit excludes as unreliable and insufficient to create a triable issue of fact.  *Gilmore v. Palestinian Interim Self-Government Authority*, 843 F.3d 958, 972-73 (D.C. Cir. 2016).

Finally, it is telling that Plaintiffs' effort to use expert discovery as a roadblock relies on a June 20, 2008 scheduling order (ECF No. 91) that set a March 31, 2009 discovery completion date

(*id.* at 1)—long before the magistrate judge's January 16, 2014 order concluding that the time had come to "bring discovery in this matter to a close."  ECF No. 226, at 6.

Given Defendants' disagreement with Plaintiffs about the procedural posture of this case, Defendants are willing to agree to Plaintiffs' request for 60 days to further meet and confer to see if they can agree on procedures for next steps in this matter and a corresponding schedule to propose to the Court.  Defendants further agree to update the Court by further status report as soon as the Parties agree upon a schedule or as soon as they reach an impasse.

July 7, 2025                                              Respectfully Submitted,


                                                          HEIDEMAN NUDELMAN & KALIK P.C.

                                                          5335 Wisconsin Avenue, Suite 440
                                                          Washington, DC  20015
                                                          Telephone:  202-463-1818
                                                          Telefax:  202-463-2999
                                                          Email:  rdheideman@hlnklaw.com

                                                          By__/s/ *Noel. J. Nudelman* (with permission)_____
                                                                  Richard D. Heideman (No. 377462)
                                                                  Noel J. Nudelman (No. 449969)
                                                                  Tracy Reichman Kalik (No. 462055)

                                                          PERLES LAW FIRM, P.C.
                                                          Steven R. Perles
                                                          Edward B. MacAllister
                                                          816 Connecticut Ave., N.W.
                                                          12th Floor
                                                          Washington, D.C. 20036
                                                          (202) 955-9055


                                                          Counsel for Plaintiffs

**SQUIRE PATTON BOGGS (US) LLP**

By: /s/ *Gassan A. Baloul*
Gassan A. Baloul
gassan.baloul@squirepb.com
Mitchell R. Berger
mitchell.berger@squirepb.com
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile:  (202) 457-6315

*Attorneys for Defendants*