IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ESTATE OF ESTHER KLIEMAN, et al., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 04-1173 (PLF) |
| v. | ) ) ) | |
| THE PALESTINIAN AUTHORITY, et al., | ) ) | |
| Defendants. | ) ) | |

## JOINT STATUS REPORT

COME NOW the Parties, by and through counsel, and in accordance with the Court's July 7, 2025 Order (ECF 372) requiring the parties to file on August 6, 2025 a joint status report with separate position statements as the parties were unable to agree on a joint submission.

**Procedural Background**

On July 7, 2025 the Parties filed a joint status report describing their respective positions after the Supreme Court's ruling in *Fuld v. Palestine Liberation Organization*, No. 24-20 & 24-151, on June 20, 2025. The Court consequently ordered the Parties to file this report proposing the next steps for the litigation with a briefing schedule for any anticipated motions and indicating "in the joint status report what effect, if any, the parties' proposed next steps have on plaintiffs' pending Motion to Compel Jurisdictional Discovery from the Defendants [Dkt. No. 315]."

The parties disagree on the next steps for the litigation, and accordingly, each provides their own Position Statement below.

**Plaintiffs' Position Statement**

When Defendants filed their January 17, 2014 motion for reconsideration of the Court's prior interlocutory orders addressing personal jurisdiction (ECF 230), the Parties were nearing completion of factual discovery, but expert discovery had not yet been scheduled. *See e.g.*, ECF 91 at 2 ("The parties agree that expert discovery should take place after the conclusion of fact discovery. As a result, it is premature to decide the details of expert discovery at this time. Magistrate Judge Facciola will do so at an appropriate time."). Also, when Defendants filed their motion for reconsideration, there were pending fact discovery issues. *See e.g.*, ECF No. 226, ECF No. 238. The Defendants have advised the Plaintiffs that they intend to argue to the Court that dispositive motion practice should begin now and that all discovery practice had been concluded. Plaintiffs disagree.

Plaintiffs contend that dispositive motion practice at this time as the Defendants suggest would be premature. Not only are there outstanding factual discovery matters to be completed, but there has been no exchange of expert discovery as ordered by the Court.

Regarding expert discovery, the Court ordered,

> The parties agree that expert discovery should take place after the conclusion of fact discovery. As a result, it is premature to decide the details of expert discovery at this time.

ECF 91, ¶6.

Further, the Court ordered that,

> Dispositive motions shall be filed within 60 days after the close of fact **and expert** discovery…

ECF 91, ¶7. (emphasis added).

Plaintiffs contend that Defendants should be required to respond to all pending factual discovery and that after the completion of fact discovery, expert discovery should commence as the Court ordered. (ECF 91). Only after both fact discovery and expert discovery are completed should dispositive motion practice be commenced, as the Court ordered. (ECF 91).

The Plaintiffs have proposed to the Defendant that by August 22, 2025 the parties will each file with the Court a memorandum as the status of the outstanding factual discovery. Thus, engaging in dispositive motion practice at this time as the Defendants suggest would be premature and the caselaw cited by the PA and PLO does not say otherwise. *Shatsky v. Palestine Liberation Org.*, does not call for a different outcome as the parties there had already agreed to a schedule for briefing of a summary judgment motion. No. CV 02-2280 (RJL), 2013 WL 12438035, at *2 (D.D.C. Nov. 19, 2013) ("the parties filed a Joint Motion for Entry of an Order Setting a Briefing Schedule for Motions for Summary Judgment [Dkt. # 246], 'represent[ing]that just cause exists at this time' for setting such a schedule."). Plaintiffs in this case obviously do not agree that such briefing is appropriate. And *Merit Motors, Inc. v. Chrysler Corp.*, affirmed a ruling for summary judgment despite a countervailing, but flawed, expert report. 569 F.2d 666, 673 (D.C. Cir. 1977) ("To hold that Rule 703 prevents a court from granting summary judgment against a party who relies solely on an expert's opinion that has no more basis in or out of the record than Staelin's theoretical speculations would seriously undermine the policies of Rule 56."). Once all factual discovery is completed, then per the Court's Scheduling Order (ECF 91), expert discovery will commence, with the following schedule: 60 days after the completion of fact discovery the parties will designate their experts with initial expert reports; the parties will then have 90 days to complete expert discovery, including depositions of any designated experts. The Defendants have rejected

this proposal.

The Court also requested an update regarding the potential mootness of the pending motion to compel jurisdictional discovery of facts and matters relevant under the PSJVTA, (ECF 315). ECF 315 is now moot because the Defendants have advised, without condition, they will not challenge personal jurisdiction or venue of this matter in this Court under the PSJVTA, although they have not confirmed whether they will challenge its applicability to this particular case.

The Defendants are arguing their Motion for Summary Judgment in this Status Report, which is not ripe. Only after the completion of fact discovery and expert discovery, and once a full record is complete, will the Plaintiffs respond to the dispositive issues the Defendants raise in their Statement below.

Moreover, as the parties both acknowledge, ten years have passed since the merits of the case were last before the Court. Additional factual discovery may be now available and relevant, and the Defendants should be required to produce any supplemental disclosures and responses in accordance with Fed.R.Civ.P. 26(e) and/or certify that there is no new responsive discovery.

**Defendants' Position Statement**

A.     **The Case Should Proceed to Summary Judgment.**

This case was filed over 21 years ago. When the Court granted Defendants' motion for reconsideration on jurisdiction in 2015, the case was poised for summary judgment proceedings. Indeed, fact discovery had concluded in April of 2013, nearly two years before the Court granted Defendants' motion for reconsideration. While Plaintiffs are pressing for more fact discovery and expert disclosures, the most efficient path forward now is for the Court to set a briefing schedule for summary judgment. As explained below, Plaintiffs' arguments for additional fact discovery

and expert disclosures can, and should, be addressed in the context of summary judgment proceedings under the standards set forth in Federal Rule of Civil Procedure 56(d). Defendants therefore respectfully request that the Court allow Defendants to file their motion for summary judgment within 90 days after entry of an order on this status report.

As anticipated in the Court's July 7, 2025 Order, Plaintiffs' motion to compel additional jurisdictional discovery is moot because Defendants have represented that, to facilitate their proposed motion for summary judgment, they "will not contest jurisdiction under the PSJVTA or venue in this matter." ECF No. 371 at 3. All pending disputes over jurisdictional discovery relate solely to PSJVTA jurisdiction. However, the PSJVTA provides personal jurisdiction only for "any civil action under section 2333 of this title"—i.e., only for actions brought under the Antiterrorism Act of 1991, 18 U.S.C. § 2331 *et seq.* ("ATA"). *See* 18 U.S.C. 2334(e)(1). Accordingly, Plaintiffs' eight non-federal claims (Counts 2-9) should be dismissed for lack of supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) if Plaintiffs' ATA claim (Count 1)—the sole federal claim—is dismissed on summary judgment.

Finally, because this case is proceeding forward on the merits, Plaintiffs' wholly duplicative action in *Klieman v. Palestinian Authority*, No. 18-cv-03013-PLF (D.D.C. filed Nov. 20, 2018), should be dismissed. There is no reason that it should remain pending or stayed. Defendants will therefore request that it be dismissed in a separate status report to be submitted by the Parties pursuant to the Court's July 7, 2025 Minute Order in that case.

**B.  Plaintiffs' Discovery and Expert Requests Should Be Resolved Consistent with Rule 56.**

As to non-jurisdictional discovery, at the time that the Court granted Defendants' motion for reconsideration in 2015, the Parties had served and responded to written discovery, produced documents, and taken depositions. In fact, after numerous extensions, fact discovery had

concluded on April 15, 2013. *See* ECF No. 190 (noting also that, as of 2013, this "case [was] in its "eighth year of active litigation" and the discovery completion deadline had been "extended numerous times").

Plaintiffs point to discovery ordered under the magistrate judge's January 6, 2014 order (ECF No. 226), but that discovery does not present a roadblock to proceeding to summary judgment. First, in that January 6, 2014 order, the magistrate judge, solely "in an abundance of caution … and in an exercise of [his] discretion and desire to bring discovery in this matter to a close, … ask[ed] defendants to deem" a single document request as having a broader scope than written. ECF No. 226 at 6. As broadened, responsive documents were "all documents in [Defendants'] possession, custody, or control, which discuss any payments to families of persons denominated as martyrs and include the words 'Al Aqsa'." *Id.*

However, the magistrate judge stayed the production of any discovery required by the January 6, 2014 order until after the Court ruled on Defendants' pending motion to reconsider dismissal for lack of personal jurisdiction (s*ee* Minute Order of Aug. 25, 2014) and, at Defendants' request, this Court also extended the deadline for Defendants' objections to the magistrate judge's order pending resolution of the motion for reconsideration, which ultimately resulted in dismissal of this case for lack of jurisdiction. *See* Minute Order of Sept. 4, 2014. This Court has therefore not addressed the merits of the January 16, 2014 order, and to the extent that Plaintiffs are pressing for that discovery now, the Court should reassess the need for the documents in the context of Federal Rule of Civil Procedure 56(d).

More than a decade has now passed since the magistrate judge's 2014 "abundance of caution" discovery ruling. During that lengthy interval, both the substantive law and the discovery standard have changed in dramatic ways that render the documents at issue in the magistrate

- 6 -

judge's order irrelevant to liability under the ATA. First, substantive ATA law now requires a discernible nexus between the defendant's allegedly facilitative actions and the terrorist attack that injured the plaintiffs. Second, under the 2015 amendments to Fed. R. Civ. P. 26, the discovery standard now ties directly to the liability standard by allowing discovery only when information is "relevant to a[] party's claim or defense and proportional to the needs of the case." The documents at issue in the magistrate judge's 2014 order satisfy neither the substantive law nor the discovery standard.

As to ATA law, Plaintiffs assert a single ATA claim that substantively sounds in secondary liability, alleging that the third parties who committed the terrorist attack at issue did so with "the encouragement, behest and/or permission of" the PA and PLO. Compl. (ECF No. 1) ¶ 52. Under the Justice Against Sponsors of Terrorism Act ("JASTA"), 18 U.S.C. § 2333 (d)(2), enacted in September 2016—more than 12 years after Plaintiffs filed their Complaint—Congress provided secondary liability for aiding and abetting a terrorist attack. Plaintiffs' ATA claim substantively asserts aiding-and-abetting liability. *See, e.g.*, Compl. ¶ 48 (Defendants "aided, abetted, authorized, ratified, encouraged, permitted and participated in those acts."); *id.* ¶ 59 ("By reason and solely as a result of the acts of international terrorism and the aiding and abetting of those acts of international terrorism committed by Defendants, and each of them, Esther KLIEMAN was murdered").

In *Twitter, Inc. v. Taamneh*, 598 U.S. 471, 504 (2023), the Supreme Court held that JASTA aiding-and-abetting liability requires the defendant's "participation in another's wrongdoing that is both significant and culpable enough to justify attributing the principal wrongdoing to the aider and abettor." It is not enough "that a defendant have given substantial assistance to a transcendent 'enterprise' separate from and floating above all the actionable wrongs that constitute it. Rather,

a defendant must have aided and abetted (by knowingly providing substantial assistance) another person in the commission of the actionable wrong—here, an act of international terrorism." *Id.* at 495; *accord Ashley v. Deutsche Bank Aktiengesellschaft*, -- 4th --, 2025 WL 2025448, at *11 (2d Cir. July 21, 2025) ("Even with SCB's general awareness of its indirect role in the Syndicate's bombmaking operations, the complaint does not allege that SCB consciously or culpably sought to make the Syndicate's bombings succeed."); *see also Amazon Servs. LLC. v. U.S. Dep't of Agric.*, 109 F. 4th 573, 580-81 (D.C. Cir. 2024) (adopting *Taamneh* standard for aiding-and-abetting liability generally).

Under these substantive standards, "all documents in [Defendants'] possession, custody, or control, which discuss any payments to families of persons denominated as martyrs and include the words 'Al Aqsa'" are irrelevant to aiding-and-abetting liability because they have no discernible nexus to the attack at issue in this case. Nor are those documents relevant to Plaintiffs' nominal original ATA liability theory that the PA and PLO provided "material support" to the attack at issue in violation of 18 U.S.C. § 2339A. A claim under 18 U.S.C. § 2339A requires that Defendants "must have known or intended that [their] support would be used in preparation for, or in carrying out" a specified terrorist attack. *See Ahmad v. Christian Friends of Israeli Cmtys.*, 2014 WL 1796322, at *3 (S.D.N.Y. May 5, 2014). Plaintiffs rightly do not argue that any of the requested martyr files bear on this demanding state-of-mind requirement, which is unique to ATA civil actions predicated on Section 2339A. Moreover, if such records concern other terrorist attacks unrelated to these Plaintiffs, then they cannot be relevant to liability under 18 U.S.C. § 2339A here because Plaintiffs could not show the required proximate-cause connection to the attack that injured them. *Ofisi v. BNP Paribas, S.A.*, 77 F.4th 667, 678-79 (D.C. Cir. 2023) (affirming dismissal of § 2339A claim because complaint failed to plausibly allege "that *any*

money passed from BNPP's financial support of Sudan to al-Qaeda in preparation for the embassy bombings"). At bottom, there is no showing that "martyr" files that simply mention "Al Aqsa" have anything to do with the terrorist attack at issue here—let alone that they show that Defendants knew or intended that their support would be used to prepare for, or carry out, the attack on Esther Klieman.

Tellingly, in 2013, Plaintiffs argued for discovery of these martyr files because, according to Plaintiffs, if "Defendants provided Fatah/the Al Aqsa Martyrs Brigade with material support or resources prior to the Klieman attack the Defendants will be liable under § 2333 of the ATA." ECF No. 204-1 at 4; *see also* ECF No. 232 at 19 ("The Defendants' own records for Mr. Murar and others clearly goes to the heart of proving that Al Aqsa was the military wing of Fatah and that the Defendants provided material support or resources prior to the terrorist attack, which resulted in the murder of Esther Klieman."). That position was not a correct statement of liability under 18 U.S.C. § 2339A even in 2013, and it certainly is not a correct statement now. Nor, as shown, are those martyr files relevant to JASTA liability on the theory that they might show generalized support of terrorism unrelated to the terrorist attack at issue here.

Apart from those files' irrelevance as a matter of substantive law, they are not discoverable under the relevance-and-proportionality standard adopted by amended Fed. R. Civ. P. 26(b) in 2015, after the magistrate judge's 2014 order. Federal Rule of Civil Procedure 26(b)(1) was amended to "restore[] the proportionality factors to their original place in defining the scope of discovery." Fed. R. Civ. P. 26(b)(1) advisory committee note to 2015 amendment. Specifically, those factors address the problems of "over discovery" and ensure that discovery is proportional to the needs of the case. *Id.* Those proportionality factors must now be considered with respect to the discovery ordered by the magistrate judge in 2014. Importantly, Defendants previously

submitted a declaration detailing the immense burden the discovery covered by the 2014 order would place on Defendants in terms of time, personnel, and logistics. ECF No. 230-4 ¶¶ 24-26. This enormous burden must now be considered as part of the proportionality inquiry, and is even more compelling given how aiding and abetting claims have developed under the ATA.

The Court, of course, could reconsider these issues in the context of Defendant's Fed. R. Civ. P. 72 objections to the magistrate judge's 2014 discovery order. However, given the long duration of this case, Defendants respectfully submit that the appropriate procedure is for Defendants to move for summary judgment, in response to which Plaintiffs can attempt to show that martyr files for individuals unrelated to the attack at issue here satisfy this Circuit's three-part test for additional discovery under Fed. R. Civ. P. 56(d). *See United States ex rel. Folliard v. Gov't Acquisitions, Inc.*, 764 F.3d 19, 26-27 (D.C. Cir. 2014) (requiring an "affidavit" showing "(1) the particular facts [the non-movant] intends to discover and describe why those facts are necessary to the litigation, (2) … why [the non-movant] could not produce the facts in opposition to the motion for summary judgment … and (3) … the information is in fact discoverable") (cleaned up); *see also Shatsky v. Palestine Liberation Org.*, No. CV 02-2280 (RJL), 2013 WL 12438035, at *4 (D.D.C. Nov. 19, 2013) (noting, in another protracted case involving lengthy discovery from these same Defendants, that the proper procedure was to allow a motion for summary judgment, after which plaintiffs could attempt to satisfy Rule 56(d) "to show … that it lacks facts essential to justify its opposition and to request additional time or discovery") (cleaned up). For the reasons shown above, Defendants respectfully submit that Plaintiffs cannot make this showing, and that this case accordingly is ripe for summary judgment on the fulsome discovery record already developed in this case.

Nor can Plaintiffs' apparent desire to pursue expert discovery derail Defendants' plan to move for summary judgment, given that expert opinion testimony alone cannot create a triable issue of fact. *See Merit Motors, Inc. v. Chrysler Corp.,* 569 F.2d 666, 673 (D.C. Cir. 1977); *see also N.Y. State Ophthalmological Soc. v. Bowen*, 854 F.2d 1379, 1391 (D.C. Cir. 1988) (finding appellants had not created genuine issue of material fact "since they offer only unsupported expert opinion"); *United States v. Google LLC*, 687 F. Supp. 3d 48, 80 (D.D.C. 2023) ("Plaintiffs cannot survive summary judgment on [their expert's] unsupported opinions alone."); *Marzorati v. MedStar-Georgetown Med. Ctr., Inc.*, No. CV 16-2161 (RDM), 2019 WL 1696794, at *5 (D.D.C. Apr. 17, 2019) (finding that an "expert report is insufficient to create a genuine dispute of material fact"); *Rardon v. Holland*, LP, 279 F. Supp. 3d 93, 97 (D.D.C. 2017) ("In this Circuit, a party cannot create a fact issue to avoid summary judgment by offering an expert opinion that is not supported by a proper foundation.").

This principle applies with even greater force to the type of ultimate issue "expert" testimony regularly proffered against these Defendants, which the law of this Circuit excludes as unreliable and insufficient to create a triable issue of fact. *Gilmore v. Palestinian Interim Self-Gov't Auth.*, 843 F.3d 958, 972-73 (D.C. Cir. 2016).[1]

---

[1] If the Court grants summary judgment on Plaintiffs' ATA claim, it can either decline to exercise jurisdiction over Plaintiffs' state law claims, or hold that Plaintiffs cannot pursue them as a matter of law. *See* 28 U.S.C. § 1367(c)(3); *Kyle v. Bedlion*, 177 F. Supp. 3d 380, 400 (D.D.C. 2016) (granting summary judgment on federal claim and declining to exercise supplemental jurisdiction over state law claims, noting that the "D.C. Circuit ha[s] cautioned that the Court has 'an obligation to exercise its discretion to remand' state law claims 'once the federal question, like Elvis, ha[s] left the building'") (quoting *Araya v. JP Morgan Chase Bank, N.A.,* 775 F.3d 409, 418-19 (D.C. Cir. 2014)); *see also Shatsky v. Palestine Liberation Org.*, No. CV 02-2280 (RJL), 2017 WL 2666111, at *10 (D.D.C. Jun 20, 2017), ("Thus, because the PLO and the PA are unincorporated associations that 'lack legal capacity to be sued, they are entitled to judgment as a matter of law' on plaintiffs' common law tort claims.") (citations omitted), *rev'd on other grounds*, 955 F.3d 1016 (D.C. Cir. 2020).

Defendants respectfully submit that the Court should set a briefing schedule allowing Defendants to file their proposed motion for summary judgment within 90 days of its order on this status report and should require Plaintiffs to satisfy Fed. R. Civ. P. 56(d) if they seek additional discovery before the Court rules on summary judgment.

#   #   #   #   #

August 6, 2025                                  Respectfully Submitted,


                                    HEIDEMAN NUDELMAN & KALIK P.C.

5335 Wisconsin Avenue, Suite 440
Washington, DC  20015
Telephone:  202-463-1818
Telefax:  202-463-2999
Email:  rdheideman@hlnklaw.com

By  /s/ Noel J. Nudelman (with permission)
      Richard D. Heideman (No. 377462)
      Noel J. Nudelman (No. 449969)
      Tracy Reichman Kalik (No. 462055)

PERLES LAW FIRM, P.C.
Steven R. Perles
Edward B. MacAllister
816 Connecticut Ave., N.W.
12th Floor
Washington, D.C. 20036
(202) 955-9055


Counsel for Plaintiffs

**SQUIRE PATTON BOGGS (US) LLP**

*/s/ Gassan A. Baloul*
Gassan A. Baloul
gassan.baloul@squirepb.com
Mitchell R. Berger
mitchell.berger@squirepb.com
2550 M Street, N.W.
Washington, D.C. 20037
Telephone: (202) 457-6000
Facsimile:  (202) 457-6315

*Attorneys for Defendants*