UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ESTATE OF ESTHER KLIEMAN, et al., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 04-1173 (PLF) |
| v. | ) ) ) | |
| THE PALESTINIAN AUTHORITY, et al., | ) ) ) | |
| Defendants. | ) ) | |

**MOTION TO SUBSTITUTE PARTY FOR DECEASED PLAINTIFF GAVRIEL KLEIMAN**

COME NOW Plaintiffs, by and through the undersigned counsel, and hereby respectfully move this Honorable Court pursuant to Fed. R. Civ. P. 25(a) to substitute a successor representative in place of Gavriel Klieman who has died since the filing of the complaint pursuant to the Suggestion of Death filed with the Court on February 25, 2026 (D.E. 381). In accordance with L.R.Civ.P. 7(m), on February 25, 2026, counsel for Plaintiffs requested the consent of the Defendants on the substance of this Motion and the Defendants have not responded to Plaintiffs' request for their consent.

1. Fed.R.Civ. P. 25(a) provides if a party dies, the Court may order the substitution of the party with the decedent's successors and/or representatives.  The D.C. Circuit has explained that under Rule 25(a), any distributee of a distributed estate is a "proper party" for substitution as a successor, even if that distributee was not appointed as representative. *Sinito v. United States Department of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999) ("The distributee of a decedent's estate may be a 'successor' of an estate that has been distributed and thus can be a proper party."); *see also McSurely v. McClellan*,

1

753 F.2d 88, 99 (D.C. Cir. 1985), *Rende v. Kay*, 415 F.2d 983, 986 (D.C. Cir. 1969) ("the 1963 amendments 'adding the word 'successor' to the rule means that a proper party need not necessarily be the appointed executor or administrator of the deceased party's estate.'").

2. During the pendency of this litigation, Gavriel Klieman, a Plaintiff named in the Complaint died.

3. As explained in the expert Declaration of Michael Deborin, Gavriel Klieman's estate exists in accordance with Israeli law.[1] See **Exhibit 1**.

4. Plaintiff's request that Nachman and Ruchama Klieman be substituted on behalf of deceased Plaintiff, Gavriel Klieman.

5. On July 5, 2009, Gavriel Klieman, a plaintiff in his individual capacity passed away in Jerusalem, Israel. A copy of the Death Certificate is attached hereto as **Exhibit 2**.

6. On October 25, 2009, an Inheritance Order was issued by Ministry of Israel where Nachman and Ruchama Klieman were each named as 50% heirs of Gavriel Klieman's estate. See **Exhibit 3**.

7. Pursuant to §55 Israeli Succession Law, where no administrator or representative has been appointed to act on behalf of an estate, the legal heirs shall have the sole authority

---

[1] This Court has previously recognized Michael Deborin as an expert on Israeli inheritance law, wills, and family law in this matter. Mr. Deborin was also recognized as an expert in *Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379, 398 (D.D.C. 2015). In *Roth,* this Court also ruled that it may rely on Israeli statutory law to provide that a deceased tort victim's right to recover for injuries suffered during life passes to his or her estate. *Roth*. This Court held that as Malka Roth's estate existed under Israeli law; that the Certificate of Inheritance issued by an Israeli government official established the existence of the estate; and that the heirs of the estate identified in the Certificate of Inheritance had standing to pursue a civil action on behalf of a deceased victim. *Id*. *See also* Civil Wrongs Ordinance (New Version) § 19, 5728–1968, 2 LSI (New Version) 5 (1972) as amended (Isr.). Mr. Deborin was also accepted as an expert on Israeli Inheritance Law in the consolidated matter of *Baxter et al. v. Iran, et al*. C.A. 11-CV-2133-RCL (D.D.C.)

to settle claims of the estate and to distribute the assets of the estate without the need for court approval or further order. Ex.1, Michael Deborin Expert Decl.

8. Accordingly, Nachman Klieman and Ruchama Klieman have full authority to act on behalf of Gavriel Klieman's estate including pursuing all legal actions on his behalf in any court of law.

WHEREFORE, for the reasons set forth above, Plaintiff respectfully request that the Court substitute and/or replace Nachman and Ruchama Klieman as the representatives and/or successors to Plaintiff Gavriel Klieman, as plaintiff in place of the late Gavriel Klieman.

Dated: February 27, 2026                                  Respectfully submitted,

HEIDEMAN NUDELMAN & KALIK, PC
5335 Wisconsin Avenue NW, Suite 440
Washington, DC 20015
Telephone: 202-463-1818
Telefax: 202-463-2999

By: */s/ Tracy Reichman Kalik*
    Richard D. Heideman (No. 377462)
    Noel J. Nudelman (No. 449969)
    Tracy Reichman Kalik (No. 462055)
    Joseph Tipograph (No. 997533)